```
                         UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

_____
                              :
ERIC HINES,                   :
                              :
        Plaintiff,            :   Civ. No. 17-2864 (NLH)
                              :
    v.                        :   OPINION
                              :
GARY M. LANIGAN,              :
                              :
        Defendant.            :
_____:
```

APPEARANCES:
Eric Hines
663508
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Plaintiff Pro se


HILLMAN, District Judge

　　　Plaintiff Eric Hines, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey at the time of filing, seeks to bring this civil action in forma pauperis, without prepayment of fees or security.

Complaint

　　　At the outset, the Court notes that Plaintiff has not submitted a complaint. Though he submitted a cover letter, copies of several grievances and an application to proceed in forma pauperis, he has failed to submit a complaint. As a result, the Court will administratively terminate this action.

If Plaintiff wishes to proceed with this civil action, he must submit a complaint which states his grounds for relief. Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 8 (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[]").

Application to Proceed In Forma Pauperis

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil

2

action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his filing that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous

or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, though Plaintiff submitted a six month account statement, that statement was not certified by an appropriate prison official. 28 U.S.C. § 1915(a)(2). However, in a certification and attached copies of inmate grievances he filed at the prison, Plaintiff suggests that prison officials have refused to provide him with a certified statement. Though

4

Plaintiff has generally certified that prison officials are ignoring his requests, the Court will require more precise information.  Specifically, Plaintiff must provide a certification specifying the names and titles of authorized prison officials whom he approached with requests for a certified copy of his account statement for the six month period immediately preceding the filing of the Complaint; the dates of these requests; and the reasons these authorized prison officials gave to Plaintiff in connection with their decisions to decline his requests.  Upon being presented with Plaintiff's certification to that effect, this Court would be in the position to determine whether it should excuse Plaintiff's failure to obtain an authorized prison official's signature, or whether the Court should conduct an additional inquiry into this matter.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the submitted papers or assessing a filing fee.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases

5

Plaintiff will be granted leave to apply to re-open within 45 days.  An appropriate Order follows.

Dated: May 5, 2017               s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).