GARY M. LANIGAN - KNOW OR SHOULD HAVE KNOWN HIS FAILER TO ACT OR INSTITUTE RULES AND REGULATION, OR INSTITUTE RULES AND PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY HAS VIOLATED CONSTITUTIONAL RIGHTS.

1. FAILER TO MAKE CELL OR ROOM IN RAHWAY STATE PRISON, HANDICAP ACCESSIBLE ACCORDING AMERICANS WITH DISABILITY ACT, AND RECEIVING FEDERAL GRANTS IS A BREACH OF DUTY, BREACH OF CONTRACT, AND VIOLATION FEDERAL LEGISLATION INTENT.

2. ON JUNE 7, 2015 I WAS ORDERED INTO 3-WING CELL 151 IN RAHWAY STATE PRISON, UTILIZING A FOLDING WALKER, ROOM WASN'T HANDICAP ACCESSIBLE, NO HAND RAILING, PUTTING INMATE IN UNREASONABLE RISK OF HARM, WHICH CAUSE INMATE TO FALL IMJURYING RIGHT SHOULDER REQUIRING A OPERATION. WAS GROSS & WANTON NEGLIGENCE, DUE CARE, AND VIOLATION OF TITLE II OF THE ADA AND REHABILITATION ACT.

3. HAZARD CONDITION CAUSED PHYSICAL INJURY BECAUSE OF THESE ALSO VIOLATED EIGHTH AMENDMENT BY FAILING TO FOLLOW THE LAW INSURING, STANDARD ESTABLISHED BY LAW FOR PROTECTION OF OTHERS AGAINST UNREASONABLE RISK OF HARM. RESULTING IN EMOTION AND MENTAL INJURY.

4. FAIL TO TRAIN AND SUPERVISE TO INCLUDE ADMINISTRATOR, ASSOCIATE ADMINISTRATOR, AND ASSISTANT SUPERINTENDENTS TO HONOR PRISON LITIGATION REFORM ACT GUARANTEEING FIRST AMENDMENT RIGHT TO GOVERNMENT REDRESS TO GRIEVANCE, OR REMEDY INQUIRE, NOTING THE RESPONSIBILITIES OF COORDINATOR OF THE INMATE REMEDY SYSTEM 10A: 1-4.8 APPOINTED BY ADMINISTRATOR AND 10A: 1-4.6 MAINTAINING ADMINISTRATIVE APPEAL AND TO ENSURE TIMELY RESPONSE AND RETAIN-

GARY M. LANIGAN - PAGE #2 : EXHIBIT # A3 MEMORANDUM

ING FORMS RECORDS IN ACCORDANCE WITH THE RECORD RETENTION SCHED-
ULE APPROVED BY THE DEPARTMENT OF CORRECTIONS. SEE: MEMORANDUM
DATE: NOVEMBER 6, 2014 WITH "COMMISSIONER HEAD" FROM HIS SERVANT
PATRICK A. NOGEN, ADMINISTRATOR WHO INFORMED INMATE ON JAN-
UARY 21, 2015 THAT MEMORANDUM WON'T BE HONORED AND STATING
ADMINISTRATIVE APPEAL WOULDN'T BE ADDRESSED BECAUSE HE HAS
NOTHING TO DO WITH MEDICAL ISSUES. VIOLATE'S FIRST AMENDMENT RIGHT

5. DISCRIMINATION AGAINST INMATE WITH DISABILITY AT SOUTH WOODS
STATE PRISON CELL OR ROOMS NOT HANDICAP ACCESSIBLE, AND NOT BEING AFFORD-
ED SERVICES OR PARTICIPATION IN PROGRAMS OR ACTIVITIES DEALING WITH LEVEL
IN AD-SEGREGATION, T.V. WORD PROCESSER BECAUSE I'M IN WHEELCHAIR
VIOLATES TITLE II OF THE ADA AND THE REHABILITATION ACT.

6. FAILURE TO PROVIDE ADEQUATE STAFF CONCERNING, INMATE INQUIRY
AND ADMINISTRATIVE APPEAL TO MAINTAIN POLICIES THAT MAKES ADEQUATE
RESPONSE WHICH VARIOUS POLICIES AND PRACTICES CONTRIBUTED TO
SYSTEM-WIDE CONSTITUTIONAL VIOLATIONS.

7. EXHIBIT A-3-1 LETTER TO COMMISSIONER.

EXHIBIT A-3





CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

*State of New Jersey*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

JOHN J. HOFFMAN
*Acting Attorney General*

JEFFREY S. JACOBSON
*Director*

November 7, 2014

Joseph H. Orlando, Clerk
Superior Court of New Jersey
Appellate Division
Richard J. Hughes Justice Complex
P.O. Box 006
Trenton, New Jersey 08625

Re:  Eric Hines v. Department of Corrections
     Docket No. A-446-13T4
     Motion No. M-1484-14

     Civil Action: On Appeal from a Final Decision of the
     Department of Corrections

     Letter of Respondent in Opposition to Appellant's
     Motion

Dear Mr. Orlando:

Please accept this letter on behalf of the Respondent
Department of Corrections' in response to the Motion for an
order of contempt and to compel.

Appellant, Eric Hines, is an inmate currently incarcerated at
East Jersey State Prison in Rahway, New Jersey.  Hines filed a
notice of appeal dated September 20, 2013, alleging that the
Department of Corrections has failed to adequately treat his
diabetic feet by providing him with the proper footwear.

Hines filed an Inmate Remedy Form, ("IRF"), dated June 30, 2013, complaining about the lack of medical care he received with regard to his sneakers. On July 8, 2013, his complaint was forwarded by the Department to the Regional Medical Director for review and action. Hines appealed this decision to the Administrator of the facility on July 16, 2013, stating that despite his complaints, the medical provider failed to resolve the issues. Additionally, on July 18, 2013, the Department responded by stating, "sneakers can be purchased on commissary."

On June 16, 2014, a motion for remand was filed on behalf of the Department of Corrections, in that the facility should not have directed Hines to the commissary for his medical issue. The Department of Corrections does not provide medical services or give medical advice. These services are contracted out to UMDNJ/Rutgers. The Court granted our motion for remand.

Hines has apparently not received the medical services or the sneakers he is seeking, as evidenced by his motion for an order of contempt and to compel. The Court has directed that the Department of Corrections respond to the motion.

Inmates in the Department's facilities have processes through which inmates can receive medical care. A prescription for medical sneakers would come under the category of medical services. An inmate fills out a medical request form which is taken to the medical providers who schedule an appointment for the inmate to be

seen by a medical provider. When the inmate is scheduled to see the medical provider, he or she is taken to the medical unit by the Department's corrections officer.

Since Hines has not received the medical services from the provider directly from Hines' interactions with them, the Department has done a new remand response to Hines, and is directing that he get the medical services. (Please see attached Memorandum, dated November 6, 2014.). In this way, the Department can ensure that Hines is seen by the proper medical providers and, if so determined by the medical providers, receives medical sneakers.

Since the Department is taking actions on Hines' behalf to ensure that he receives medical care provided by the entity contracted to perform those service, and since the Department has not been the party who failed to provide medical services, we would ask that the Court deny Hines' motion charging Respondent with contempt of Court and deem his motion to compel moot.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By: _____

Randy Miller
Deputy Attorney General

C: Kathy A. Kuhn, File Case Manager
Eric Hines #663508/SBI#146993B
East Jersey State Prison

ExHiBiT A-2



## State of New Jersey
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

GARY M. LANIGAN
*Commissioner*

### MEMORANDUM

*TO:*       Eric Hines, #663508 / 146993B
            4 Down 1 Tier Bed 04

*FROM:*     Mr. Patrick A. Nogan, Administrator
            East Jersey State Prison

*DATE:*     November 6, 2014

*SUBJECT:*  **Eric Hines v. New Jersey Department of Corrections**
            **Docket No. A-000446-13T4**
            **Motion No. M-008517-13 – Motion for Remand**
                              **Medical Sneakers**

I have examined the particulars of your request for medical sneakers. Please be advised that your request will be submitted to the East Jersey Sate Prison Medical Department for evaluation by a Doctor. If deemed necessary, the Medical Provider will refer you for evaluation at the Cocco Prosthetic Clinic. Your request will be forward to the East Jersey State Prison Medical Department for scheduling, by way of this remand.

cc:   Randy Miler, Deputy Attorney General
         Corrections & State Police
         Deputy Attorney General
         New Jersey Division of Law
         Karin M. Burke, Esq., Assistant Director
         Office of Regulatory and Legal Affairs

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*



## State of New Jersey
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

GARY M. LANIGAN
*Commissioner*

October 17, 2016

Eric Hines #146993B
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302

Dear Mr. Hines:

Your recent correspondence to Commissioner Lanigan has been received by this office.

I have taken the liberty of forwarding your correspondence to the Special Investigations Division for their review and any action they may deem appropriate.

Sincerely,

Cindy Ford, Coordinator
Central Office Correspondence Unit
Division of Operations

CF:gl

C: Special Investigations Division
   File

EXHIBIT A-3-1

Eric Hines #663508/1443903?
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302


Cindy Ford, Coordinator
Inmate Correspondence Unit
Division of Operations
State of New Jersey
Department of Corrections
Whittlesey Road
P.O. Box 863
Trenton, NJ 08625-0863


Dear Ms. Ford,

Please be advised arbitrary and capricious decision are being allowed to run rampant by Sgt. Waters morning officer Tuesday – Saturday. A number of complaints have been lodged against said officer to Internal Affair, Inmate Inquiry and Administrator Pearl, suspicion and moves have been made but to no avail.

On numerous occasion reports were made to Sgt. Pard and Lt. Taylor about her degrading commit. Sgt. Waters is aware I'm in a wheelchair but was discussing my medical condition around inmates.

But said officer stated it's not her problem, that I'm in a wheelchair. And that catheter as well as diapers are the medical supplies prescribe to me. I've been assigned to a four man room because of medical issues, last month I put a curtain up to change the diaper Sgt. Waters started banging on the window for me to take it down. I tried to explain that do to three guys in the room and other inmates looking though the glass.

Watching me change a catheter or diaper was very degrading, as well as a private medical problem. Also because I have to pull my pants down before I can grab the handicap railing to pull myself up. Having everything exposed to the world, I stopped doing anything on her shift. On 7/12/2015 I tried to explain to Sgt. Waters that do to medical problems, I needed to put a curtain or something up for a few minute do to a rash that could became an infection. This request was refusal and Sgt. Waters stated go to PCH then.

I need to clear myself this is borderline PREA, please look into said matter, she also stated if complaint about this to said Department I would be moved. These action will be taken as a form of retaliation. Thanking you for all of your help in advance.

cc: family
    file                                            Eric Hines

PATRICK A. NOGAN - KNOW OR SHOULD HAVE KNOWN HIS FAILER TO ACT OR IN-
STITUTE RULES AND REGULATION, OR INSTITUTE RULES AND PRINCIPLES
OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY VIOLATED
CONSTITUTIONAL RIGHTS.

1. FAILER TO MAKE CELL OR FACILITY IN RAHWAY STATE PRISON. HANDICAP
ACCESSIBLE ACCORDING WITH AMERICANS WITH DISABILITY REFORM ACT,
AND RECEIVING FEDERAL GRANTS IS A BREACH OF DUTY, BREACH OF
CONTRACT, IS A VIOLATION OF FEDERAL LEGISLATION INTENT.

2. ON JUNE 7, 2015 I WAS ORDERED INTO 3-WING CELL 151 IN RAHWAY
PRISON, UTILIZING A FOLDING WALKER THAT COULDN'T BE DEPLOYED
IN CELL ABIDING AND IMPEDE INMATE MOVEMENTS, ROOM WASN'T
HANDICAP ACCESSIBLE, NO HAND RAILING, PUTTING INMATE IN UNREA-
SONABLE RISK OF HARM, WHICH CAUSE INMATE TO FALL INJURYING
RIGHT SHOULDER REQUIRING OPERATION, WAS GROSS + WANTON NEGLI-
GENCE, DUE CARE, VIOLATION OF TITLE OF THE ADA AND REHABILITA-
TION ACT.

3. DO TO DEPARTMENT OF CORRECTION NEGLIGENCE RESULTING IN OPERA-
TION BY DR. MILLER, RESULTING IN MALPRACTICE AND NEED FOR A SEC-
OND OPERATION. THIS NEGLIGENCE OF PHYSICAL INJURY WITH EMOTION
AND MENTAL INJURY REFUSE TO LET DR. MILLER OPERATE AGAIN.

4. HAZARD CONDITION WHICH HAS CAUSED PHYSICAL INJURY ARE EIGHTH
AMENDMENT VIOLATION BY FAILING TO FOLLOW THE LAW INSURING,
STANDARD ESTABLISHED BY LAW FOR PROTECTION OF OTHERS AGAINST
UNREASONABLE RISK OF HARM. RESULTING IN EMOTION AND MENTAL
INJURY.

5. FAIL TO TRAIN AND SUPERVISE STAFF, INCLUDING ASS. ADMINISTRATOR, AND
ASS. SUPERINTENDENTS TO HONOR PRISON LITIGATION REFORM ACT.
GUARANTEEING FIRST AMENDMENT RIGHT TO GOVERNMENT REDRESS TO
GRIEVANCE, OR REMEDY INQUIRES. NOTING THE RESPONSIBILITIES OF COOR-

PATRICK A. NOGAN "PAGE #2

DINATOR OF THE INMATE REMEDY SYSTEM 10A: 1-4.8 APPOINTED BY
ADMINISTRATOR AND 10A: 1-4-6. MAINTAINING ADMINISTRATIVE APPEAL
AND TO ENSURE TIMELY RESPONSE AND RETAINING FORMS IN ACCOR-
DANCE WITH THE RECORD RETENTION SCHEDULED APPROVED BY THE
DEPARTMENT OF CORRECTION WHICH VIOLATED SEE: EXHIBIT #A-1 DATED
8/01/2014 WHICH SHOWS CASE NUMBER 14-08-0002 FOR TRACKING BUT
GOVERNMENT REDRESS WASN'T FORTHCOMING ALLOW COORDINATOR TO
VIOLATE DUTYS. WERE ON NOVEMBER 6. 2014 MEMORANDUM WITH
"COMMISSIONER HEADING" FROM HIS SERVANT MR. NOGAN. ADMINISTRATOR
WHO INFORMED INMATE ON JANUARY 21. 2015 DURING ROUNDS ON 4DU-
1-4 WING AT 3:15 P.M "PLEASE SEE: PINK COPY OF ADMINISTRATIVE APPEAL. EX-
HIBIT #A-2" STATING "THAT MEMORANDUM WON'T BE HONORED AND STAT-
ING ADMINISTRATIVE APPEAL WOULDN'T BE ADDRESSED BECAUSE HE HAS
NOTHING TO DO WITH MEDICAL ISSUE'S. VIOLATING FIRST AMENDMENT
RIGHT TO REDRESS. ALSO SEE EXHIBIT #A-3 MEMORANDUM

ExHiBiT #A-1

01

ExHiBiT #A-1

Date: 08/01/2014 12:33

Inmate Name and #: HINES - 146993B
Location: EJSP-4 DOWN-1 TIER-BED 01

Dear Requestor:
The Inmate Remedy Coordinator has received your Inmate Grievance Form dated 08/01/2014.

Your IGF has been assigned case number 14-08-0002 for tracking purposes.

D. THIRD DEFENDANTS NAME ___MR. BONDS___

OFFICIAL POSITION: ___ADMINISTRATOR___

PLACE OF EMPLOYMENT: SOUTH WOODS STATE PRISON, 215 BURLINGTON RD
BRIDGETON, NEW JERSEY 08302

VIOLATION OF TITLE OF THE ADA AND THE REHABILITATION ACT, BREACH OF
DUTY, WANTON NEGLIGENCE FAILURE TO TRAIN OR SUPERVISE STAFF AND OFF-
ICERS, EIGHTH AMENDMENT VIOLATION, FAILURE TO ADHERE WITH LEGISLATIVE
LAWS MADE FACILITY HANDICAP ACCESSIBLE WHEN RECEIVING FEDERAL
GRANT MONEY, CAUSING PHYSICAL, EMOTION, MENTAL INJURY DO TO
NEGLIGENCE, DISCRIMINATION AGAINST ADA INMATE IN WHEELCHAIR
IN SEGREGATION, VIOLATION OF FIRST AMENDMENT RIGHT TO REDRESS
FAILURE TO TRAIN, SUPERVISE, REMEDY SYSTEM COORDINATOR ON
LEGAL DUTY, MR. BONDS BREACH DUTY, BY NOT ADDRESSING ADMINISTRATOR
APPEALS INDIVIDUAL AND WORK CAPACITY

MR. BONDS - KNOW OR SHOULD HAVE KNOWN FAILER TO ACT OR INSTITUTE RULES AND REGULATION, OR INSTITUTE RULES AND PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY, HAS VIOLATED INMATE CONSTITUTIONAL RIGHTS.

