UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HINES,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY M. LANIGAN, et al.,<br><br>    Defendants. | Civil Action No. 17-2864 (NLH)<br><br><br>ORDER |

Leave to proceed in this Court without prepayment of fees is authorized.  See 28 U.S.C. § 1915.  This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course.

IT IS therefore on this   15th   day of   November  , 2017,

ORDERED that the Clerk of the Court shall make a new and separate entry marking this matter RE-OPENED; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 4) is hereby granted; and it is further

ORDERED that the Clerk of the Court shall file the documents at ECF Nos. 4-1 and 4-2 as a new and separate docket entry entitled "Amended Complaint;" and it is further

ORDERED that the Amended Complaint shall be filed; and it is further

ORDERED that **SUMMONS SHALL NOT ISSUE**, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that the time to serve process under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 4(m) is hereby extended to the date 90 days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of South Woods State Prison; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison

Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with <u>Bruce</u>, until the $350.00 filing fee is paid.  Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.


At Camden, New Jersey
                                        s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.