1. FAIL TO TRAIN AND PROPERLY SUPERVISE SUBORDINATES, AND RESPONSI-BILITIES OF COORDINATOR OF THE INMATE REMEDY SYSTEM 10A:1-4-8 AND ADMINISTRATIVE APPEAL 10A:1-4.6 TO HONOR PRISON LITIGATION REFORM ACT GUARANTEEING INMATE INQUIRYS AND ADMINISTRATIVE APPEALS ARE PROPERLY EXHAUSTION OF ADMINISTRATIVE REMEDIES. FAILURE OF A PRISON OFFICIAL TO ALLOW GRIEVANCE TO BE RAISED AT THE ADMINISTR-ATIVE LEVEL PROHIBITS GOVERNMENT REDRESS VIOLATING FIRST AMEND-MENT RIGHT, TO ENSURE TIMELY RESPONSE AND RETAINING FORMS RE-CORD IN ACCORDANCE WITH THE RECORD RETENTION SCHEDULE APPROVED BY THE DEPARTMENT OF CORRECTIONS. ESPECIALLY SENSE ADMINISTRA-TOR APPOINTS THE COORDINATOR. HOUSED IN ACSU C-POD CELL 1026, WERE THE FOLLOWING NJ DOC INMATE INQUIRY FORM HAVE BEEN SUBMITTED: 12/18/16 MAILROOM PROPERTY SGT., 12/23/16 CONCERNING DR. MILLER MALPRACTICE AND NEGLIGENCE ON 12/29/16 4P JENNIFER FAIRSTEAD PRESENTED INMATE INQUIRY FORM DATED 12/23/16 "STATING, "STOP COM-PLAINING ABOUT YOU SHOULDER YOU REFUSED DR. MILLERS SECOND OPERATION, SO I'M STOPPING YOUR PAIN MEDICATION." NOW EITHER SUFFER IN PAIN, OR HAVE THE SECOND OPERATION." 60 DAYS HAVE PASS NO REDRESS: 12/29/16 DETAILING 4P JENNIFER FAIRSTEAD THREATS, 1/10/17 CONCERNING MEDICAL BOOTS + SNEAKER, 1/23/17 CONCERNING INMATE INQUIRY COORDINATOR CORRECTIVE SHEET INFORMING ME TO PUT GRIEVANCE FORM/INMATE INQUIRY COMPLAINTS ON 4DOC, HEALTH SERVICE REQUEST FORM AND BOX (MR-007) WERE I BEEN CHARGED OVER $75 DOLLARS FOR CHRONIC CARE, RENEW MEDICATION, REQUESTING RESULT OF CAT SCAN, OR SHOULDER FOLLOW-UP SEE: EXHIBIT #A-4 REDIRECTION FORM, ALSO 1/23/17 INQUIRY I WASN'T CONSULTED THAT CAT SCAN WAS WARRANT FOR CHEST, 1/26/17 ADMINISTRATIVE APPEAL CON-CERNING ADMINISTRATIVE VIOLATION. ITS MARCH 15, 2017 CONFIRMS VIOLATION AT THE TOP FIRST AMENDMENT RIGHT VIOLATION PLRA ACCORDING TO LAW.

MR. BONDS "PAGE #2"

COORDINATOR OF INMATE INQUIRY SYSTEM, AND ADMINISTRATIVE APPEAL
RESPONSIBILITIES HAVE FALLING BY THE WASTE SIDE CONFIRMING
A BREACH OF DUTY," HOLDING THAT REMEDY BECOMES UNAVILABLE TO
INMATE IF PRISON OFFICIAL AND PRISON EMPLOYEES DO NOT RESPOND
TO A PROPERLY FILED GRIEVANCE, OR OTHERWISE USE OF AFFIRMATIVE
MISCONDUCT ████ PREVENT A PRISONER FROM EXHAUSTING.

2. ON 3/21/16 FACILITY #3 NURSE JANE DOE. WAS ESCORTED TO HOLDING
TO CLEAR INMATE FOR TRANSFER TO "D" BUILDING. I INFORMED HER
MEDICAL DIAPER HAD WASTE IN IT AND NEEDED CHANGE, REQUESTED MED-
ICAL SUPPLIES TO CHANGE AND CLEAN SELF DO TO EMERGENCY," NURSE,
STATED YES I CAN SMELL IT, BUT YOU SHOULD HAVE THOUGHT ABOUT THAT
BEFORE YOU GOT LOCKED-UP." I NOTIFIED HER THAT REFUSAL WAS INTEN-
TIONALLY INTERFERING WITH TREATMENT ALREADY PROSCRIBED WHICH WAS
CRUEL AND UNUSUAL PUNISHMENT. I REQUESTED HER TO INFORM NURSE
SUPERVISOR, OR BRING NEEDED MEDICAL SUPPLIES TO LOCK-UP. NURSE
STATED, I'M NOT DOING ANYTHING, AND A LITTLE SHIT NEVER HURT
WALKED AWAY LAUGHING MAKING JOKES. EIGHTH AMENDMENT RIGHT
VIOLATION, DUE CARE, GROSS NEGLIGENCE, BEING IN WHEELCHAIR WILL
VIOLATE TITLE II OF THE ADA AND REHABILITATION ACT.

3. FAIL TO SUPERVISE AND TRAIN OFFICER, STAFF MEMBER CONCERNIG RULES
AND REGULATION EIGHTH AMENDMENT VIOLATION OF CONSTITUTIONAL
RIGHTS OF INMATE. ON 3/21/16 SGT. MARVIN ORDERED INMATE IN
CELL 20, EVEN AFTER BEING AWARE OF INMATES MEDICAL CONDITIONS
OF BEING IN A WHEELCHAIR, STAPLES IN RIGHT SHOULDER, AND MEDICAL
SUPPLIES NEEDED TO CLEAN WASTE OFF HIS PERSON. SGT. MARVIN HAD
INMATE PUSH ME IN CELL LEAVING, STATING" INMATE POLICIES + PRO-
CEDURES GOVERNING "LOCK-UP", WHICH STATES IF INMATE IS UNABLE TO GET
IN AND OUT OF BED ON HIS OWN TO RECEIVE FOOD OR MEDICATION,
THEN SAID INMATE WOULDN'T RECEIVE THEM, BECAUSE CELL DOOR COULDN'T
BE OPENED FOR SUCH THINGS, AND THEIR WASN'T EVEN ANYTHING HE
COULD DO FOR ME, LEAVING ME IN MIDDLE OF FLOOR CRUEL AND
UNUSUAL PUNISHMENT.

MR BONDS - "PAGE #3"

4. Fail to train or supervise staff or officer, concerning inmates disabilitys. Putting disable inmate in cell, which isn't handicap accessible, being aware of unreasonable risk of harm, disregard of risk known is reckless, willful, conduct highly unreasonable conduct, violates standard of care or legal duty one owes the other. Grievance was filed but never address.

5. Administrator Bonds breach of duty, eighth amendment rights, first amendment right to redress. And violates the law which states "When receiving federal grants you have a obligation to act. Your fail to address this complaints, were made aware to your administration by way of Exhibit #A-5 dated April 25, 2016 and still inmate in wheelchair with disabilities is being housed in cell which isn't handicap accessible, and officers, staff still refused government redress of grievance, and violating Title II of the ADA and Rehabilitation Act.

6. Failure to take action when the situation requires it constitutes neglect of duty. On 10/7/16 Sco. Waters commit a PREA act, which was documented in writing to commissioner, but surprising to sid officers Mr. Perry, Mr. Petit, and John Doe had know intention of seeing that justice was serviced, because that's when statements concerning a conflict of interest came able, and take about nothing going to happen. Will be explained in detail later in complaint. These officer blatantly threat me which is a crime. Officer being taken off gang unit for assault, and only to be given a special investigation division job is mind blowing. And criminal

Form: IRSF- 103
N.J.A.C. 10A:1-4

**NEW JERSEY DEPARTMENT OF CORRECTIONS**
**INMATE REMEDY SYSTEM**
**REDIRECTION FORM**

Revised 4/2014

INMATE'S NAME: Eric Hines                    SBI#: 146993B
Location/Housing Unit: DCt.

---

**The below corrective information should be used and followed when submitting for information to Institutional staff on a first time basis. Please take the action noted next to the letter X.**

☒ You must complete the following form marked below and place it into the correct box or send by Truck Mail.

- ☐ Education/Law Library Form and Box.
- ☐ Office of the Ombudsman, Request Form and Box.
- ☐ DOC Government Records Request Form (OPRA)
- ☐ NJDOC Inquiry Form

- ☒ DOC, Health Services Request Form and Box (MR-007)
- ☐ I/M Claim for Lost, Damage Prop (Form 943-1)
- ☐ Request for copies of Medical/Dental Records (MR 022, 301-XII)

2. ☐ You must submit a NJDOC Job Change Form. Once you have completed the form, it must be handed in to your detail supervisor. **Only** the detail supervisor can turn your request into Classification; **OR** A Staff member must submit a staff referral. The staff member must deliver the referral to the appropriate department. **ONLY** staff members can follow-up on completed forms.

3. ☐ Please see your Unit Social Worker to complete the appropriate forms for programs, other related services, and information to include but not be limited to: Social Security Card, Birth Certificate, ISP, Cage Your Rage, STARS, SEALL, HOPE and Thinking for a Change.

4. ☐ The form you submitted did not contain **SPECIFIC** information. Please add additional information and resubmit.

5. ☒ Your Inmate Grievance Form/ Inmate Inquiry form contained more than one (1) question, which cannot be handled on the same form. Please familiarize yourself with information on the Remedy System that is listed in the Inmate Handbook and resubmit another Inmate Grievance Form/ Inmate Inquiry Form.

6. ☐ Your Inmate Grievance Form/ Inmate Inquiry Form was deposited into the _____ Box. Please place your Inmate Grievance Form/ Inmate Inquiry Form into the Box Marked "Inmate Remedy System".

7. ☐ To process, correct or update the NJDOC Telephone IPIN system you need to follow the below process: (Up to 30 days to process forms)
- ☐ NJDOC IPIN Assignments UPDATES will be completed on a quarterly basis within your current facility.
- ☐ Telephone System Discrepancy form can be completed at any time, please return/deposit into the _____.

8. ☐ The information that you submitted must be placed on the **Inmate Inquiry Form or Inmate Grievance Form** and placed into the **Inmate Remedy System Box.** This will ensure proper tracking of your request.

9. ☐ You submitted the attached letter, form or application into the Inmate Remedy System Box. That box is for the Inmate Remedy System Forms (Inmate Grievance Forms/ Inmate Inquiry Forms) only. Please place the letter, form or application into the US Mailbox or _____

10. ☐ You cannot use Inmate Inquiry Forms/ Inmate Grievance Form for DOC disciplinary charges or DOC disciplinary charge appeals.

11. ☐ You submitted your request to the person or department not authorized to handle the Inmate Grievance Forms/ Inmate Inquiry Forms. The form must be placed into the **Inmate Remedy System Box** in order to be processed correctly.

12. ☐ Your request for Face Sheets, Progress Notes, and Psychological or Medical evaluations cannot be processed. That information is provided or conducted during specific times during your incarceration.

13. ☐ Your request for an updated adjusted Max Date and/or Parole Eligibility Date (PED) is being returned because that information is now provided on a monthly basis on your Inmate Trust Account Statement for **informational purposes only.** If you feel your max and/or parole information is in error, justify the error and submit another Inmate Inquiry Form. It should also be noted that your **work & minimum** credits **DO NOT** get updated at the same time as your Inmate Pay.

14. ☐ You cannot write or mark in the shaded area of the Inmate Inquiry Form or Inmate Grievance Form.

15. ☐ Your form is a follow-up question or Appeal to a previous submitted Inmate Grievance Form. You must re-submit your answered form, within 10 days of receipt, with additional information, within Part 4 and place it into the Inmate Remedy System Box for further processing.

16. ☐ This is a duplicate request that is not permitted. Staff is granted up-to a 30-day response time for Inmate Grievance Forms and 15 days for Inmate Inquiry Forms.

17. ☐ The facility uses an approved Institutional/Department form to handle this matter. The form is _____ _____ and the form can be received from your _____.

18. ☐ Other_____

EXHIBIT A-5



# State of New Jersey
## OFFICE OF THE CORRECTIONS OMBUDSMAN

WHITTLESEY ROAD
P.O. BOX 855
TRENTON, NEW JERSEY 08625

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

DAN DIBENEDETTI
*Corrections Ombudsman*

April 25, 2016

Eric Hines, SBI#146993B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Dear Mr. Hines:

This correspondence will acknowledge receipt of your letter dated April 18, 2016 regarding several issues.

It appears that you intended for these complaints to be forwarded to the Medical Ombudsman at South Woods, Mr. Anthony Thomas; however, this form is used to contact the Office of the Corrections Ombudsman. As a result, I will attempt to respond to your complaints.

With regard to the concerns you have serving Ad Seg, please be advised that I have forwarded your concerns to the South Woods State Prison Administration; to include Administrator Bonds, Associate Administrator Riggins and Assistant Superintendents Cline & Swift.

The commissary loan from November 29, 2006 is valid; however, the loan was repaid from your account approximately 1 week later on December 6, 2006. The loan was made to you after you transferred from New Jersey State Prison to South Woods on November 27, 2006. The money from your inmate account did not arrive until December 6th, at which time the loan was repaid.

As for the charges for treatment, it appears that you have submitted prior Inquiries to Mr. Thomas using the kiosk, and he provided answers to you. The answers provided to you appear to be appropriate; therefore, there is nothing further this office can do with regard to this.

I trust that this information has been helpful.

Sincerely,

John Blakeslee
Assistant Ombudsman

c:  file

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

E. FOURTH DEFENDANTS NAME: SHARMALIE PERERA, MD

   OFFICIAL POSITION: REGIONAL MEDICAL DIRECTOR

   PLACE OF EMPLOYMENT: WHITTLESEY ROAD, P.O. BOX 863 TRENTON N.J.
                                                          08625

   VIOLATES TITLE II OF THE ADA AND THE REHABILITATION ACT, BREACH
   OF DUTY. WANTON NEGLIGENCE, EIGHTH AMENDMENT VIOLATION, FAILURE
   TO ADHERE WITH LEGISLATIVE LAWS MADE FACILITY HANDICAP ACCE-
   SSIBLE WHEN RECEIVING FEDERAL GRANT. HIS KNOWLEDGE MAKES IT
   A CRIME. PHYSICAL, EMOTION, MENTAL, INJURY FAILURE TO PROTECT
   INMATES FROM UNREASONABLE RISK OF HARM. INDIVIDUAL AND
   WORK CAPACITY

SHARMALIE PERERA.MD - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE, OR ACT TO RULES, REGULATIONS, AND PROCEDURE DETAILED IN CONTRACT WITH RUGTER'S BEHAVIOR HEALTH CARE, AND DEPARTMENT OF CORRECTION, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY AND MEDICAL ASSOCIATION PROTOCOL, HAS VIOLATED CONSTITUTIONAL RIGHTS AND EIGHTH AMENDMENT VIOLATION.

DR. PERERA, BEING REGIONAL MEDICAL DIRECTOR, EXHIBITS B-1, B-2 CONFIRMS ON 2/23/2015, 11/30/2014, EVEN BEFORE DAYS IN QUESTION, AS ORDERING PROVIDER RENEW MEDICATION CONFIRMING HIS KNOWLEDGE, EXHIBIT B-3 ALSO CONFIRMS DR. PERERA RENEWS AND ORDERS MEDICATION MAKING HIM AWARE OF INMATE BEING ON LIPTOR 40-MG, WITHOUT BEING GIVEN 100 MG OF COENZYME KNOWING OF UNREASONABLE OF HARM, ALSO EXHIBIT B-1 CONFIRMS HIS KNOWLEDGE OF DISABLE ORDERING CANE, AND OTHER DEVICES FOR AMBULATION, SUCH AS FOLDING WHEELCHAIR APPROVED BY SAID DOCTOR. CONFIRM HIS NEGLIGENCE FOR ALLOWING DISABLE INMATE TO BE HOUSED IN CELL NO HANDICAP ACCESSIBLE, RECEIVING FEDERAL GRANT MONEY, VIOLATES TITLE II OF THE ADA AND REHABILITATION ACT. EXHIBIT B-4 WILL ESTABLISH, LEGAL DUE CARE OBLIGATION TO EMPLOY PROCEDURE TO CORRECT DANGER YOU KNOW, OR FORSEE.

DUE CARE HAD A LEGAL DUTY, TO NOTIFY INMATE OF MEDICAL RISK ESPECIALLY WHEN INQUIRY WAS MADE TO SITE MEDICAL DIRECTOR, AND DR. WOODWARD DOC DIRECTOR, AND "CONTRACT HOLDER" RUGTER'S BEHAVIOR HEALTH CARE, HAD LEGAL DUTY TO TRAIN, SUPERVISE AND INFORM INMATE ABOUT UNREASONABLE RISK OF HARM.

BREACH DUTY FAILURE TO EMPLOY PROCEDURE, AND KNOWLY PUTTING INMATE YOU HAD OBLIGATION TO HELP IN UNREASONABLE, AND KNOWN RISK OF DANGER.

PHYSICAL INJURY NEGLIGENCE IN NOT MAKING CELL HANDICAP ACCESSIBLE, CAUSED PHYSICAL INJURY RESULTING IN SURGERY, AND SECOND ONE WARRANTED, FALLING MAY OR MAY NOT BE CONTRIBUTE TO "LIPITOR" BUT YOUR FAILURE TO ADMINISTER, 100MG OF COENZYME KNOWING DOCUMENT EVIDENTS EXIST TO WARRANTED ACTION TO BE TAKEN WHICH YOU ACTION FAILED TO ESTABLISH.

East Jersey State Prison-Main

, Woodbridge, NJ,

# Test Form

| | | | | |
|---|---|---|---|---|
| **Ordering Provider:** | Sharmalie Perera, MD | **Service Provider:** | Medical Equipment | |
| **Unique Identifier:** | cmspe24 | | NJDOC | |

| | | |
|---|---|---|
| **Phone:** | **Phone:** | |
| **Fax:** | **Fax:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Patient Name:** | ERIC HINES | **DOB:** | 6/14/1965 | **Age:** | 49 |
| **Address:** | EJSP-4 DOWN-1 TIER-BED 04 | **Sex:** | M | **SSN:** | |
| **Resp. Provider:** | | | | | |
| | | | **SBI#** 000146993B | | |
| **Primary Insurance** | | | **Booking #** 663508 | | |
| **Company:** | NJDOCIC | | | | |
| **Plan:** | NJDOCIP | | | | |
| **Group #:** | | | | | |
| **Policy #:** | | | | | |
| **Insured Party:** | | | | | |

| Code | Description | |
|---|---|---|
| EQ007 | Cane | |
| | Auth#: | |
| | Quantity: | 1 |
| | Start Date: | 2/23/2015 |
| | Priority: | Normal |
| | Instructions: | for ambulation x 3 months |

# Referral Form

| Ordering Provider: | CMSSMYC<br>Herbert Smyczek, MD | Service Provider: | Neurosurgery Consultant<br>NJDOC |
| --- | --- | --- | --- |
| Phone:<br>Fax: | | Phone:<br>Fax: | |

| Patient Name: | ERIC HINES | DOB: | 6/14/1965 | Age: | 48 |
| --- | --- | --- | --- | --- | --- |
| Address: | EJSP-HOS-GW-7 | Sex: | M | SSN: | 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 |
| Resp. Provider: | | | | | |

SBI# 000146993B
Booking ; 663508

**Primary Insurance**
Company:     NJDOCIC
Plan:           NJDOCIP
Group #:
Policy #:
Insured Party:

| Code | Description |
| --- | --- |
| REF010 | Neurosurgery Consult |

Auth#:                    H
Maximum Vists:       0
Start Date:            1/30/2014  12:00:00AN  End Date:          03/30/2014
Duration:             2 Months
Reason:               Reason:48yo c/o chronic LBP > 2yrs, pain has progressed to the point where he
                      sleeps propped up against the cold wall, seeing as this is the only position in which
                      he is comfortable enough to sleep. However the cold wall exacerbates his asthma
                      requiring chronic mucinex use.
                      NS for possible trial epidural injection for LBP relief.
                      doc van
Admin Comments: NOT approved
                      06/14/2012  Lumbar Spine MRI: Normal
                      Comments: no evidence for significant disk bulge or protrusion is seen
                      please discuss with NS whether epidural will be of help with normal
                      MRI/........................................................Sharmalie Perera, MD  January 30, 2014
                      2:09 PM

**East Jersey State Prison-Infirmary**
Wodbridge, NJ
Fax:

**ERIC HINES**
Male  DOB:06/14/1965  Booking #:663508  SBI:000146993B
Ins: NJDOCIC (NJDOCIP)

**10/15/2014 - Append: Non-Formulary Form norco**
**Provider: Sharmalie Perera, MD**
**Location of Care: East Jersey State Prison**

approved

**Electronically Signed by Sharmalie Perera, MD on 10/15/2014 at 12:27 PM**

Exhibit B-4

**- East Jersey State Prison-Infirmary**
Wodbridge, NJ
Fax:

*July 14, 2015*
Page 1
Chart Document

**ERIC HINES**
Male  DOB:06/14/1965  Booking #:663508  SBI:000146993B
Ins: NJDOCIC (NJDOCiP)

**07/21/2014 - Office Visit: Sick Call**
**Provider: Grace Amistico, ANP**
**Location of Care: East Jersey State Prison**

**Vital Signs**
Ht: **66** in.  Wt: **172** lbs.  inches

**Body Mass Index in-lb**
Height (in): 66
Weight (lb): 172
BMI (in-lb) 27.86
T: **97.2** deg F.  T site: **tympanic**  R: **18**  BP: **126/76**
Radial Pulse rate: 83 Rhythm: regular Quality: Bounding
 Pulse Ox: 99
Blood Pressure: 126/76 mm Hg

**Peak Flow**

**Orientation Level**
Oriented to time? Yes
Oriented to place? Yes
Oriented to person Yes

**Doctor Visit: subjective**

**From Doctor Visit**
Referral Source: inmate
Reason for Visit: Follow-Up
Mental Health High-Risk Inquiry Incident:

**Physical Exam**
General appearance: well nourished, well hydrated, no acute distress

**Neck**
Neck: supple, no masses, trachea midline

**Respiratory**
Respiratory effort: no intercostal retractions or use of accessory muscles
Auscultation: no rales, rhonchi, or wheezes

**Cardiovascular**
Auscultation: S1, S2, no murmur, rub, or gallop

**Musculoskeletal**
Gait and station: walks  with cane

- **East Jersey State Prison-Infirmary**
  Woodbridge, NJ
  Fax:

### ERIC HINES
Male DOB:06/14/1965 Booking #:663508 SBI:000146993B
Ins: NJDOCIC (NJDOCIP)

### Mental Status Exam
**Orientation:** oriented to time, place, and person

### Assessment
**Does the patient understand the treatment plan?** Yes
**Does the patient agree with treatment plan?** Yes

### Visit Done:
**Periodic Physical** Done
**Assessment:** s pt want socks pt was advised to speak to doc and wants renewal vicodin re back pain o a ox 3 not in acute distress
49 yo with hx coccine & cannabis dependence ; hyperlipidemia ( not within goal recent LDL Cholesterol 201 mg/dL, mild ashtma, controlled discussed lipid control lipitor adjusted pt agress
Noted recent MRI back 03/26/2014 Lumbar Spine MRI: Abnormal
Comments: L1-L3 no herniated disc or bulging annulus is seen. There is no central canal stenosis. mild facet prominence at L4-L5 and L5-S1 was adjacent to the foramina. At L5-S1 there was moderate foraminal narrowing.
L3-L4, L4-L5, and L5-S1 bulging annuli- pt repors aware of mir results
NKA

Medications:

LIPITOR 40 MG TABS (ATORVASTATIN CALCIUM) take 1 tabpo daily with meals hs x 265 days

### Plan:
lipids repeatlabs
lipitor adjsuted
wants pain con trol
renewal commisaty ; meals to tier and no work no gym

### Disposition
**Disposition:** return for followup 7 wks re lipid control ful

### Copay

**Medical Copay Charged:** 0
**Medication Copay Charged:** 0

### Orders to be Processed and/or Transcribed

### New or Changed Medications & Immunizations
LIPITOR 40 MG TABS (ATORVASTATIN CALCIUM) take 1 tabpo daily with meals hs x 265 days

EXHIBIT B-4

**- East Jersey State Prison-Infirmary**
  Wodbridge, NJ
  Fax:

*July 14, 2015*
Page 3
Chart Document

## ERIC HINES
Male  DOB:06/14/1965  Booking #:663508  SBI:000146993B
Ins: NJDOCIC (NJDOCIP)

**Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.**
Medical-Meals on Tier [S017]
NO Work-NO Rec [S046]
Medical-Other [S018]
Cardiac Risk Profile (chol, T.G., HDL) ($4.50) - 221010 [221010]
Hepatic Function Panel 7 ($2.95) - 322755 [322755]


**Electronically Signed by Grace Amistico, ANP on 07/21/2014 at 7:48 PM**

F. FIFTH DEFENDANT'S NAME: HERBERT SMYCZEK, MD

OFFICIAL POSITION SITE MEDICAL DIRECTOR

PLACE OF EMPLOYMENT WHITTLESEY ROAD P.O. BOX 863, TRENTON NJ 08625

VIOLATE TITLE II OF THE ADA AND THE REHABILITATION ACT, BREACH OF
DUTY PUTTING OTHER IN UNREASONABLE HARM, EIGHTH AMENDMENT RIG-
HTS, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE GOVERNING
MEDICAL ASSOCIATION, FACILITY BEING HANDICAP ACCESSIBLE RECEIVING
FEDERAL GRANT MONEY KNOWLEDGE, OR BEING AWARE IS A CRIME
DISPENSING MEDICATION THATS DANGERUS WITHOUT SUPPLEMENTAL
HAVING KNOWLEDGE OF OTHER WISE BAD SIDE AFFECTS INDIV-
IDUAL AND WORK CAPACITY

HERBERT SMYCZEK, MD - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE OR ACT TO RULES, REGULATIONS, AND PROCEDURE, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY AND MEDICAL ASSOCIATION PROTOCOL; HAS VIOLATED CONSTITUTIONAL RIGHTS AND EIGHTH AMENDMENT RIGHTS VIOLATION.

ON OR ABOUT NOVEMBER, 2010 I WAS PROSCRIBE LIPITOR (ATORVASTATIN) UNTIL JUNE, 2015, ONCE PROBLEM WAS BROADCAST ON TELEVISION, MADE APPOINTMENT WITH DOCTOR INQUIRING IF I WAS AT ANY RISK OF HARM, HE ASHORED ME I WASN'T; BUT FOR SOME REASON I KEPT FALLING DOWN. I 2015 THERAPIST AT TRENTON STATE PRISON INQUIRED WAS I ON LIPITOR, INFORM HER I'VE BEEN ON IT FOR YEARS. SHE ALSO INQUIRED WAS I TAKEN 100 MG OF COENZYME Q10 (COQ10); TOLD HER KNOW NEVER HEARD OF IT. AFTER REC A BLOOD TEST; AFTER FATHER TALKING TO DOCTOR ON THE OUTSIDE, WHO INFORM USE TAKING "LIPITOR" WITHOUT, 100 MG OF COENZYME Q10 (C6 Q10) HAS BAD SIDE AFFECTS; BECAUSE STATINS ARE KNOWN TO DEPLETE THE BODY OF THIS VITAL NUTRIENT, LEADING TO SEVERE MUSCLE ACHES. DR. KAPCHITS, DR. RALPH WOODWARD; RUGTERS BEHAVIOR HEALTH CARE, AND DR. ALNOCHAWATI, HAD A LEGAL DUTY TO INFORM ME ABOUT SIDE AFFECTS, AND ANY DAMAGE WHICH COULD BE CAUSE, PRESENTING PERMANENT DAMAGE.

DUE CARE - HAD A LEGAL DUTY, TO NOTIFY INMATE OF MEDICAL RISK ESPECIALLY WHEN INQUIRY WAS MADE TO MEDICAL DEPARTMENT DR. RALPH WOODWARD DOC DIRECTOR, AND "CONTRACT HOLDER" RUGTER'S BEHAVIOR HEALTH CARE HAD LEGAL DUTY TO TRAIN, SUPERVISE AND INFORM SUBORDINATES TO INFORM INMATE ABOUT UNREASONABLE RISK OF HARM.

BREACH DUTY - FAILURE TO EMPLOY PROCEDURE, AND KNOWNLY PUTTING INMATES YOU HAD OBLIGATION TO HELP IN UNREASONABLE AND KNOWN RISK OF DANGER.

PHYSICAL INJURY - BEING AWARE OF INMATES FALLING DOWN, AND KNOWNING "LIPITOR" WITHOUT 100 MG OF COENZYME HAS BAD SIDE AFFECTS MUSCLE; PLAYED PART IN PHYSICAL INJURY TO RIGHT SHOULDER, WHAT PERMANENT DAMAGE HAS ACCURED DO TO NEGLIGENCE.

G. SIXTH DEFENDANTS NAME: DR. ALNOCHAWATI

OFFICIAL POSITION: SITE MEDICAL DIRECTOR

PLACE OF EMPLOYMENT: EAST JERSEY STATE PRISON, 1100 WOODBRIDGE
RAHWAY, NJ 07065

VIOLATE TITLE II OF THE ADA AND THE REHABILITATION ACT, BREACH

OF DUTY PUTTING OTHER IN UNREASONABLE RISK OF HARM. EIGHTH AME-

NDMENT RIGHT, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE

GOVERNING MEDICAL ASSOCIATION, FACILITY NOT BEING HANDICAP

ACCESSIBLE RECEIVING FEDERAL GRANT MONEY KNOWLEDGE, OR BEING

AWARE IS A CRIME. DISPENSING MEDICATION THATS DANGERS WITH

OUT SUPPLEMENTAL MEDICATION, KNOWLEDGE OF BAD SIDE AFFECTS

PUT INMATES AT RISK OF PHYSICAL HARM, AND FUTURE HARM. IN-

DIVIDUAL AND WORK CAPACITY

DR. ALNOCHAWATI: KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE, OR ACT TO RULES, REGULATIONS AND PROCEDURE DETAILED IN CONTRACT WITH RUTGERS BEHAVIOR HEALTH CARE, AND DEPARTMENT OF CORRECTION, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY AND MEDICAL ASSOCIATION PROTOCOL, HAS VIOLATED CONSTITUTIONAL RIGHTS AND EIGHTH AMENDMENT VIOLATION.

FAILURE OF RUTGERS BEHAVIOR HEALTH CARE, DR. ALNOCHAWATI TO KNOW OR SHOULD HAVE KNOWN, HIS FAILURE TO 100MG OF COENZYME QID (COQ10) WHEN EVER LIPITOR (ATOVASTATIN CALCIUM IS PRESCRIBED DO TO BAD SIDE AFFECTS AND MUSCLE DAMAGE IT WOULD COULD WITH-OUT 100MG OF COENZYME. ON 6/23/2015 TRENTON THERAPY A BLOOD TEST SHOULD BE TAKEN TO SEE IF "LIPITOR" HAD CAUSE MUSCLE BREAK DOWN, WITHOUT 100MG OF COENZYME, BLOOD TEST CONFIRMED DAMAGE DR. ALNOCHAWATI DISCONTINUED LIPITOR; NEGLIGENCE ACCURED BECAUSE B.H.C AND DR. WOODWARD D.O.C DIRECTOR FAIL TO TRAIN, SUPERVISE, AND INSTRUCT DOCTORS ON STAFF OF DANGER.

ON 6/7/2015 WAS ORDERED INTO 3-WING CELL 151 IN RAHWAY STATE PRI-UTILIZING FOLDING WALKER WHICH COULDNT BE DEPLOY IN ROOM, THAT WASNT HANDICAP ACCESSIBLE NO HAND RAILING, PUTTING INMATE IN UNREASONABLE RISK OF HARM, CAUSED INMATE TO FALL INJURYING RIGHT SHOULDER REQUIRING OPERATION, AND DOTO DR. MILLER FAILURE TO HAVE PROCEDURE MRI X-RAY DYE DONE BEFORE OPERATING ANOTH-ER OPERATION IS NEED. HE WAS AWARE OF CELL'S NOT BEING HAND-ICAP ACCESSIBLE IN PRISON EVEN AFTER FEDERAL GRANT MONEY WAS GIVEN.

DUE CARE HAD A LEGAL DUTY, TO NOTIFY INMATE OF MEDICAL RISK ESPE-CIALLY WHEN INQUIRY WAS MADE TO SITE MEDICAL DIRECTOR DR. ALNOCHAWATI, AND DR. WOODWARD DOC DIRECTOR, AND "CONTRACT HOLDER" RUTGERS BEHAVIOR HEALTH CARE, HAD LEGAL DUTY TO TRAIN, SUPERVISE AND INFORM INMATE ABOUT UNREASONABLE RISK OF HARM, BE-CAUSE INFORMING INMATE OF SIDE AFFECT, WAS LEGAL DUTY OR IT SHOULD HAVE BEEN.

BREACH DUTY FAILURE TO EMPLOY PROCEDURE, AND KNOWNLY PUTTING INMATE YOU HAD OBLIGATION TO HELP IN UNREASONABLE, AND KNOWN RISK OF DANGER.

PHYSICAL INJURY NEGLIGENCE NOT MAKING CELL HANDICAP ACCESSIBLE HAS CAUSED PHYSICAL INJURY RESUTING IN OPERATION, SECOND ONE WAR-RANTED. FALLING WITH SEVERE MUSCLE PAIN MAY OR MAY NOT BE

DR. ANNOCHAWATI "PAGE"2

CONTRIBUTE TO "LIPITOR". BUT YOUR FAILURE TO ADMINISTER 100MG OF ████ COENZYME KNOWING DOCUMENTED EVIDENCE CONFIRMED WHAT WOULD HAPPEN IF SUPPLEMENT WASNT GIVEN SO TO WITH HOLDING SAID MEDICATION MAKES BOTH RUTGERS BEHAVIOR HEALTH CARE, DR. WOODWARD DOC DIRECTOR, AND ESPECIALLY SITE MEDICAL DIRECTOR ARE ALL SHARE CULPABILITY.

H. SEVENTH DEFENDANTS NAME  DR. MILLER

OFFICIAL POSITION  ORTHO SURGEON

PLACE OF EMPLOYMENT ST. FRANCIS MEDICAL CENTER, 601 HAMILTON AVE
TRENTON, NJ 08629

VIOLATE TITLE II OF THE ADA AND THE REHABILITATION ACT. BREACH
OF DUTY, PUTTING OTHER IN UNREASONABLE HARM, OR RISK OF LIFE
EIGHTH AMENDMENT RIGHT, FAILURE TO ADHERE WITH LEGISLATIVE
LAWS MADE GOVERNING MEDICAL ASSOCIATION, IN PROPER CONDUCT
IN PERFORMANCE OF DUTY AS A SURGEON. PERFORMING OPERA-
TION, WITHOUT EMPLOYING PROCEDURE THE WOULD HAVE CONFIRM THE
AREA WERE DAMAGED WAS AT. THIS NEGLIGENCE HAS CAUSED
PHYSICAL, EMOTION, MENTAL, INJURY RETALIATION BECAUSE I REFUSED
SECOND OPERATION. INDIVIDUAL AND WORK CAPACITY

DR. MILLER " PAGE # 2 "

BREACH OF DUTY - IMPROPER CONDUCT IN THE PERFORMANCE OF DUTY
AS A SURGEON. HIS NEGLIGENCE AND UNSKILLFUL PERFORMANCE OF
DUTY RESULTING IN PHYSICAL INJURY. AND NEED FOR SECOND SURGERY
TO CORRECT DAMAGE DO TO NEGLIGENCE.

BREACH CAUSED HARM - FAILURE OF DR. MILLER TO FOLLOW PROCEDURE
HAS NOT ONLY CAUSED SEVERE PAIN. BUT HAS CAUSE ANOTHER PHYS-
ICAL INJURY OF NOT BEING ABLE TO RAISE ARM OVER HEAD. UNABLE
TO SHOWER, GET OUT OF WHEELCHAIR, SEVERE PAIN TRANSFERRING FROM
WHEELCHAIR TO BED CAN TAKE HALF AND HOUR ON BAD DAY. NOT TO
MENTION ITS ME DOMINATE HAND. SO PHYSICAL INJURY HAS TAKEN CON-
TROL OF EVERYDAY ACTIVITY, MAKING THEM NONE AT ALL.

PHYSICAL INJURY, EMOTIONAL & MENTAL INJURY - THIS WANTON NEGLIG-
ENCE, HAS CAUSED PHYSICAL INJURY CANT PUSH WHEELCHAIR, CANT WASH
HEAD WITH RIGHT HAND, CANT PUT WEIGHT ON SHOULDER. AND FEAR OF
DR. MILLER ACTION HAS MENTALLY AND EMOTIONALLY INJURE CONCERN-
ING A SECOND SURGERY. I WANT DR. MILLER KNOW WERE CLOSE OR
WILL AGREE TO BE INVOLVED WITH HIM DOING ANY FURTHER SUR-
ON ME IS OUT OF THE QUESTION. MALPRACTICE COULD HAVE BEEN
AVOID HAD PROCEDURE AND PROTOCOL BEEN FOLLOWED.

NOW ON 12/23/2016 SUBMITTING A INMATE INQUIRES, REQUESTING
TO SEE A OTHER DOCTOR OTHER THAN DR MILLER, P JENNIFER FAIR-
STEAD BRUNG GRIEVANCE TO CELL 1026, AND IN RETALIATION FOR
REFUSING SECOND SURGERY STOP PAIN MEDICATION. INCIDENT HAP-
PEN ON 12/28/2016.

VIOLATE TITLE II OF THE ADA AND THE REHABILITATION ACT, WILLFUL
DISREGARD FOR PHYSICAL HARM

DR. MILLER - KNOW OR SHOULD HAVE KNOWN. FAILURE TO ADHERE OR ACT TO RULES, REGULATION AND PROCEDURE, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY AND MEDICAL ASSOCIATION PROTOCOL, HAS VIOLATED CONSTITUTIONAL RIGHTS OF EIGHTH AMENDMENT. MEDICAL MALPRACTICE.

AFTER INFORM DR. MILLER OF SEVERE PAIN IN RIGHT SHOULDER PREVENTING ME FROM USING RIGHT ARM FULLY. ON 3/17/2016 DR. MILLER PERFORM SURGERY ON RIGHT SHOULDER. ON 4/7/2016 AT NJSP ORTHO CLINIC, I INFORMED ORTHO DOCTOR. THAT NOT ONLY WAS THE SEVERE PAIN IN RIGHT SHOULDER STILL THEIR, BUT NOW I COULDN'T RAISE RIGHT ARM OVER MY HEAD WHICH WASN'T HAP-PENING BEFORE DR. MILLER SURGERY. SPOKE TO DR. MILLER ABOUT SITUATION, "WHO STATED. I CAN FOND OUT IF YOUR TELLING THE TRUTH. I'M ORDERING A MRI X-RAY DYE WHICH WILL SHOW ANY DAMAGE. THE STATEMENT SPOKEN BY DR. MILLER,"SURPRISED ME, SO I ASK HIM, WHY WASN'T THE PROCEDURE IN QUESTION DONE BEFORE ANY SURGERY' WAS PERFORM. THIS WOULD HAVE INSURED WERE DAMAGE WAS AT. ON 8/18/2016 MRI X-RAY DYE WAS PERFORM-ED, ORTHO CLINIC VISIT WITH DR. MILLER ON 8/30/2016 WERE HE CONFIRMED THE WRONG AREA OF SHOULDER WAS OPERATED ON. AND MRI X-RAY DYE SHOWED DAMAGE WAS BETWEEN SHOULDER, AND MUSCLE NEEDED TO BE PULLED TO THE SIDE IN SECOND SURGERY TO CORRECT DAMAGE, ALSO INSURED ME A INSPECTION INTO WHAT HAPPEN WITH FIRST SURGERY WOULD BE EXPLORED.

1. DUE OF CARE - HAD A LEGAL DUTY, TO PERFORM A PROCEDURE LIKE MRI X-RAY DYE BEFORE DOING SURGERY. SAID PROCEDURE SHOULD HAVE BEEN PROTOCOL, TO INSURE INMATES CARE, PREVENTING EVASIVE SURGERY, CAUSING PHYSICAL INJURY.

2. WANTON NEGLIGENCE - FAILURE TO EMPLOY PROCEDURE BEFORE WAS A DISREGARD OF UNREASONABLE AND KNOWN RISK OF DANGER.

I. EIGHTH DEFENDANTS NAME DR. DIAZ

OFFICIAL POSITION SITE MEDICAL DIRECTOR, SUPERVISER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON, 215 BURLINGTON ROAD

BRIDGETON, N.J 08302

Violation of title III THE ADA AND THE REHABILITATION ACT, BREACH OF DUTY, WANTON NEGLIGENCE, FAILURE TO TRAIN, SUPERVISE STAFF UNDER HIS CONTROL, EIGHTH AMENDMENT VIOLATION, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE FACILITY HANDICAP ACCESSIBLE WHEN RECEIVING FEDERAL GRANT MONEY, CAUSING PHYSICAL, EMOTION, MENTAL, INJURY DO TO NEGLIGENCE, DISCRIMINATION AGAINST ADA INMATE IN WHEELCHAIR IN SEGREGATION, VIOLATION OF FIRST AMENDMENT RIGHT TO REDRESS FAILURE TO TRAIN, SUPERVISE, MEDICAL REMEDY FORM BE ADDRESS AND NOT HELD AND DISPLAYED TO INMATE BY MS. FAIRSTEAD BUT NEVER ANSWER IN RETALIATION FOR REFUSING SECOND OPERATION, AND WITHHOLD PAIN MEDICATION TO CAUSE PHYSICAL INJURY INDIVIDUAL CAPACITY AND WORK CAPACITY

DR. DIAZ KNOW OR SHOULD HAVE KNOWN: FAILURE TO ADHERE, OR ACT TO RU-
LES, REGULATIONS, AND PROCEDURE DETAILED IN "CONTRACT WITH RUTGER'S BE-
HAVIOR HEALTH CARE, INCLUDING BUT NOT LIMITED TO TRAINING, SUPERVI-
SER, STAFFING ACCORDING TO AGREEMENT, WITH DEPARTMENT OF CORREC-
TION, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE
AUTHORITY, AND MEDICAL ASSOCIATION PROTOCOL, HAS VIOLATED CONSTITU-
TIONAL RIGHTS; AND EIGHTH AMENDMENT VIOLATION,

WITHOUT REPEAT INCIDENT ON 3/21/16 PLEASE SEE DETAIL'S TRANSCRIBE
IN SGO. MARVIN COMPLAINT, WHICH AS MEDICAL SITE DIRECTOR HAD A OBL-
IGATION TO REMOVE DISABLE INMATE FROM AREA UNREASONABLE RISK
HARM. DELIBERATE INDIFFERENCE TO LEAVE INMATE IN SITUATION WE-
RE A LAY MEN PERSON WOULD KNOW, BECAUSE OF PHYSICAL INJURY INMATE
WOULDN'T BE ABLE TO FUNCTION WITHOUT ASSISTANCE. ON 1/5/2017 DR.
INFORM ME OF DR. MILLER REQUEST FOR SECOND SURGERY, I EXPLAINED
THE NEGLIGENCE WHICH HAD ~~ACCURED~~ ACCURED BECAUSE OF DR. MILLER
AND ANY OTHER SURGERY FROM HIM WASN'T WARRANTED OUT OF FEAR
AND THAT ON 12/28/2016 V/P JENNIFER FAIRSTEAD ACTIONS TO BRING IN-
MATE INQUIRY WHICH WAS SUBMITTED ON 12/23/2016, TO CELL DOOR WINDOW
MAKING FOLLOWING STATEMENTS." STOP COMPLAINING ABOUT YOUR SHOULDER
YOU REFUSED DR. MILLER SECOND OPERATION, SO I'M GOING TO BE STOPP-
ING YOUR PAIN MEDICATION". NOW YOU EITHER SUFFER IN PAIN OR RECON-
SIDER AND HAVE THE SECOND OPERATION. I INFORMED DR. DIAZ ALLOWING
HER TO CARRY OUT STATED THREATS BEING AWARE OF PHYSICAL INJURY
WAS A EIGHTH AMENDMENT VIOLATION AGAINST HIM BECAUSE OF HIM
INFORMING ME HE WAS HER SUPERVISER, DR. DIAZ, RUTGERS BEHAVIOR
HEALTH CARE, ARE ADVERTISING "HEART HEALTHY DIET" BUT MY CHOLE-
STEROL IS SO HIGH TO MEDICATION HAVE BEEN PRESCRIBED. I HAVE IN-
QUIRED; TO DR. DIAZ WHAT SHOULDN'T I BE EAT, EVERYTHING HE NAMED
WAS ON THE DAY-TO-DAY MENU OF FOOD BEING SERVE, I REQUESTED
A DIET HE REFUSED STATED YOUR IN PRISON. I INFORMED HE AT THIS RATE
HIS AND THERE "HEART HEALTH DIET" WOULD KILL ME IN 7 TO 10 YEARS. HE IN-
FORMED ME TO JUST EAT SOME OF THE MEAL. HE STATED THEM KIND OF DIETS
HAVE BEEN STOP DO TO COST,

DUE CARE HAD A LEGAL DUTY OWE OTHER, HIS OBLIGATION AND MEDICAL OB-
LIGATION TO INTERVEN, WHEN INMATE WITH DISABLE IS PLACED IN SITUATION
WERE HE CAN'T FUNCTION BECAUSE OF PHYSICAL INJURY ON 3/21/16, FAILURE

DR. DIAZ "PAGE #2

TO ACT IS A DELIBERATE INDIFFERENCE TO MEDICAL NEEDS, HAD IT NOT BEEN FOR LT. CLARK, DR. DIAZ WAS FORCE TO ADMIT ME TO EMERGENCY CARE UNIT. VIOLATE TITLE II OF THE ADA AND REHABILITATION ACT. EIGHTH AMENDMENT RIGHTS FAILURE TO SUPERVISE, OR TRAIN STAFFS UNDER HIS CONTROL, CONSPIRING WITH NURSE PRACTITIONER MS. FAIRSTEAD TO CAUSE WANTON NEGLIGENCE; INFLICTING UNREASONABLE PAIN AS RETALIATION. FAILURE TO INFORM MS. FAIRSTEAD OF HER LEGAL DUTY TO ADDRESS GRIEVANCES, AND NOT TO DISCARD OR HIDE GRIEVANCE AS RETALIATORY ACTS.

BREACH DUTY. FAILURE TO SUPERVISE, MS. FAIRSTEAD ALLOWING HER TO RUN RAMPANT, AND INSTITUTE A BLANKET POLICY TO REMOVED ALL INMATES IN ACSU C-POD OFF PAIN MEDICATION NO MATTER THE PHYSICAL INJURY IS EIGHTH AMENDMENT VIOLATION, REFUSING DIET THAT COULD LOWER INMATES INTAKE OF CHOLESTEROL MEDICATION. KNOWING SERVING INMATE FOOD WHICH IS CONTRIBUTING TO DAMAGE ACCURING TO INMATE HEALTH CITE COST, IS KILLING ME SLOWLY, FAILURE TO ACT WHEN BEING AWARE OF DAMAGE, FOOD BEING COMSUMED IS NOT "HEART HEALTHY". ALSO VIOLATE TITLE II OF THE ADA AND REHABILITATION ACT.

PHYSICAL HARM. HAVING TO SUFFER IN PAIN WITHOUT MEDICATION IN RETALIATION, FOR BEING EMOTIONALLY + MENTALLY INJURY BY DR. MILLER, CONFLICT OF INTEREST OF DR. DIAZ BEING SUPERVISER, FAILER ACT TO INTERVEN MAKES HIM CULPABLE TO STATED ACTION. FAILURE TO AUTHORIES DIET DO TO DEPARTMENT OF CORRECTION, AND RUTGERS BEHAVIOR CARE, IS SHORTING INMATES LIFE EXPECTANCY, UNABLE TO USE BATHROOM REGULARLY; STARVING MOST NIGHT, BECAUSE CONSUMING MEAL ▆ MOST DAYS IS LIKE PLAYING RUSSON ROULET WITH GUN.

SUFFER DAMAGE. UNABLE TO USE BATHROOM, ▆▆▆▆HUNGRY DOCTOR INFORMING INMATE NOT TO CONSUME SOME FOOD. SEVERE PAIN, UNABLE TO SHOWER TROUBLE CHANGING DIAPER + CATHETER, MENTAL + EMOTION INJURY, CANT SLEEP DO TO PAIN NIGHTMARES, AND ONLY GOD KNOWS WHAT PERMANENT PHYSICAL DAMAGE THEIR WILL BE CAN'T RAISE ARM. AFTER SPEAKING TO DR. DIAZ SUPERVISE OF N/P JENNIFER ▆▆▆ FAIRSTEAD

FAILURE TO ADDRESS INMATE INQUIRY AND GRIEVANCE, DELIBERATE INDIFFERENCE OF OBTAINING MEDICAL REPORT PERTAINING TO INMATE MEDICAL PROBLEM AND REFUSAL TO ADDRESS, REQUEST CONCERNING SAID MATTER IS NEGLIGENCE.

DR. DIAZ HAD INMATE TRANSPORTED TO SFMC FOR CAT SCAN INMATE ASS-WAS ON RIGHT SHOULDER, BUT WAS TAKEN OF CHEST WITHOUT CONSULTING INMATE OF GIVEN NOTIFICATION OF CONDITION.

J. NINTH DEFENDANTS NAME JENNIFER FAIRSTEAD

OFFICIAL POSITION NURSE PRACTITIONER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON, 215 BURLINGTON ROAD
BRIDGETON, NJ 08302

VIOLATION OF TITLE **II** OF THE ADA AND THE REHABILITATION ACT, BREACH
OF DUTY, WANTON NEGLIGENCE, FAILURE TO PERFORM LEGAL DUTY ACCO-
RDING MEDICAL ASSOCIATION, EIGHTH AMENDMENT VIOLATION, FAILURE TO
ADHERE WITH LEGISLATIVE LAWS MADE FACILITY HANDICAP ACCESSIBLE
WHEN RECEIVING FEDERAL GRANT MONEY, CAUSING PHYSICAL, EMOTION,
MENTAL, INJURY DO TO NEGLIGENCE, DISCRIMINATION AGAINST ADA
INMATE IN WHEELCHAIR IN SEGREGATION, VIOLATION FIRST AMENDMENT
RIGHT TO REDRESS FAILURE TO TRAIN, OR SUPERVISE, NURSE PRACTITIONER
MS. FAIRSTEAD MEDICAL REMEDY INQUIRY FORMS ARE TO BE ADDRESS
AND NOT HELD, OR DISPLAYED TO INMATE IN CELL WINDOW, BUT NEVER
ANSWER IN RETALIATION FOR REFUSING SECOND OPERATION, AND WITH-
HOLD PAIN MEDICATION TO CAUSE PHYSICAL INJURY INDIVIDUAL
CAPACITY AND WORK CAPACITY

JENNIFER FAIRSTEAD - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE OR ACT TO RULES, REGULATION AND PROCEDURE, OR PRINCIPLES OF CONDUCT PROMULGATED BY THE LEGISLATIVE AUTHORITY AND MEDICAL ASSOCIATION PROTOCOL. HAS VIOLATED CONSTITUTIONAL RIGHTS AND EIGHTH AMENDMENT, DELIBERATE INDIFFERENCE TO MEDICAL NEEDS.

ON 12/28/2016 ON OR ABOUT 9:00AM NURSE PRACTITIONER, JENNIFER FAIRSTEAD CAME TO ACSU C-POD CELL 1026, SHE DISPLAYED A INMATE INQUIRY SYSTEM FORM TO WINDOW. THAT I'D WRITTEN ON 12/23/16 REQUESTING ASSISTANCE OF ANOTHER ORTHOPEDIC DOCTOR OR SURGERY OTHER THAN DR. MILLER DO TO HIS EVASIVE SURGERY, OPERATING EVEN THOUGH HE HAD KNOW ACTUAL KNOWLEDGE OF WHERE THE DAMAGE WAS WITHOUT PERFORMING MRI X-RAY DYE PROCEDURE. IT'S WORTH NOTING I HAD NEVER SEEN, OR SPOKEN TO N/P MS. FAIRSTEAD BEFORE THE DAY QUESTION, SHE STATED: STOP COMPLAINING AND YOUR SHOULDER YOU REFUSED DR. MILLER SECOND OPERATION. SO I'M GOING TO BE STOPPING YOUR PAIN MEDICATION." NOW YOU EITHER SUFFER IN PAIN OR RECONSIDER AND HAVE THE SECOND OPERATION. I TRIED TO EXPLAIN MY REASON FOR NOT TRUSTING DR. MILLER JUDGEMENT, AND FAILURE TO ORDER PROCEDURE WHICH WOULD HAVE CONFIRMED SAID DAMAGE WAS TOTALLY IGNORED BY HIM. SHE STATED: "YOUR INCARCERATED FOR A CRIME AND COMPLAINING ABOUT MEDICAL TREATMENT I'M PAYING SO JUST SUFFER, AND BY THE WAY NOBODY OVER HE IN SEGREGATION WHICH IS MY AREA WILL BE ON PAIN MEDICATION NO MATTER WHO IT IS. AND SHE WALKED AWAY. REFUSING ANY RESPONSE TO INMATE INQUIRY SYSTEM, WHY'LL CHARGING $5 DOLLAR FOR CHRONIC OR ANY OTHER REQUEST WITHOUT SEE YOU.

DUE CARE - HAD A LEGAL DUTY OWE OTHER, HER OBLIGATION AND MEDICAL OBLIGATION THAT INTENTIONAL ACT OF AN UNREASONABLE CHARACTER IN DISREGARDING OF A RISK KNOWN TO OTHER IS NEGLIGENCE. HER OBLIGATION TO REPORT GRIEVANCE, AND PROVIDE PROPER EXSPECIALLY BE AWARE THE SECOND SURGERY WAS WARRANTED CONFIRMS SHE KNOW OF PHYSICAL INJURY.

JENNIFER FAIRSTEAD - "PAGE #2"

BREACH OF DUTY - HER STATEMENTS AND ACTION TO STOP PAIN MEDICATION IN RETALIATION FOR REFUSING SECOND SURGERY, AND WITHDRAWING PAIN MEDICATION STATING SUFFER IN PAIN OR AGREE TO SECOND SURGERY IS A WILLFUL, AND RECKLESS CONDUCT, HIGHLY UNREASONABLE CONDUCT, WHICH IS AN EXTREME DEPARTURE FROM ORDINARY CARE IN SAID SITUATION IS HIGHLY DEGREE OF DANGER WITH IS A BREACH OF DUTY

BREACH THIS DUTY - BY DISCONTINUING PAIN MEDICATION, JUST TO CAUSE PAIN AND SUFFER TO INMATE, EVEN AFTER BEING AWARE THAT SECOND SURGERY WAS WARRANTED. WHICH CONFIRM THAT A MEDICAL DOCTOR, KNOW A PHYSICAL INJURY EXIST. HER NEGLIGENCE CAUSED PAIN + SUFFERING VIOLATING EIGHTH AMENDMENT RIGHT.

PHYSICAL HARM - HAVING TO SUFFER IN PAIN WITHOUT MEDICATION OR ASSISTANCE OF ANOTHER ORTHO DOCTOR, DO TO V/P FAIRSTEAD MISCONDUCT AND BLOCK ANY ACCESS TO INMATE INQUIRY "GRIEVANCE BEING ADDRESSED. HAD CAUSE MENTAL AND EMOTION INJURY, WHICH HINDER MY ABILITY TO CHANGE DIAPER + CATHETERS, WHICH ARE MEDICALLY NEED. NOT TO MENTION THE HEARTSHIP THATS BEEN ADD BECAUSE OF WHEELCHAIR, AND CELL THAT NOT HANDICAP ACCESSIBLE.

SUFFERED DAMAGE - SEVERE PAIN, UNABLE TO SHOWER, TROUBLE CHANG- ING DIAPER + CATHATER, MENTAL AND EMOTION INJURY, CANT SLEEP DO TO PAIN, NIGHTMARE, AND ONLY GOD KNOWS WHAT PERMANENT PHYSICAL INJURY THEIR WILL BE, CANT RAISE ARM, AFTER SPEAKING TO DR. DIAZ SUPERVISE OF V/P FAIRSTEAD, MEDICATION WAS STOPPED ON 2/1/12

K. TENTH DEFENDANTS NAME SGO. MARVIN

OFFICIAl POSITION OFFICER LOCK UP / SEGREGATION

PlACE OF EmPLOYMENT SOUTH WOODS STATE PRISON. 215 BURLINGTON ROAD
BRIDGETON. NJ 08302

ViolATION OF TITLE II OF THE ADA AND THE REHABILITATION ACT, BREA-
CH OF DUTY, WANTON NEGLIGENCE, FAILURE TO PERFORM LEGAL DUTY
ACCORDING TO LAW, EIGHTH AMENDMENT ViolATION, FAILURE TO ADHERE
WITH LEGISLATIVE LAWS MADE FACILITY HANDICAP ACCESSIBLE WHEN
RECEIVING FEDERAL GRANT MONEY, CAUSING PHYSICAL, EMOTION, MEN
TAL, INJURY DO TO NEGLIGENCE, DISCRIMINATION AGAINST ADA INMATE
IN WHEELCHAIR IN SEGREGATION, FAILURE OF PRISON OFFICIAL TO TRAIN,
SUPERVISE OFFICIAL IN LEGAL DUTY DEALING WITH ADA DISABLE IN-
MATE IN WHEELCHAIR, ViolATION OF FIRST AMENDMENT RIGHTS TO
REDRESS GRIEVANCE AND NOT WITHHOLD THEM IN RETALIATION. IN-
DIVIDUAL CAPACITY AND WORK CAPACITY.

Sgo. MARVIN - KNOW OR SHOULD HAVE KNOWN HIS ACTIONS ON 3/21/16 Would Voilate the Following CONSTITUTIONAL RIGHT, GROSS + WANTON NEGLIGENCE, LACK OF DILIGENCE, DUE CARE, BREACH OF CONTRACT, NEGLECT OF DUTY AND DELIBERATE INDIFFERENCE TO INMATES MEDICAL NEEDS. ON 3/21/16 SGT. W. SHORTER ESCORTED INMATE TO "D" BUILDING, WHERE HE PLACED INMATE IN SCO. MARVIN CARE, WHO INFORMED ME I WOULD BE STRIPPED SEARCH GIVEN JUMPSUIT AND PLACEST IN CELL, I INFORM SCO. MARVIN ABOUT MY MEDICAL CONDITIONS AND NEEDS, STAPLES IN RIGHT SHOULDER, MEDICAL EQUIPMENT DIAPER AND CATHATERS ARE NEEDED, BECAUSE OF WHEELCHAIR HANDICAP ACCESSIBLE CELL WAS NEEDED, I INFORMED SCO. MARVIN THAT I NEEDED TO CHANGE THE DIAPER AND CLEAN MYSELF BEFORE STRIP SEARCH, "HE STATED YOU SHIT YOURSELF A GROWN MAN, I NOT TOUCHING YOU, SGT. W. SHORTER HAD LEFT, SCO. MARVIN CALL A PORTER "INMATE" AND ORDERED HIM TO PUSH ME IN CELL 20 I AGAIN INFORMED SCO. MARVIN MEDICAL EQUIPMENT WAS NEED TO CLEAN MYSELF. HE THEIR AREN'T ANY HANDICAP ACCESSIBLE CELL, AND INMATE POLICIES + PRO-CEDURES GOVERNING "LOCK-UP" WHICH STATES IF INMATE IS UNABLE TO GET IN AND OUT OF BED ON HIS OWN TO RECEIVE FOOD OR MEDICATION, THEN SAID INMATE WOULDN'T RECEIVE THEM, BECAUSE CELL DOOR COULDN'T BE OPENED FOR SUCH THING. SCO. MARVIM STATED THEIR WASN'T ANYTHING HE COULD DO FOR ME, HE LEFT ME IN MIDDLE OF FLOOR IN CELL 20 AND WALKED AWAY 3/21/16 + 3/22/16 EVERY SHIFT DEREGARDED REQUEST FOR HELP. NURSE "JANE DOE" STATED ON 3/22/16 THAT PROVIDER," SHERITA LATIMORE COLLIER, MD STATED NOTHING WAS WRONG, GAVE ME '3' DIAPER SOME WIPES AND LEFT, BEING AT AT THEIR MERCY AND IN SEVERE PAIN, I PULL MAT OFF BED ON FLOOR IN FRONT CELL DOOR, WHERE I WAS ABLE TO GET UP ONCE OUT OF WHEELCHAIR WITHOUT HELP, BUT WAS THE ONLY WAY TO EAT GET MEDICATION AND TRY TO CLEAN MY-SELF AS BEST I COULD," NOW CONFINED TO FLOOR PROBLEMS WERE WORSE, KNOW PLASTIC BAG FOR WASTE OR WATER TO CLEAN MYSELF. ALSO WAS REFUSED THE MEDICAL CHAIR TO SHOWER KNOW ONE WOULD HELP ME INTO IT. OFFICERS

Sgt. Marvin "Second Page" - and medical staff left in said condition even though nurse supervisor "Jane Doe" came and failed to act. On 8/24/16 Lt. Clark during his rounds seen inmate on floor in stated condition and had me moved to emergency care unit stating I couldn't be in his area in that condition. These action also voilated inmates constitutional right of title II of the ADA and Rehabilitation Act. Eighth Amendment voilation.

DUE CARE Failure to exercise due care, by failing to perform specific duty required by law, legal duty owed other, his obligation to aid and help and not placed disable inmate in wheelchair in unreasonable risk of in situation were he couldnt function or care for self do to physical injury.

BREACH DUTY Failure to honor Article II + III Performance of Duty Sec. 5. - Failure to take action when the situation requires it constitutes neglect of duty Sec. 1. No officer shall discriminate against, or harass any employee, inmate, parole, or members of the general public based upon that individals conduct. Violative of 2. C. Sec #2. No officer shall (A) engage in threatening, or assaultive conduct Conflict of Interest. Violated legal duty to insure obligation, which was disregarded your duty.

HARM Violate title II of the ADA and Rehabilitation Act discrimination against disable inmate in wheelchair with staples in right shoulder. Negligence has caused physical injury.

L. ELEVENTH DEFENDANTS NAME  SCO. WATERS

OFFICIAL POSITION:  OFFICER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON, 215 BURLINGTON RD.

BRIDGETON. NJ 08302

Violation of TITLE II OF THE ADA AND THE REHABILITATION ACT, BREACH OF DUTY, WATON NEGLIGENCE, PRISON OFFICIAL FAILURE TO TRAIN, SUPERVISE, STAFF UNDER HIS CONTROL, EIGHTH AMENDANT VIOLATION, FAILURE TO AD- HERE WITH LEGISLATIVE LAWS MADE FACILITY HANDICAP ACCESSIBLE TO ALLOW PRIVACY WITH CHANGING DIAPER + CATHETER EYE OF INMATES AND FEMALE OFFICER, AND OTHER STAFF. CAUSING PHYSICAL, EMOTION, MENTAL, INJURY DO TO OFFICER NEGLIGENCE, DISCRIMINATION AGA- INST ADA INMATE IN WHEELCHAIR, INTENTIONALLY INTERFERR- ING WITH MEDICAL ORDER ONCE PRESCRIBED, RETALIATION AG- AINST INMATE FOR FILING COMPLAINT, INTENTIONLLY PUTTING INMATE IN UNREASONABLE RISK OF HARM. INDIVIDUAL CAPACITY AND WORK CAPACITY.

Sco. Waters - know or should have known. Failure to adhere or act concerning New Jersey Department of Correction, Rules, Regulations, Procedure, or principles of Conduct Promulgated by Legislative Authority and Protocol. Has Violated Constitutional Rights and Eighth Amendment Rights.

Procedural History and Statement of Facts are inextricably intertwined. They Presented together for Purpose of clarity and for the Court Convenience.

On 8/3/2015 South Woods State Prison, Authority Placed me on Sco. Waters Tier. Numerous Incidents have accured. On 8/19/2015 During Mess call Sco. Waters stated Your Faking I heard that You can walk, Medical Department told me this. I Informed Her Inquiry will be make to Commissioner to see why Your violating the "HIPPA" Law, at medication Pick-up I see the Doctor Informing Her a Complaint was being and I relayed to Her what Sco. Waters said. She stated I Haven't spoken to Her About Your Medical Conduct, Sgt. Tard and Lt. Taylor were notified, Next Day Sco. Waters made statement to Inmate Population that I was a snitch. There to Incidents to transcribe so I will detail them like this: told Inmate Population, at Mess other Inmate Right there Has HIV, and Nurse who Informed Her was moved, Put Hits out on Inmates, Sprayed Inmates with mace, was suspended for Some of These action, or moved to other facility only to Return. On 9/11/2015 I had a sheet up in Room 1052 with three other Inmates occupying the cell at the time, changing Diaper + catheter, trying to clean myself I Notes Sco. Waters watching me though the window outside the, inquired what she was doing and I didn't Feel comfortable she just stayed their, at medication call informed Lt. Taylor was retaliated against on 9/17/2015, Being moved to facility, were I had enemys. On 9/18/2015 I notified Sct. J Valle that Problems with some Blood member, and needed to be moved Inform Sct. J Valle about "Grievance" dated 2010 will confirm

Sco. Waters - "Page #2"

Problem exist before coming to SWSP. P. Sgt. J. Valle informed the only was she could help was if I refuse to lock in. With this history on 6/11/2016 I was once again moved to Sco. Waters tier. First day confiscated my medical supplies, intentionally with pro-scribe medical treatment again Lt. Taylor was notified: were I requested to be moved next door but Sco. Waters told Lt. Taylor that wasn't neccary. Numerous other incidents happen which I will document (Do to the length it would take to transcribe)

On 10/17/2016 on or about 6:30 am. Sco. Waters preceded to violently banging on the door, everyone was looking at Sco. Waters; she opened the door stating Do something to that motherfucker and I won't have to bang like that. I tried to explained to Sco. Waters not to make statements for us to get him, because inmate in question had just came from Emergency Care Unit. on close watch for trying to hurt him-self. And them statement won't be carried out in this room, but could cause problems for us in the room, you don't know his state of mind. Sco. Waters stated I got something for all you motherfucker, and slammed the door and left. Sco. Waters didn't feed 1054, but after mess was over. I was over at toilet had just insert a catheter, Sco. Waters swung the door open, informing other to step out. Why'll telling me to stay put.

She patted the other pocket, order them out Tucker 767008, Albright 443895B, and Ritter 801432C (inmate she want us to get) they went and set on step looking in the room. I started to move towards the door only to be stop, Sco. Waters told me to get up wheelchair has to be searched. But she had put her hand between, leg's feeling my penis asking me what is that. I was scared to to deaf because I thought she was trying to set me up for a sex charge. I told her that I didn't feel comfortable, she said are you refusing a search I said know, I was trying to roll to the bed so she could search the wheelchair. I slid out the wheel-chair on to bed, she didn't check wheelchair, but ordered me to pull down pant stating your hiding something. I pull the front

Sco. WATERS - "PAGE #3

OF PANT, BUT Sco. WATERS REACH OUT GRABBING MY PANT PULLING UNDERWEAR CAME OFF TO EXPOSING DIAPER, STUCK HER HAND IN THEN ORDERED ME TO REMOVE DIAPER. ONCE THIS WAS DONE EXPOSSING CATHETER WHICH SHE PULLED OUT. BECAUSE I WAS UNABLE TO GET SHE PUT HER HAND BETWEEN, UP UNDER MY ASS. "FRONT AND BACK" AS I WAS PUTTING ON BUT STOP AND REACH FOR A DIAPER, SHE OR-DERED ME NOT TO PUT ONE ON. I TOLD Sco. WATERS SHE WAS INTER-FERING WITH A PRESCRIBED MEDICAL ORDER. PULL PANTS ON SLID BACK IN WHEELCHAIR AND STARTING GOING OUT THE DOOR, WERE SHE STOPPED ME, STATED OUT LOUD OPEN YOUR LEG'S ARE YOU REFUSING A SEARCH YOU JUST SEARCHED ME. I TOLD HER, AGAIN PUT HER HAND BETWEEN LEGS, AND DOWN BACK SIDE UNDER ASS., AND AGAIN IN FRONT GRABBING MY PENIS. I START TALKING REALLY LOUD STATING I WANTED TO SEE THE SERGEANT BECAUSE OF THE SITUATION, "NOW WE WERE, ON CAMERA BUT Sco. WATERS TO MY SURPRISE ORDERED ME BACK IN THE ROOM STRIP SEARCHING ME, AND FEELING ON PRIVATE PARTS OF MY BODY. AFTER ALL OF THIS ON AND OFF CAMERA, SHE CALLED A INMATE TO THE ROOM ORDERING HIM TO PROCEED TO BUBBLE AND TELL OFFICER TO CALL THE SERGEANT, Sco. WATERS THEN INFORMED SAID SERGEANT I REFUSED A SEARCH. THEN SERGEANT TOOK ME TO, HOLDING CELL SEARCHING ME OF COUSE FINDING NOTHING. INFORMING SERGEANT OF SITUATION, BUT HE STATED JUST INGORE HER HER ACTION IS CRIME I TELL HIM. WATCH YOURSELF HE STATES. I INFORM SPECIAL INVESTIGATION DIVI-SION, Sco. WATERS HAS KNOW FEAR OF BEING HELD ACCOUNTABLE SHE BECAUSE, HER ACTION WAS REPEATED ON 11/4/2016, AND REQUESTED BOTH VIDEO'S TO BE RETAIN FOR COURT PROCEEDS. Sco. WATERS ALSO CONFISCATED MEDICAL SUPPLIRS ON 10/7/16 AND AGAIN ON 11/4/16. ALSO VIOLATED PRIVACY RIGHTS OF US TOILET OR CHANGING MEDICAL SUPPLIES, DUE CARE - FAILURE TO EXERCISE PROPER CARE TO INMATE CON - FINED TO WHEELCHAIR WITH MEDICAL ISSUES, VIOLATING RIGHTS OF TITLE

SCO. WATERS - "PAGE #4

II. OF THE ADA AND REHABILITATION. DISCRIMINATION AGAINST DISABLE INMATE IN WHEELCHAIR. ACCORDING TO PRIVACY LAWS SCO. WATERS IS AWARE, "PRISON OFFICIALS MAY ENGAGE IN STRIP OR BODY CAVITY SEARCHES AFTER CONTACT VISITS". HOWEVER, THESE SHOULD NOT BE CONDUCTED IN THE PRESENCE OF GUARDS OF THE OPPOSITE SEX. INTENTIONALLY INTERFERING WITH TREATMENT ONCE PROSCRIBED. ARTICLE III PERFORMANCE OF DUTIES SEC 2 "NO OFFICERS SHALL DISCRIMINATE AGAINST OR HARASS ANY EMPLOYEE, INMATE, PAROLE, OR MEMBER OF THE GENERAL PUBLIC UPON THAT IN-DIVIDALS. CONDUCT VIOLATES OF Z.C.

BREACH DUTY - ADMINISTRATOR BONDS, ASS. ADMIN. RIGGINS AND ASS. SUPERINTENDENTS CLINE & SWIFT, LT. TAYLOR AND SERGEANT TARD, AND ANY OTHER SUPERVISORS UNKNOWN TO ME WHO FAIL TO TRAIN AND SUPERVISE THE SECURITY OF SCO. WATERS. ACTIONS INTENTIONALLY INTERFERING WITH PROSCRIBED MEDICAL TREATMENT, STRIP AND CAV-ITY SEARCH OF OPPOSITE SEXUAL CONTACT OF INMATE, VIOLATING PRI-VACY LAWS WATCHING INMATE CHANGING CATHETERS. DIAPER, IN FRONT OF OTHER INMATES.

HARM = SEVERE PAIN SNATCHING OUT CATHETER FROM PENIS, STRIP AND CAVITY SEARCH IN PRESENTS OF INMATE POPULATION, VIOLAT-ING TITLE II OF THE ADA AND REHABILITATION ACT DISCRIMINATION AGAINST DISABLE WHEELCHAIR INMATE.

DAMAGE SUFFERED - THREATS AND RETALIATION BY OFFICER AND SPECIAL INVESTIGATION DIVISION PERSONAL, SID PETIT, SID PERRY, SID JOHN DOE AND SERGEANT J. VALLE, SEVERE PAIN WHEN URINAT-DOTO SCO. WATERS NEGLIGENCE, WHICH HAS CAUSED PHYSICAL INJURY, MENTAL + EMOTION INJURY, UNWARRANTED SEXUAL CONTACT. BECAUSE OF THE CONFLICT OF INTEREST, THAT EXIST IN SWSP SCO. WATERS HAS BEEN ABLE TO RUN RAMPANT SUBORDINATES NAME ABOVE ARE OR HAVE BEEN COMPLICITY IN SCO. WATERS ACTION WHICH WILL BE DETAILED.

M. TWELFTH DEFENDANTS NAME  S.I.D PERRY

OFFICIAL POSITION SPECIAL INVESTIGATION DIVISION OFFICER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON. 215 BURLINGTON RD.
BRIDGETON, NJ 08302

VIOLATION OF TITLE II OF THE ADA AND THE REHABILITATION ACT, BREA-
CH OF DUTY, WANTON NEGLIGENCE, PRISON OFFICIAL FAILURE TO TRAIN,
SUPERVISE, STAFF, OFFICER UNDER HIS CONTROL, EIGHTH AMENDMENT
VIOLATION, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE FAC-
ILITY, CONFLICT OF INTEREST TO PROTECT SUBORDINATE, RETALIATO-
RY ACT FOR FILING PREA, SEXUAL CONTACT COMPLAINT, MOVED IN RETAL-
IATION, PHYSICAL, EMOTION, MENTAL, INJURY, DISCRIMINATION AGAINST
ADA IN WHEELCHAIR, RETALIATORY ACTS FOR SUBORDINATES, INTEN-
TIONALLY PUTTING INMATE IN UNREASONABLE RISK OF HARM, INDIVID-
UAL CAPACITY AND WORK CAPACITY

S.I.D PERRY - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE OR ACT CONCERNING NEW JERSEY DEPARTMENT OF CORRECTION, RULES, REGULATIONS, PROCEDURE, OR PRINCIPLES OF CONDUCT PROMULGATED, BY LEGISLATIVE AUTHORITY AND PROTOCOL HAS VIOLATED CONSTITUTIONAL RIGHTS, AND EIGHTH AMENDMENT RIGHTS.

A INMATE THAT WITNESSES SAID INCIDENT GAVE ME THE NUMBER TO SPECIAL INVESTIGATION DIVISION, IN SOUTH WOODS STATE PRISON. I CALLED ON 10/11/2016, AND ASKED FOR SID PERRY AS INSTRUCTED. BUT PERSON ON PHONE NOTIFIED ME THAT SID PERRY WASN'T IN, I INQUIRED TO WHOM WAS I SPEAKING "MR. PETIT" HE STATED, THEN ASK'S ME WHAT WAS THE PROBLEM. I EXPLAINED A BRIEF SCENARIO OF SCO. WATERS ACTION, BECAUSE OF THE TRACK RECORD OF SWSP PRISON, RETALIATION AND PHYSICAL HARM. I WANT COMMISSIONER OF D O C TO RECEIVE HAS COPY FOR REASON STATED, SID PETIT INFORMED ME TO CALL TOMORROW SID PERRY SHOULD BE HERE. 10/12/16 SID PERRY ANSWERED THE PHONE, INFORMED HIM IT WAS IMPERATIVE A INTERVIEW SHOULD, SCHEDULED BECAUSE OF EVIDENT OF PREA VIOLATION, AND NUMEROUS OTHER. HE INFORMED ME A INTERVIEW WOULD BE SCHEDULED IN FUTURE, UNTIL I NOTIFIED HIM A CORRESPONDENCE HAD ALREADY BEEN SENT TO COMMISSIONER OF DOC. HE YOU'LL BE CALLED THIS AFTERNOON. AROUND 2:45PM WAS CALLED TO VISITING HALL #2, WERE I HAND DELIVERED EXHIBIT A-6 (2 PAGE) TO SID PERRY HE READ BOTH DOCUMENTS, AND TO MY SURPRISE HE SAID LAUGHING, GOING OVER SCO. WATERS ACCUMULATE OF COMPLAINTS AND INCIDENTS, HE STATED, SHE SPRAY INMATE WITH MACE, INMATES POPULATION ON TIER, SCO. WATERS RECEIVE INFORMATION FROM NURSE INMATE ON TIER HAD HIV. BUT WE GAVE HER A FEW DAY'S OFF, MOVED HER TO DIFFERENT FACILITY FOR A DAY OR TWO. SHE HAS BEEN DOING THINGS LIKE THIS FOR YEARS, I STOP SID PERRY AND ASK HIM HOW LONG HE KNOW SCO. WATERS. EVERY SENSE I WORKED HERE AS A OFFICER I STARTED PACKING PAPER, AND INFORMED HIM, ANY THING HE DO IS CONFLICT OF INTEREST. DON'T WORRY I'LL RECOMMEND SHE BE MOVED FOR A DAY OR TWO, I INFORMED

SID PERRY "PAGE #2

HIM THAT WOULDN'T DO I WANT TO FILE CHARGES, HE ASK ME DID I KNOW WHERE I WAS AT. I GIVING YOU SOME GOOD ADVISE LET THIS SHIT GO. PEOPLE HAVE BEEN FUCKED-UP, OR KILLED FOR LESS IN SWSP, WITH NOTING HAPPENING TO THEM. I MAKE INMATES LIFE'S HELL IN HERE, AND IF YOU DON'T DROP THIS BULL-SHIT COMPLAINT YOU WILL GO TO THE TOP OF MY LIST. I REQUESTED TO SPEAK TO SID PETIT, BECAUSE OF HIS THREATS, CONFLICT OF INTEREST. HE STATED PLEASE, SID PETIT, SERGEANT DILKS WERE BROUGHT UP ON CHARGES OF ASSAULTING INMATES WHEN THEY WERE ON GANG-UNIT. NOTHING SHORE THEY HAVE TO LEAVE THE UNIT BUT NOW HE'S SPECIAL INVESTIGATION DIVISION. YOUR GOING TO FIND THE TROUBLE YOUR LOOKING FOR NOW GET OUT. HE REFUSE TO QUESTIONED 3 WITNESSES.

DUE CARE - FAILURE TO EXERCISE DUE CARE, BY FAILING TO PERFORM SPECIFIC DUTY REQUIRED BY LAW, TO INVESTIGATE COMPLAINTS WITHOUT ILL WILL, HATRED OR BIAS TOWARD INMATE SUBMITTING COMPLAINTS, AND CONFLICT OF INTEREST FOR SUBORDINATES, IS SUCH THAT IMPARTIALITY CANNOT BE ACHIEVED AND A FAIR OUTCOME CANNOT OCCUR. YOUR FAILURE TO CARRY OUT LEGAL DUTY TO PROTECT AND SERVE.

BREACH DUTY - FAILURE TO HONOR ARTICLE II & III PERFORMANCE OF DUTIES SEC 5. FAILURE TO TAKE ACTION WHEN THE SITUTION REQUIRES IT CONSTITUTES NEGLECT OF DUTY SEC 1 - NO OFFICER SHALL DISCRIMINAT AGAINST, OR HARASS ANY EMPLOYEE, INMATE, PAROLE, OR MEMBERS OF THE GENERAL PUBLIC BASED UPON THAT INDIVIDALS, CONDUCT VIOLATIVE OF 2:C. SEC 2. NO OFFICER SHALL (A) ENGAGE IN THREATENING, OR ASSAULTIVE CONDUCT, CONFLICT OF INTEREST HE VIOLATED BECAUSE COMPLAINT WHICH LEGEL DUTY AND OBLIGATION WHICH REGARDED FOR ONE DUTY, WHICH WAS DISREGARD FOR SUBORDINATES,

HARM - THREATS AND RETALIATORY ACTS, WHICH HAVE ACCURED AND THEY HAVE MOVED ME IN RETALIATION ONLY TO BE RETURNED. PUTTING INMATE IN UNREASONABLE RISK OF HARM,

DAMAGE EIGHTH AMENDMENT RICHTS VIOLATION, TITLE II OF THE ADA AND ████████████ REHABILITATION ACT DISCRIMINATION AGAINST DISABLE WHEELCHAIR INMATE.

Eric Hines #663503/1469938                          10/11/2016
South Wools State Prison
215 Burlington So. Rd.
Bridgeton, NJ 08302


Gary M. Lanigan, Commissioner
State of New Jersey Department of Correction
Whittlesey Road
P.O. Box 863
Trenton, NJ 08625-0863


Re: Cruel and Unusual Punishment, Derogatory Statement,
    Interfering with Proscribed Medical Order, Incorporating
    inmates to chastise another one, search inmates three time
    excessive touching, then lying situation by Sco. Waters.


Dear Mr. Lanigan,

        Please be advised Arbitrary and Capricious decision have
been allowed to run rampant by Sco. Waters. On numerous occasion
Sco. Waters has been investigated for transgression against
other inmates. Resulting in suspension or being moved to another
facility, only to return and continue violating the policy and
procedure of Department of Correction. Sco. Waters has announce
inmates, Medical Records, threaten inmates with mace, informed
inmate Hines catheter and pamper inmates should be living in
RCU, why'll refusing me the privies. Of the proscribed medical
treatment, standing at window informing inmate to take inner
block down. Exposing myself to three inmates in the room, trying
to change proscribed medical equipment.

        Sco. Waters deliberate indifference can be shown by " a
series of incidents closely related in time" and the "systematic
deficiencies in Sco. Waters personnel policy and procedure [that]
make suffering inevitable... by "knowing acquiscence in the
unconstitutional behavior of Sco. Waters. And still on 10/7/2016
on or about 6:00am. Sco. Waters proceded to violently banging
everyone was looking at Sco. Waters. Opening the door stating
do something to him, and I won't have to bang like that. I
explained to Sco. Waters, that inmate in questioned had just
came from RCU on close watch for trying to hurt himself. And
them statement could cause problems for me in the room, you
don't know his state of mind. Sco. Waters stated I got something
for all of you. The tape will show, Sco. Waters didn't feed
room 1054, after ness Sco. Waters came to the room. Informed
the other inmates to step out, I started to move Sco. Waters
stop me. Stating that wheelchair has to be searched, gave me
a order to get up knowing that I couldn't walk. At this time
only the two of us were in the room, Sco. Waters started patting
my legs saying I was refusing a search. After some difficulty
I slide from the chair to the bed, Sco. Waters search the chair
and me.

It took me sometime to get back in the wheelchair, I started going out the door when Sco. Waters started feeling on me legs and lower back. I informed Sco. Waters that I didn't feel comfortable with this situation because, the search had been performed already and wanted to see the housing Sergeant because it was unprofessional for Sco. Waters to keep feeling on me calling it a search. Then lied to Sergeant stating I refused a search when the camera will confirm Sco. Waters feeling on me then ordering me back into the room.

I'm requesting a full investigation into this matter, and how Sco. Waters could be allowed to continue blatant Cruel and Unusual Punishment. Violating every standard of Department of Correction. only to return and continue that intentional behaving. And the point that he was very aware of Sco. Waters ways and action. but when complaint are submitted there advise " yes were aware of Sco. Waters just stay away from her or write a complaint" and nothing happens. Please also notice on the camera Sco. Waters called inmate to the room and ordered him to go to control booth and tell officer to call the Sergeant. Which is a violation of 10:A Administrative Code and The rules and regulation of the Department of Correction, security, these action violate the safety of inmates and Correction. Which is the reason I requested a investigation from Special Litigation Section, U.S. Department of Justice Civil Rights Division, because nothing has been done to date.

It worth noting, any Harassment, physical threats, transfer to another prison, or tier move will be taken as a form of retaliation. And to petition the Government for a redress of grievances U.S. Const. amend. I, Then I will file a complaint with the courts.


cc: Special Litigation Section,
    U.S. Department of Justice

    Ronnie Mergies, Esq. Litigation Section

    Farily

                                    Eric Hines

N. THIRTEENTH DEFENDANTS NAME. SGT. J. VALLE

OFFICIAL POSITION SERGEANT

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON. 215 BURLINGTON ROAD

BRIDGETON, NJ 08302

VIOLATION OF TITLE II OF THE ADA AND THE REHABILITATION ACT, BREACH
OF DUTY, WANTON NEGLIGENCE, PRISON OFFICIAL FAILURE TO TRAIN, SUPER-
VISE, STAFF, OFFICER UNDER HIS CONTROL, EIGHTH AMENDMENT VIOL-
ATION, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE STATED
VIOLATION A CRIME, CONFLICT OF INTEREST TO PROTECT SUBORDINATES
RETALIATORY ACTS FOR FILING PREA. SEXUAL CONTACT, AND OTHER
CHARGES AND COMPLAINTS, MOVED IN RETALIATION, PHYSICAL, EMOTION
MENTAL, INJURY, DISCRIMINATION AGAINST ADA IN WHEELCHAIR,
RETALIATORY ACTS FOR SUBORDINATES, INTENTIONALLY PUTTING
INMATE IN UNREASONABLE RISK OF HARM. INDIVIDUAL CAP-
ACITY AND WORK CAPACITY.

SGT. J. VALLE - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE, OR ACT CONCERNING NEW JERSEY DEPARTMENT OF CORRECTION, RULES, REGULATION, PROCEDURE, OR PRINCIPLES OF CONDUCT PROMULGATED, BY LEGISLATIVE AUTHORITY AND PROTOCOL HAS VIOLATED CONSTITUTIONAL RIGHTS, AND EIGHTH AMENDMENT RIGHTS.

ON 9/17/2015 SCO. WATERS HAS ME MOVE IN RETALIATION, FOR FILING, AND REPORTING COMPLAINTS PERTAINING TO HER ACTION, ON FACILITY #3 REPORTED TO HOUSING OFFICER, THAT FORESEEN ALTERCATION OCCURING, AND BEING IN WHEELCHAIR I COULDN'T PROTECT MYSELF. SGT. J. VALLE CAME OVER THE SITUATION WAS EXPLAINED TO HER, YOU RATTED ON SCO. WATERS NOW YOU WANT ME TO HELP YOU. SGT. J. VALLE STATED ONLY WAY I CAN ASSIST YOU, IS YOU REFUSE TO LOCK-IN, AND THEN YOU CAN BE MOVED. I WAS TRANSPORT TO LOCK UP FOR REFUSING TO LOCK IN. I ASKED SGT. J. VALLE WHY WOULD SHE INFORM ME TO TAKE THAT ACT ONLY TO LOCK ME UP AFTER COMING TO YOU FOR HELP. I WILL NEVER HELP A RAT. WAS LOCK-UP IN "D" BUILDING. HEARING OFFICER CHRISTY RALPH WAS MADE AWARE OF SITUATION, WAS PUT IN FOR HOUSING REVIEW FOR FACILITY #2 PLACEMENT FOR SAFTEY REASON, ON 10/21-2015 WAS TRANSFERRED TO FACILITY #2 HOUSING UNIT #4.

ON 11/8/2016 HOUSING OFFICER ORDERED ME TO PACK YOUR PROPERTY YOUR MOVING, WERE I QUESTIONED,"REPORT TO CENTER SGT. J. VALLE WILL INFORM YOU. I WENT TO CENTER WAS CALLED TO WINDOW BY SGT. J. VALLE, STILL RATTING ON PEOPLE" YOUR NOT GOING TO LEARN UNTIL YOU GET YOUR ASS WHIPPED, THATS WHY YOUR BEING MOVED BACK TO FACILITY #3, I HOPE THEY BEAT THE SHIT OUT OF YOU. NOW GET THE FUCK AWAY FROM MY WINDOW.

DUE CARE - FAILURE TO EXERICE DUE CARE, BY FAILING TO PERFORM SPECIFIC DUTY REQUIRED WHICH IS LEGAL DUTY. TO INVESTIGATE COMPLAINTS WITHOUT RETALIATION, AND ILL WILL, HATRED OR BIAS TOWARD INMATE, CONFLICT OF INTEREST TO PROTECT SUBORDINATES, IS SUCH THAT IMPARTIALITY CANNOT BE ACHIEVED, AND A FAIR OUTCOME CANNOT OCCUR. WHICH IS YOUR OBLIGATION AND LEGAL DUTY TO PROTECT AND SERVE, WHICH HAS FALLEN BY THE WASTE SIDE,

SGT. J. VALLE "PAGE #2

BREACH OF DUTY - FAILURE TO HONOR ARTICLE II & III PERFORMANCE OF DUTY SEC #5, FAILURE TO TAKE ACTION WHEN THE SITUATION REQUIRES IT CONSTITUTES NEGLEAT OF DUTY, SEC 1 - NO OFFICER SHALL DISCRIMINATE AGAINST, OR HARESS ANY EMPLOYEE, INMATE, PARDLE, OR MEMBERS OF THE GENERAL PUBLIC BASED UPON THAT INDIVIDALS, CONDUCT VIOLATIVE OF 2'C SEC #2 - NO OFFICER SHALL (A) ENGAGE IN THREATING, OR ASSAUITIVE CONDUCT, CONFLICT OF INTEREST HE VIOLATED BECAUSE COMPLAINT WHICH LEGAL DUTY AND OBLIGATION WHICH REGARDED FOR ONE DUTY WHICH WAS DISREGARD FOR SUBORDINATES.

HARM - THREATS, AND RETALIATORY ACTS, WHICH HAVE ACCURED, AND THEY HAVE MOVED ME IN RETALIATION ONLY TO BE RETURNED, PUTTING INMATE IN UNREASONABLE RISK OF HARM.

DAMAGE - EIGHTH AMENDMENT RIGHTS VIOLATION, TITLE II OF THE ADA AND REHABILITATION ACT DISCRIMINATION AGAINST DISABLE IN WHEELCHAIR INMATE. RETALIATION, PUTTING A PERSON IN DIRECT HARM OF UNREASONABLE RISK OF HARM.

O. FOURTEENTH DEFENDANTS NAME S.I.D. PETIT

OFFICIAL POSITION: SPECIAL INVESTIGATION DIVISION OFFICER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON, 215 BURLINGTON RD

BRIDGETON, NJ 08302

VIOLATION OF TITLE II OF THE ADA AND THE RAHABILITATION ACT, BREACH OF DUTY, WANTON NEGLIGENCE, PRASON OFFICIAL FAILURE TO TRAIN, SUPERVISE, STAFF, OFFICER UNDER HIS CONTROL, EIGHTH AMENDMENT VIOLATION, FAILURE TO ADHERE WITH LEGISLATIVE LAWS MADE STATED VIOLATION A CRIME, CONFLICT OF INTEREST TO PROTECT SUBORDINATES RETALIATORY ACTS FOR FILING PREA, SEXUAL CONTACT, AND OTHERS CHARGES, COMPLAINTS MOVED IN RETALIATION, PHYSICAL, EMOTION, MENTAL, INJURY, DISCRIMINATION AGAINST ADA IN WHEEL CHAIR, RETALIATORY ACTS FOR SUBORDINATES, INTENTEONALLY PUTTING INMATE IN UNREASONABLE RISK OF HARM. INDIVIDUAL CAPACITY AND WORK CAPACITY

SID PETIT - KNOW OR SHOULD HAVE KNOWN, FAILURE TO ADHERE, OR ACT
CONCERNING NEW JERSEY DEPARTMENT OF CORRECTION, RULES, REGULATION
PROCEDURE, OR PRINICIPLES OF CONDUCT PROMULGATED, BY LEGISLATIVE
AUTHORITY AND PROTOCOL HAS VIOLATED CONSTITUTIONAL RIGHTS, AND
EIGHTH AMENDMENT RIGHTS.

ON 11/15/2016 SPECIAL INVESTIGATION DIVISION, PETIT CAME TO IN-
TERVIEW ME AT THE REQUEST OF HEARING OFFICER, ELIZABETH DIB-
ENEDETTO BECAUSE OF STATED ACTION OF SCO. WATERS AND RETALIATORY
ACTS BY SGT J. VALLE. SID PETIT INFORMED ME HERE WAS GOING
TO VIDEO TAPE THE PROCEEDING, EXPLAINING SCO. WATERS ACTION ACCORD-
ING TO THE INCIDENT, SID PETIT KEPT IMPLYING THAT MAYBE IT
WAS JUST A OVERZEALIST SEARCH. I INFORMED HIM HER ACTION WE-
RE MUCH WORRIES THEN THAT. AFTER STOPPING THE TAPE SID PETIT
ASKED WHAT I WANTED TO HAPPEN, I STATED FOR HER TO BE BRUNG
UP ON CHARGES. HE STATED YOUR COMPLAINT CAN'T BE CONFIRMED BE-
CAUSE YOU WAITED TO LONG, I INFORM HIM OF INTERVIEWED WITH SID
PERRY, ALSO TALKING TO YOU ON THE PHONE, WHICH HE DENIED. HE IN-
FORMED ME TO DROP, PREA AND SEXUAL CONTACT, AND SCO. WATERS WOULD
RECEIVE SOMEDAYS OFF, IF HER STATEMENT OF ORDERING INMATES TO HARM
ANOTHER INMATE COULD BE PROVEN, I GAVE HIM THE NAMES OF
THREE WITNESSES, TUCKER 761700B WHICH DO TO SID PERRY NEGLICENCE
WAS PAROLED. ALBRIGHT 443895B AND RITTER 801433C, THEN I INFORM-
ED SID PETIT THAT KNOW MATTER THE OUTCOME, REQUESTING TO
FILE CHARGE WAS MY WISHES. LISTEN, I HAVE KNOWN SCO. WATERS
FOR YEARS, I DON'T GIVE A FUCK WHAT SHE DID BUT FILING CHARGES
ARE YOU CRAZY. TAKE THE DAYS OFF AND BE HAPPY. LET'S HEAR
WHAT YOUR WITNESS HAVE TO SAY. ON 11/17/2016 SID PETIT CAME BA-
CK WITH JOHN DOE SID OFFICER, SID PETIT STATED I QUESTIONED THE
WITNESS AND THEY CONFIRM SCO. WATERS ORDERED INMATES TO HARM
INMATE RITTER 801433C. AND WE WILL BE MAKING A RECOMMENDATION
FOR DAYS OFF BUT ONLY IF YOU SIGN A DOCUMENT RETRACKING PREA
AND SEXUAL CONTACT CLAIM. I INFORMED BOTH SID OFFICER THAT I
UNDERSTAND HER BEING ABLE TO BREAK THE LAW. BECAUSE OF YOUR
CONFLICT OF INTEREST AND CONSPIRING TO COVER UP COMPLAINTS
BREAKING THE LAW, I INFORMED SID PETIT OF CONVERSATION, WITH

SID PETIT "PAGE #2

SID PERRY, ABOUT HIS OWE CRIMINAL PROBLEM, BUT BEING AWARDED WITH A POST TO COVER UP COMPLAINTS. YOU THINK YOUR A SMART ASS BLACK MOTH———, I GOING TO MAKE YOU WISH YOU NEVER MEET ME THINC HAPPEN TO PEOPLE LIKE YOU DOWN HERE, BUT I'M GOING TO SHOW YOU MY POWER, I'M HAVING YOU MOVED SEE WERE YOUR COM-PLAINT GETS TO. I INFORMED YOU TO LET THIS SITUATION GO BUT, YOUR DUM ASS DOESN'T SEEM TO UNDERSTAND SO I'M GOING TO HELP YOU. I WAS TRANSFERRED TO NSP ON 11/18/2016 ONLY to BE RETURNED 11/21/16 THIS RETALIATORY ACT FOR FILING COMPLAINTS, ON SUBORDINATES COVER-ING UP AND CREATING FOR 4 YEARS, WITHOUT WORRY OF PROSECUTION.

DUE CARE - FAILURE TO EXERICE DUE CARE, BY FAILING TO PERFORM SPECIFIC DUTY REQUIRED WHICH IS LEGAL DUTY. TO INVESTIGATE COMPLAINTS WITHOUT RETALIATION, AND ILL WILL, HATRED OR BIAS TOWARD INMATE, CONFLICT OF INTEREST TO PROTECT SUBORDINATES, IS SUCH THAT IMPARTIALITY CAN-NOT BE ACHIEVED. AND A FAIR OUTCOME CANNOT OCCUR WHICH IS YOUR OB-LIGATION AND LEGAL DUTY TO PROTECT AND SERVE, WHICH HAS FALLEN BY THE WASTE SIDE.

BREACH OF DUTY - FAILURE TO HONOR ARTICLE II + III PERFORMANCE OF DUTIES SEC.#5, FAILURE TO TAKE ACTION WHEN THE SITUATION REQUIRES IT CONSTITUTES NEGLECT OF DUTY. SEC 1 - NO OFFICER SHALL DISCRIMIN-ATE AGAINST, OR HARASS ANY EMPLOYEE, INMATE, PAROLE, OR MEMBERS OF THE GENERAL PUBLIC BASED UPON THAT INDIVIDALS, CONDUCT VIOI-ATIVE OF 2:C SEC#2 - NO OFFICER SHALL (A) ENGAGE IN THREATENING OR ASSAULTIVE CONDUCT, CONFLICT OF INTEREST. HE VIOIATED BECAUSE COMPLAINT WHICH LEGAL DUTY, AND OBLIGATION WHICH REGARDED FOR ONES DUTY WHICH HAS DISREGARDED FOR SUBORDINATES.

HARM, THREATES AND RETALIATORY ACTS, WHICH HAVE ACCURED, AND THEY HAVE MOVED ME IN RETALIATION ONLY TO BE RETURNED, PUTTING IN-MATE IN UNREASONABLE RISK OF HARM, MESSAGE OF HARM ONCE RELEASE TO POPULATION.

DAMAGE - EIGHTH AMENDMENT RIGHTS VIOIATION, TITLE II OF THE ADA AND AND REHABILITATION ACT DISCRIMINATION AGAINST DISABLE INMATE IN WHEEL-CHAIR. RETALIATORY ACTS MOVED, PUTTING INMATE IN DIRECT, WITH OF STAFF, OFFICERS, AND SUBORDINATES. THREATEN FUTURE IF ANY FURTHER CLAIM OR COMPLAINTS ARE SUBMITTED.

P. FIFTHTEENTH DEFENDANTS NAME ___ JOHN DOE #1 ___

OFFICIAL POSITION: SPECIAL INVESTIGATION DIVISION, OFFICER

PLACE OF EMPLOYMENT SOUTH WOODS STATE PRISON. 215 BURLINGTON ROAD

BRIDGETON. N.J. 08302

VIOLATION OF TITLE II OF THE ADA AND THE REHABILITATION ACT. BREACH OF

DUTY, WANTON NEGLIGENCE, PRISON OFFICIAL FAILURE TO TRAIN, SUPERVISE,

STAFF, OFFICER UNDER HIS CONTROL. EIGHTH AMENDMENT VIOLATION, FAILURE TO

TO ADHERE WITH LEGISLATIVE LAWS MAKE STATED VIOLATION A CRIME, CON-

FLICT OF INTEREST TO PROTECT SUBORDINATES, RETALIATORY ACTS FOR FILING

PREA, SEXUAL CONTACT, AND OTHER CHARGES, COMPLAINTS, MOVED IN RETALIATION,

PHYSICAL, EMOTION, MENTAL INJURY, DISCRIMINATION AGAINST ADA IN WH-

EELCHAIR RETALIATORY ACTS FOR SUBORDINATES, INTENTIONALLY PUTTING

INMATE IN UNREASONABLE RISK OF HARM. INDIVIDUAL CAPACITY

AND WORK CAPACITY

S.I.D John Doe #1 know or should have known Failure to Ad-here, or Act Concerning New Jersey Department of Correction Rules, Regulations, Procedure, or Principles of Conduct Promulgated, By Legislative Authority and Protocol Has Violated Constitution Rights, And Eighth Amendment Rights.

On 11/17/2016 John Doe #1 accompanied S.I.D Petit, witnessing S.I.D Action. S.I.D John Doe watch as SID Petit Threaten me For Filing Complaint, Taking Sco.Waters Side Just Because the Interest Invested in There friendship. SID Petit tolded me to sign document Retracking Prea, Sexual Contact Com-plaint, when I Refused SID John Doe, Agree with SID Petit To make Life Hell in South Woods State Prison, and Back up Every Statement SID Petit Said. His Failure to Act Under-the color of Law, witnessing a Crime Being commit against Another. He also stated you be moved without knowing the Facts was Retaliatory Act.

Due Care Failure to Exercise Care, By Failing to Perform Specif-ic Duty Required which is Legal Duty, Invested to Investgate Complaint without Retaliation, and I'll will, Hatred or Bias Toward Inmate. Conflict of Interest to Protect Subordinates is Such That Impartia-lity cannot Be Achieved, and a Fair Outcome cannot occur wh-ich is Your Obligation and Legal Duty to Protect and Serve, Which Has Fallen By Waste Side.

Breach Duty Failure to Honor Articles II + III Performance of Duties sec #5. Failure to Take Action when the Situation Requires it Constitu-tes Neglect of Duty. Sec 1 No officer shall Discriminate Against, or Harass Any Employee, Inmate, Paroile, or Members of the Gen-eral Public Based upon that Individals. Conduct Violative of 2'C sec #2. No officer shall (a) Engage in Threatening or Assaultive Con-duct Conflict of Interest He violated Because Complaint which He Had a Legal Duty, and Obligation But was Disregarded His Duty for His Subordinate.

Harm Threats and Retaliatory Acts which Have Accured, and They Have Moved me in Retaliation only to Be Returned which I Fear Re-prisal, Unreasonable Risk of Harm, Message of Harm once Released to Poplation.

S.I.D JOHN DOE *PAGE #2

DAMAGE EIGHTH AMENDMENT RIGHTS VIOLATION, TITLE II OF THE ADA AND RE-
HABILITATION ACT, DISCRIMINATION AGAINST DISABLE INMATE IN WHEEL-
CHAIR, RETALIATORY ACT BEING MOVED, PUTTING INMATE IN DIRECT,
CONFLICT WITH STAFF, OFFICERS, AND SUBORDINATES THREATS IF ANY
FUTURE COMPLAINTS ARE SUBMITTED

FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT

7. RELIEF

1. HAVE DEPARTMENT OF CORRECTION INSTITUTE A STANDARD PROCEDURE, WERE INMATE INQUIRES AND ADMINISTRATIVE APPEAL WOULD HAVE TO BE SIGNED BY STAFF MEMBER, HOUSING OFFICER OR SERGEANT PINK COPY BEING RETURNED RIGHT THEN, HOLD PRISON OFFICIAL TO A STANDARD.

2. IF STAFF MEMBER REFUSE TO SIGN, TRAIN, SUPERVISE COORDINATE OF REMEDY SYSTEM TO SIGN AND RETURN PINK COPY WITHIN 24 HOURS IF THIS FAILS (COMMISSIONER, AND COURT INSTITUTE DIRECTIVE WITH GOVERNOR, FOR MEMBER OF CORRECTIONS OMBUDSMAN TO STEP IN TO SIGN AND SUBMIT GRIEVANCE.)

3. COMMISSIONER OF DOC TO MAKE A WING IN EVERY INSTITUTION, JAIL, AND PRISON HANDICAP ACCESSIBLE FOR ADA WITH AMBULATE MEDICAL EQUIPMENT. RECEIVING FEDERAL GRANT MONEY OBLIGATES HIM.

4. HOLD PRISON OFFICIAL ACCOUNTABLE FOR FAILURE TO ADHERE TO FIRST AMENDMENT RIGHT TO GOVERNMENT REDRESS.

5. HOLD COMMISSIONER AND PATRICK A. NOLAN ACCOUNTABLE FOR NOT HONORING MEMORANDUM DATED NOVEMBER 6, 2014, AND REFUSAL TO ADDRESS ADMINISTRATIVE APPEAL BY PATRICK A. NOLAN VIOLATED MY RIGHT TO FURTHER LITIGATE TOO TO HIS NEGLIGENCE. SO I SHOULD BE PRESENT WITH MEDICAL SNEAKER, AS INSTUCTED BY STATE EMPLOYED PODIATRIST.

6. HAVE COMMISSIONER, DR. WOODWARD DOC MEDICAL DIRECTOR, AND RUTGERS BEHAVIOR HEALTH CARE, INSTITUTE POLICY TO ALL OFFICERS THAT HANDICAP ACCESSIBLE ROOMS HOUSING INMATE WEARING DIAPER, CATHETER, AND ANY OF MEDICAL EQUIPMENT BE AFFORDED A PRIVACY BLOCK TO CLEAN SELF, INSERT CATHETER, WITHOUT EVERYONE WATCHING.

7. INSTITUTE POLICY ORDERING ANY OFFICER THAT WANTS TO BECOME SPECIAL INVESTIGATION DIVISION OFFICER, BE TRANSFERRED TO OUTER DO TO CONFLICT OF INTEREST OF HAVEN TO ARREST, OR PROSECUTE A FRIEND OR SUBORDINATE. AND RETALIATORY ACT BE FIRED.

8. OFFICER WITH RECORDS OF ABUSE, OR NUMEROUS COMPLAINTS, NOT KEEP BE SLAPPED ON HAND, OR KEEP GIVEN DAY OFF ONLY TO DO SAME THING AGAIN. ISNT THAT WHY PEOPLE ARE INCARCERATED FOR.

9. I WOULD LIKE SCO. WATERS TO BE FIRED, AND PROSECUTED TO THE FULLEST INTENT OF THE LAW. AND MONETARY AND PUNITIVE DAMAGE AWARDED FOR SNATCHING CATHETER OUT OF PENIS DAMAGE

7. RELIEF "PAGE"

PHYSICAL, EMOTION, MENTAL INJURY REQUESTING $150.000 THOUSAND DOLLARS.

10. S.I.D OFFICERS PERRY, PETIT, AND JOHN DOE #1 SHOULD BE PROSECU-TED TO FULLEST EXTINCT OF LAW, FOR BREACH OF DUTY, CONFLICT OF INTEREST, RETALIATORY ACT, AND THREATS. $5.000 DOLLARS SHOULD BE AWARDED IN DAMAGE. AND RELIEAVE THEM OF DUTY PUNITIVE DAMAGE

11. SERGEANT J. VALLE ALSO SHOULD BE FIRED, AND PROSECUTED FOR RETALIATORY ACT DAMAGES SHOULD BE AWARDED FOR HER ACTION. $5,000 DOLLAR.

12. DR. MILLER. NEGLIGENCE AND MALPRACTICE CAUSED PHYSICAL, EMOTION, MENTAL INJURY, POSSIBLE PERMANENT DAMAGE, SECOND WILL BE NEEDED TO CORRECT HIS NEGLIGENCE JURY TRIAL IS BEING REQUE-ST, OR $250.000 SENT TO ANOTHER HOSPITAL FOR CORRECTIVE SURGERY

13. JENNIFER ███ FAIRSTEAD AND DR. DIAZ, SHOULD BE FIRED AND PRO-FOR BREACH OF DUTY, RETALIATORY ACT AND HIDING INMATE INQUIRY PUNITIVE + MONETARY DAMAGES SHOULD BE AWARDED.

14 SCO. MARVIN SHOULD BE FIRED, AND PROSECUTED DAMAGE AND TRIAL IS BEING REQUESTED.

15. CARY M. LANIGAN, PATRICK A. NUGAN, AND MR. BONDS. SHOULD GO TO TRIAL FOR RECEIVING FEDERAL GRANT, AND FAILURE TO HONOR LAW CON-CERNING ADA, AND INMATE PHYSICAL INJURY DO TO NEGLIGENCE MONETARY AND PUNITIVE DAMAGES, AND DISCRIMINATION

MONETARY AND PUNITIVE DAMAGE, SHOULD BE AWARDED IN A OVER ALL AMOUNT BY JURY. FOR COMBINED COMPLAINTS LEGAL FEE AND ANY OTHER AWARDS THE COURT DEEM NEC-CESSARY.

# NJDOC INMATE INQUIRY FORM

**Must Be Placed In The Inmate Remedy System Box**

## Complete One Form For Each Department / Program / Service.

(MARQUE SOLAMEME UN DEPARTAMENTO / PROGRAMA / SERVICIO POR FORMULARIO)

| ADMINISTRATION |
| --- |
| Housing Status |
| Program Removal |
| Reinstate Contact Visit |

| BUSINESS OFFICE |
| --- |
| Business Remits / Receipts |
| Check / Money Order |
| Fine Payments |
| Refunds |
| State Pay   ADDRESS ATT. |
| ☒ Statements   DOCUMENT |

| CLASSIFICATION |
| --- |
| Citizenship |
| Detainers / Open Charges |
| Institutional Transfer |
| Interstate Status |
| Job Eligibility |
| Problem w/ Sentence Calc. |
| Restoration of Comm Time |
| SASRC |
| Status |
| Work Credit |

| CUSTODY |
| --- |
| Cell Moves |
| General |
| Housing Unit Issues |

| CUSTODY / MAILROOM |
| --- |
| Status on Purchases |
| Incoming Mail |
| Legal Mail |
| Outgoing Mail |

| EDUCATION / LAW LIB |
| --- |
| Certificates |
| College Courses / GED / Classes |
| Programs |
| Legal Call |
| Paralegal Assist / Supplies |

| FOOD SERVICES |
| --- |
| Denied / Not Received Diet |
| Food Allergies |
| Food Issues / Prep |
| Proper Special Diet |

| MEDICAL / MENTAL HEALTH / DENTAL |
| --- |
| Class Sign-up / Completed Programs |
| Concerns |
| Co-Pay Refunds |
| Emergencies |
| Eye Glasses |
| Medical Records |
| Medication |
| M007 Form |
| Referrals |
| Dental |

| PAROLE |
| --- |
| Address Change / Parole Plan |
| Opt Out of Parole Hearing |
| Parole Board Hearings |
| PED Calculations |

| RCRP COMM. PROGRAMS |
| --- |
| Denial of Program |
| Eligibility Criteria |
| Status of Application |

| RELIGIOUS SERVICES |
| --- |
| Certificate Completions |
| Religious Classifications |
| Religious Diets |
| Religious Items |

| SOCIAL SERVICES |
| --- |
| Family Emergency |
| Marriage Request |
| Program Enrollment / Completion |
| Release ID / BC / SSN Card / MVC / Vet Asst. |
| Release Planning |
| SSI / SSDI / Affordable Healthcare |
| TDD |
| Others |

| SID |
| --- |
| K/S |
| PC |
| STG |
| Visitor Ban |

| VISITS |
| --- |
| Denied Visitors |
| Ex-Offender Visits |
| Issues at Visits |

| OSAPAS |
| --- |
| Living in Balance |
| N/A and A/A |
| Engaging the Family |
| RPP |

### THIS SECTION TO BE COMPLETED BY INMATE

Inmate Name: ERIC HINES   Date: 5-12-2017
State Number: 663508   SBN: 1469438
Housing Unit: ACSU 1026 Work Detail Hours: NONE
REQUEST: THIRD REQUEST. AGAIN I'M REQUESTING A SIX MONTH ACCOUNT STATEMENT. ALSO PLEASE. SIGN THE ATTACHED DOCUMENT AND RETURN WITH SIX MONTH STATEMENT. THE COURT HAS BEEN MADE AWARE. OF OTHER. REQUEST.

### FOR OFFICIAL USE ONLY

(PARA USO OFICIAL SOLAMENTE - NO ESCRIBA EN EL AREA SOMBREADA)

Date Received:
Staff Receiving Request:

**THIS FORM CANNOT BE PROCESSED:**

(Usted ha sido citado para entrevista en)
You have been scheduled for an interview on:
Check the Daily Appointment Schedule for your name.

Staff Response:

IF YOU NEED ASSISTANCE IN COMPLETING THIS FORM, SEE YOUR HOUSING UNIT SOCIAL WORKER
(SI USTED NECESITA AYUDA COMPLETANDO ESTE FORMULARIO, VEA A SU TRABAJADOR SOCIAL DE UNIDAD)

Distribution: (Original) Department Copy
(Yellow) Inmate's Copy With Response
(Pink) Inmate Copy

Form IRSF-1

# NJDOC INMATE INQUIRY FORM

## Must Be Placed In The Inmate Remedy System Box

## Complete One Form For Each Department / Program / Service.

(MARQUE SOLAMEME UN DEPARTAMENTO / PROGRAMA / SERVICIO POR FORMULARIO)

### ADMINISTRATION
- [ ] Housing Status
- [ ] Program Removal
- [ ] Reinstate Contact Visit

### BUSINESS OFFICE
- [ ] Business Remits / Receipts
- [ ] Check / Money Order
- [ ] Fine Payments
- [ ] Refunds
- [ ] State Pay
- [ ] Statements

### CLASSIFICATION
- [ ] Citizenship
- [ ] Detainers / Open Charges
- [ ] Institutional Transfer
- [ ] Interstate Status
- [ ] Job Eligibility
- [ ] Problem w/ Sentence Calc.
- [ ] Restoration of Comm Time
- [ ] SASRC
- [ ] Status
- [ ] Work Credit

### CUSTODY
- [ ] Cell Moves
- [ ] General
- [ ] Housing Unit Issues

### CUSTODY / MAILROOM
- [ ] Status on Purchases
- [ ] Incoming Mail
- [ ] Legal Mail
- [ ] Outgoing Mail

### EDUCATION / LAW LIB
- [ ] Certificates
- [ ] College Courses / GED / Classes
- [ ] Programs
- [ ] Legal Call
- [ ] Paralegal Assist / Supplies

### FOOD SERVICES
- [ ] Denied / Not Received Diet
- [ ] Food Allergies
- [ ] Food Issues / Prep
- [ ] Proper Special Diet

### MEDICAL / MENTAL HEALTH / DENTAL
- [ ] Class Sign-up / Completed Programs
- [x] Concerns
- [ ] Co-Pay Refunds
- [ ] Emergencies
- [ ] Eye Glasses
- [ ] Medical Records
- [ ] Medication
- [ ] M007 Form
- [ ] Referrals
- [ ] Dental

### PAROLE
- [ ] Address Change / Parole Plan
- [ ] Opt Out of Parole Hearing
- [ ] Parole Board Hearings
- [ ] PED Calculations

### RCRP COMM. PROGRAMS
- [ ] Denial of Program
- [ ] Eligibility Criteria
- [ ] Status of Application

### RELIGIOUS SERVICES
- [ ] Certificate Completions
- [ ] Religious Classifications
- [ ] Religious Diets
- [ ] Religious Items

### SOCIAL SERVICES
- [ ] Family Emergency
- [ ] Marriage Request
- [ ] Program Enrollment / Completion
- [ ] Release ID / BC / SSN Card / MVC / Vet Asst.
- [ ] Release Planning
- [ ] SSI / SSDI / Affordable Healthcare
- [ ] TDD
- [ ] Others

### SID
- [ ] K/S
- [ ] PC
- [ ] STG
- [ ] Visitor Ban

### VISITS
- [ ] Denied Visitors
- [ ] Ex-Offender Visits
- [ ] Issues at Visits

### OSAPAS
- [ ] Living in Balance
- [ ] N/A and A/A
- [ ] Engaging the Family
- [ ] RPP

### THIS SECTION TO BE COMPLETED BY INMATE

Inmate Name: ERIC HINES     Date: 5/23/2017

State Number: 663508     SBI#: 146992B

Housing Unit: ACSU     Work Detail Hours: ACSU C-PHD 1026

REQUEST: THIRD REQUEST. I SUBMITTED INQUIRY ON 12/28/20 WHICH YOU REFUSE TO ADDRESS. M/P JENNIFER FARTS PAR CRUZ AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE FOR STATING STOP COMPLAINING ABOUT YOUR SHOULDER. YOU REFUSE SECOND SURGERY. SO I'M STOP YOUR PAIN MEDICATION NOW YOU EITHER SUFFER IN PAIN OR HAVE SURGERY. WITHHOLDING PAIN MEDICATION AS A FORM OF PUNISHMENT

### FOR OFFICIAL USE ONLY
(PARA USO OFICIAL SOLAMENTE - NO ESCRIBA EN EL AREA SOMBREADA)

Date Received:

Staff Receiving Request:

THIS FORM CANNOT BE PROCESSED:

(Usted ha sido citado para entrevista en)
You have been scheduled for an interview on:
Check the Daily Appointment Schedule for your name.

Staff Response:

IF YOU NEED ASSISTANCE IN COMPLETING THIS FORM, SEE YOUR HOUSING UNIT SOCIAL WORKER
(SI USTED NECESITA AYUDA COMPLETANDO ESTE FORMULARIO, VEA A SU TRABAJADOR SOCIAL DE UNIDAD)

Distribution: (Original) Department Copy
(Yellow) Inmate's Copy With Response
(Pink) Inmate Copy

Form IRSF-

Form IRSF-100

**NEW JERSEY DEPARTMENT OF CORRECTIONS**
(DEPARTAMENTO DE CORRECCIONES DE NUEVA JERSEY)

**SWSP-010431**

**INMATE GRIEVANCE**
(QUEJAS DE LOS RECLUSOS)

**You must file a formal grievance within 14 business days of the unsuccessful outcome of an informal complaint.**
Did you file an informal complaint about this issue? Yes ☑  No ☐   If so, with whom? Officer Response Health Care Date: 12/23/2016
Please attach a copy of the Inmate Inquiry Form indicating that you attempted to resolve this complaint.

**PART (PARTE 1)**
INMATE'S NAME (NOMBRE): ERIC HINES   SBI NUMBER (NUMERO DE SBI): 469935   DATE (FECHA): 5/23/2017

INSTITUTION: SWSP   HOUSING UNIT: A-5B
(INSTITUCION)   (UNIDAD DE VIVENDA)

****PLEASE RETAIN PINK COPY FOR YOUR RECORDS**

TYPE OF GRIEVANCE (Only Check one box)
TIPO DE SOLICITUD (SOLO UNA CASILLA)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **ADA** | ☐ | **Custody** | ☐ | **Mailroom** | ☐ | **SID** | ☐ |
| **Administrative Offices** | ☒ | **Education** | ☐ | **Medical/Dental/Mental Health** | ☐ | **Social Services** | ☐ |
| **Business Office** | ☐ | **Food Service** | ☐ | **Parole** | ☐ | **Visits** | ☐ |
| **Classification** | ☐ | **Law Library** | ☐ | **RCRP/Comm Programs** | ☐ | | |

State Your Grievance (Who, What, Where & When): THIRD REQUEST. I submitted inquiry on 12/28/2016, 2/15/17 which you refuse to address. W/ Jennifer Hansard Scott and unlawful punishment, deliberate indifference for letting SICP complaining about your canceled 401 request second surgery, so I'm stop your pain medication. Now you're either going to give my pain or have second surgery (withholding for punishment pain medication) is a crime. Official refusal to address any of my inquiry or administration appeals violating the Constitution.

**PART (PARTE 2):** No action taken on this form. DOC Redirection form issued with paragraph(s) # _____ marked.
[No se tomó ninguna medida en este formulario. Se proveyó el formulario de DOC Redirection Form con el (los) párrafo(s) # _____ indicado(s).]

CASE NUMBER:
(NUMERO DEL CASO)   YEAR   MONTH   CASE NUMBER
(AÑO)   (MES)   (NÚMERO DE CASO)

RECEIVED BY:   DATE FORWARDED TO DEPT   DEPARTMENT
(RECIBIDO POR)   (FECHA EN QUE SE ENVIA AL DEPARTAMENTO)   (DEPARTAMENTO)

PART (PARTE 3) STAFF RESPONSE AREA (AREA DE RESPUESTA DEL PERSONAL):

STAFF SIGNATURE (FIRMA DEL PERSONAL)   DATE (FECHA)   SIGNATURE OF ADMINISTRATIVE DESIGNEE   DATE (FECHA)
(Firma de La Persona Administrativa Correspondiente Designado Por El)

PART (PARTE 4) INMATE'S ADMINISTRATIVE APPEAL INFORMATION (INFORMACIÓN DE APELACION ADMINISTRATIVA DEL CONFINADA):

ADDITIONAL ATTACHMENTS: _____
(DOCUMENTOS ADJUNTOS ADICIONALES)
INMATE'S SIGNATURE (Firma Del Confinado)   DATE (FECHA)

PART (PARTE 5)   DATE APPEAL RECEIVED:   DATE APPEAL RETURNED:
(FECHA EN QUE SE RECIBIO LA APELACION)   (FECHA EN QUE SE DEVOLVIO LA APELACION)
APPEAL DECISION AND ADMINISTRATOR'S COMMENTS:   ☐ UPHELD (CONFIRMADA)   ☐ MODIFIED (MODIFICADO)   ☐ DENIED (NEGADA)

ADMINISTRATOR'S SIGNATURE (FIRMA DEL ADMINISTRADOR)   DATE (FECHA)

Distribution:   (Original) [Original] Department of Corrections Request / Remedy File Copy [Copia del Archivo de Petición / Remedo del Departamento de Correcciones]
(Distribución)   (Yellow) [Amarillo] Inmate's Copy [Original / and if required Appeal answer] [Copia del Confinado (Originaly si se requiere la Contestación de Apelación)]
(Pink) [Rosado] Inmate's Copy [Copia del Confinado]