UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC HINES,                          :      Civil Action No. 17-2864 (NHL)
                                     :      Hon. Noel L. Hillman
              Plaintiff,             :      United States District Judge
                                     :
v.                                   :
                                     :
Gary M. Lanigan, et al.,             :
                                     :
              Defendants,            :



Eric Hines #663508/146993B
South Wood State Prison
215 Burlington Road So.
Bridgeton, NJ 08302
         Plaintiff Pro se

NOTICE OF MOTION

PLEASE TAKE NOTICE that on the enclosed memorandum of the
Plaintiff Eric Hines, and memorandum of law, Plaintiff will
move the Court on OCTOBER 19, 2018     , at the United States
District Court, P.O. Box 2797, Camden, New Jersey 09101. At
such time as the Court may direct, for an order granting the
Plaintiff leave to file Amended Complaint under Rule 15(a),
Fed. R. Civ. P., and Supplemental Complaint under Rule 15(d),
Fed. R. Civ. P., Also request Extension of time under Rule 6.1
to complete Amended and Supplemental brief a 180 days is
requested.

Please understand Plaintiff is aware of the Rules, to serve
defendants attorney, or defendants. But Plaintiff is referring
to Honor. Noel L. Hillman, order dated November 15, 2017, "order
that SUMMONS SHALL NOT ISSUE, at this time, as the court's sua
sponte screening has not been completed. Please inform plaintiff
if your Honor. Noel L. Hillman, U.S.D.J. wishes Plaintiff to
take another course of action.

Date: SEPTEMBER 20, 2018
Respectfully submitted
Eric Hines,
Eric Hines

Eric Hines   #663508/146993B
South Woods State Prison
215 Burlington Road So.
Bridgeton, NJ 08302
        Plaintiff <u>Pro se</u>


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


ERIC HINES,

                Plaintiff,

        v.

GARY M. LANIGAN,
                et al.,
                Defendants

CIVIL ACTION NO.
17-2864 (NHL)


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

# T A B L E   O F   C O N T E N T S

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . 1

PROCEDURE HISTORY . . . . . . . . . . 3

FACTUAL BACKGROUND . . . . . . . . . . 5

LEGAL ARGUMENT . . . . . . . . . . 6


I.      LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED BECAUSE
        D.O.C., DR. RALPH WOODWARD DIR. OF HEALTH SERVICES FOR
        D.O.C., EAST JERSEY STATE PRISON ADMIN. PATRICK A. NOGAN,
        SOUTH WOODS STATE PRISON ADMIN. WILLIE BONDS, COORDINATOR
        OF INQUIRIES/GRIEVANCES T. STANLY, SWSP, UNIVERSAL
        CORRECTION HEALTH CARE RUTGERS/UNIVERSITY OF NEW JERSEY
        AND PHYSIC DR. THOMAS BERGE APNC, DR. LATIMORE-COLLIER
        OF DIR. OF MEDICAL SWSP. . . . . . . . . 7

II.     LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED BECAUSE
        THE INSTITUTIONAL DEFENDANTS AND UNIVERSAL CORRECTION
        HEALTH CARE RUTGERS/UNIVERSITY OF NEW JERSEY. . . 14

III.    LEAVE TO SUPPLEMENT THE COMPLAINT SHOULD BE GRANTED BECAUSE
        DEFENDANT HAVE ENGAGE IN CONDUCT REPRESENTING AN ONGOING
        HARM AND RETALIATION UNDER ADA. . . . . . 16

A.      DEFENDANTS CONTINUE TO REGULARLY DENY, HANDICAP ACCESSIBLE
        CELL TO WHEELCHAIR BOUND PLAINTIFF, FAILURE TO PROVIDE
        MEDICAL SUPPLIES TO CLEAN FECES FROM PLAINTIFF WEARING
        DIAPER & SELF CATH., PERFORMING INVASIVE RECTUM PROCEDURE
        WITH FOUR NON-MEDICAL PERSONNEL PRESENT TO PLAINTIFF IN
        VIOLATION OF THE ADA, NJLAD, AND THE REHABILITATION ACT
        OF 1973. . . . . . . . . . . 18

B.      THE COMPLAINT SHOULD BE SUPPLEMENT BECAUSE DEFENDANTS
        SWSP ADMIN. WILLIE BONDS, UNIVERSAL CORRECTION HEALTH
        CARE RUTGERS/UNIVERSITY OF NEW JERSEY, DR. SHERITA
        LATIMORE-COLLIER DIR. OF MEDICAL FOR SWSP, COORDINATOR
        OF INQUIRIES/GRIEVANCES T. STANLY, N/P JENNIFER FARESTAD,
        HAVE ENGAGED IN IMPERMISSIBLE RETALIATION. . . . 23

CONCLUSION . . . . . . . . . . . . 25

i

PAGE

F E D E R A L     S T A T U T E S

29 U.S.C. § 794(a) . . . . . . . . . . . . . 18,20

41 U.S.C. § 1983 . . . . . . . . . . . . . . 8,9

42 U.S.C. § 12132 . . . . . . . . . . . . . 18

42 U.S.C. § 12102 . . . . . . . . . . . . . 19

42 U.S.C. § 12203 . . . . . . . . . . . . . 24


S T A T E     S T A T U T E S

N.J.S.A. § 10: 5-4 . . . . . . . . . . . . . 22

N.J.S.A. § 2A: 142 . . . . . . . . . . . . . 9


F E D E R A L     R U L E S     O F     C I V I L     P R O C E D U R E

Fed. R. Civ. P. 4(m) . . . . . . . . . . . . 12

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . 7

Fed. R. Civ. P. 15 . . . . . . . . . . . . . 6

Fed. R. Civ. P. 15(a)(2) . . . . . . . . . . 6

Fed. R. Civ. P. 15(a)(c) . . . . . . . . . . 16

Fed. R. Civ. P. 15(c) . . . . . . . . . . 1,8,12,16

Fed. R. Civ. P. 15(c)(1)(B) . . . . . . . . 12

Fed. R. Civ. P. 15(c)(1)(c)(ii) . . . . . . 14

Fed. R. Civ. P. 15(c)(2)(B) . . . . . . . . 12

Fed. R. Civ. P. 15(d) . . . . . . . . . . . 17


N E W     J E R S E Y     A D M I N I S T R A T I V E     C O D E

10A: 1-4.8 . . . . . . . . . . . . . . . . 2,10,21

10A: 1-4.6 . . . . . . . . . . . . . . . . 2,10,21

ii

# T A B L E   O F   A U T H O R I T I E S

PAGE

Federal Cases

Armstrong v. Drahos, No. 01 C 2697, 2002 U.S. LEXIS 1838, at
*3 (D.N. Ill. 6 2002) . . . . . . . . .11

Arthur v. Maerak Inc. v. 434 F.3d 196, 209 (3d Cir. 2006) . . .15

Berkhire Fashions Inc. v. M. V. Hausan II., 954 F.2d 874, 886
(3 Cir. 1992) . . . . . . . . . . 7

Boyd v. Corr. Corp. of Am., 380 F3d 989, 996 (6th Cir. 2004) ..11

Chisolm v. McManion, 275 F.3d 315, (3d Cir. 2001) . . . 22

Dique v. N.J. State Prison, 603 F.3d 181,185 (3d Cir. 2010) . . 9

Disable Rights New Jersey Inc. v. Velez, 862 F. Supp. 2d 366,
370 (D.N.J. 2012) . . . . . . . . . . 6

Hassoun v. Cimmino, 126 F. Supp. 2d 353, 360 (D.N.J. 2000) . .17

Lane v. Doan, 207 F. Supp. 2d 212 (W.D.N.Y. 2003) . . . .11

Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2003) . . . .11

Long v. Wilson, 393 F.3d 390, 400 (3d Civ. 2004) . . . . 6

Mayle v. Feli, 545 U.S. 644, 664 (2005) . . . . . .13

Moore v. Corr. Med. Servs., No. Civ. A. 07-3703 JLL, 2008 WL
4512856, at *3 (D.M.J. Sept. 30, 2008) . . . . . .22

Muhammad v. Dep't of Corr., 645 F. Supp. 2d 299, 313 (D.N.J.
2008) . . . . . . . . . .19

Owens v. Okure, 488 U.S. 235, 243250 (1989) . . . . 9

Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213
(1998) . . . . . . . . . . .18

Pennsylvania v. Se. Pennsylvania Transp. Auth, 539 F.3d 199,
208 (3d Cir. 2008) . . . . . . . . . 9

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) . . . . 7

Singletary, 266 F.3d at 201 . . . . . . . .15

Yeskey v. Com. of PA. Dep't of Corr. 118 F.3d 168, 172, (3d
Cir. 1997) . . . . . . . . . . .19

Plaintiff Eric Hines ("Plaintiff") proceeds pro se. Due to medical complications, this brief is being transcribed by a paralegal here at South Woods State Prison, who submits this Memorandum of Law in support of Plaintiff's motion for leave to file an amended and supplemented complaint, on his behalf.

### P R E L I M I A R Y   S T A T E M E N T

This case is about the denial of "Title II of the ADA, section 504 of the Rehabilitation Act, Breach of Duty, Deliberate Indifference to serious medical needs, and Failure to adhere with legislative laws making." This means that any agency- including a department of corrections, Sheriff's office, etc. facilities are handicap accessible when receiving Federal Grant money. This has caused Plaintiff physical, emotional, and mental injury due to negligence, and discrimination against an ADA prisoner in segregation.

Plaintiff asks the for court's leave to file an amended and supplemented complaint pursuant to Federal Rules of Civil Procedure 15. Plaintiff neither acts with undue delay nor in bad faith in moving for leave to amend.

Plaintiff asks for leave to amend under Rule 15, to add the institution and Universal Correctional Health Care Rutgers/University of New Jersey parties responsible for the harm alleged, and to amend the paragraphs of the initial Complaint which he filed pro se. Although Plaintiff seeks to substantially revise his complaint, and specifically request

injunctive and declarative relief, Plaintiff does not seek to add new or unrelated causes of action to his complaint. Plaintiff asks the court for leave to amend the complaint, and add the institution and Universal Correctional Health Care Rutgers/University of New Jersey as defendants, pursuant to the Federal Rules of Civil Procedure Rule 15(c) because the institution and Universal Correctional Health Care Rutgers/University of New Jersey defendants had constructive notice of Plaintiff's request for:

1.  First Amendment Right, (To petition the Government for redress of grievances). Coordinator of Inquiries/ Grievances T. Stanly's refusal to redress any written complaint submitted from: 3/21/16 to 6/1/16, and 7/21/17 to 11/8/16. Administrator Willie Bonds was made aware by coming to C-pod in Detention, were Plaintiff was on a Hunger Strike, and hand delivered written grievances to Admin. Willie Bonds on 7/21/16. Out of several, only one was addressed.

2.  Admin. Willie Bonds, violation of Government redress, failure to supervisor staff members under his tenure, violating the responsibilities governing 10A: 1-4.8 and 10A: 1-4.6 Admin. Code., ADA and Rehabilitation Act, by refusing to accommodate Plaintiff, who is wheelchair bound, with a cell that is wheelchair accessible, which is equipped with railing, to prevent Plaintiff from having another accident.

3.  All other defendants fall under "Universal Correctional Health Care Rutgers/University of New Jersey:"

    A. Retaliation by provider because Plaintiff is afraid of receiving second operation from doctor.

B.  Doctor operated blindly. Plaintiff was complaining about severe pain, and Defendant Dr. Miller stated, "I can tell if your lying. A MRI x-ray dye will show any damage." Plaintiff ask Dr. Miller why wasn't said procedure performed before operation?

C.  Defendants displayed deliberate indifference to serious medical needs, removing pain medication as a form of punishment, performing invasive rectum check with four non medical staff members, officers, and inmate at door. Plaintiff was sent to podiatrist by medical provider, which informed defendants that medical sneaker were needed. The defendants' own specialist informed them of plaintiff's need, stating blister and sores as the cause.

D.  Doctors in question were aware that Lipitor could damage

> muscles without taking Coenzyme Q 10. A simple blood test would have confirmed the problem. A blood test is mandated to be taken every three months. Psychiatrist Dr. Thomas Berge, APNC has basically displayed the same harm. Defendant to hospital caused severe damage, which requires medication every day. Medical Provider refused to inform me or answer questions about side affects or danger of medication proscribed they have know idea.

and knew or should have known that they would have been named defendants absent some mistake.

In addition, Plaintiff seeks to supplement his complaint by adding retaliation claims under the American with disabilities Act (ADA), and naming additional defendants, such as South Woods State Prison, Administrator Willie Bonds, Dr. Shertia Latimore-Collier., Dir. of Medical SWSP, N/P Jennifer Farestad and T. Stanly Coordinator of Inquiries/Grievances who has retaliated against Plaintiff, as well as adding the current Administrator of Rahway State Prison Patrick A. Nogan. Plaintiff also seeks leave to supplement the complaint to add the ongoing harm, Retaliation, Deliberate Indifference to serious medical needs, withholding vital medical information from Plaintiff that defendants knew of since 2015, refusing to accommodate Plaintiff, who is wheelchair bound, with a handicap accessible cell, and other causes of action under the ADA, under the New Jersey Law Against Discrimination, and under § 504 of the Rehabilitation Act of 1973.

P R O C E D U R A L   H I S T O R Y

Plaintiff filed his complaint on April 26, 2017. The

P. 3

case was administratively terminated on May 5, 2017. On June 8, 2017, application to proceed IN FORMA PAUPERIS by Eric Hines. See Attachments: #(1) Index, #(2) complaint (jbk). Detailing Administrator Willie Bonds, and Coordinator of Inquiries/ Grievances T. Stanly, violating Plaintiff's First Amendment right to government redress. See document titled <u>Eric Hines v. Gary M. Lanigan.</u>, et al., Civ. No. 1:17-cv-02864-NJH-JS CERTIFICATION. This details South Woods State Prison, and T. Stanly refusal to issue a six month statement, coupled with out right defiance of both defendants to address written complaints submitted 3/21/16 to 6/1/16, 7/21/16 to 11/8/16. Even after a hunger strike, in which Plaintiff personally handed written Grievances to defendants, would only comply with request when the Honorable Noel L. Hillman., U.S.D.J. was placed on inquiry stating copy would be submitted your Honor. On Inquiry dated November 2, 2017 from T. Stanly (stating: Six months account statement w/cert. -see attached). I'm submitting exhibits for the court's viewing, where defendants still haven't addressed this matter. However on November 3, 2017, Diane Hudson wrote, "it will go in the mail today." Thus, on November 15, 2017, the Court allowed Plaintiff to proceed in forma pauperis, delay in filing Complaint falls on defendants for failure to redress Inquiries/Grievances violating PLRA. Plaintiff presently moves for leave to amend and supplement his complaint.

P. 4

## F A C T U A L   B A C K G R O U N D

Plaintiff Eric Hines is an inmate who is a paraplegic, presently incarcerated at South Woods State Prison (SWSP), under the New Jersey Department of Corrections (D.O.C.). Due to having no feeling on right side, from waist down, and limited feeling on left side, Plaintiff relies on a wheelchair for mobility, and adult briefs to contain all his bodily waste. Plaintiff also uses a catheter, and self caths. himself to empty his bladder. Deliberate Indifference to serious medical needs., (Retaliation, removing pain medication as a form of punishment for refusing second operation, from doctor who botch first operation). ADA Title II and Rehabilitation Act, refusing Plaintiff, who is wheelchair bound, and wears diaper, self caths., with medical documentation confirming second operation is needed. Proscribing medication they knew was dangers, without Coenzyme Q 10. As doctors, they could have performed a simple blood test that would have verified the damage. For years they ignored the serious harm Plaintiff was enduring. With numerous other causes of action.

Plaintiff relies on the assistance of other individuals to push him, due to the damage to his right shoulder after a fall in a cell that wasn't handicap accessible, and folding walker that wasn't able to pass between the bed and toilet, which were too close together. During a period at East Jersey State Prison, Case No. 14-08-0002, inmate 6/9/2015 Administrative Appeal 1-7-2015, Admin. Patrick A. Nogan stated no redress was

forthcoming, SWSP- Inmate Inquiry 3/29/16, 12/23/16, 12/29/16, 1/7/17, and Admin. Appeal 1/26/17, none have been returned. Defendants also ignored November 6, 2014 Memorandum and making retaliatory statement to refuse any response to Grievances on January 21, 2015 during rounds on 4DN-4 wing.

SWSP Administrator Willie Bonds was made aware of numerous written Grievances submitted: 3/21/16 to 6/1/16 and 7/21/16 to 11/8/16. A Hunger Strike on 7/21/16 put Mr. Bonds on notices because Plaintiff hand delivered several Grievances to defendant on said date. Coupled with numerous other complaints. Plaintiff relies on the factual background as enumerated in Plaintiff's original complaint ¶ 8-20 (Dkt. Entry 1), as well as the numerous grievances he filed.

LEGAL ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has emphasized that absent undue delay or bad faith, motions for leave to amend should be granted liberally under Fed. R. Civ. P. 15. <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Civ. 2004)." It is well settled by the Third Circuit that, "leave to amend should be granted freely... and court[s] should use 'strong liberality' in considering whether to grant leave to amend." <u>Disability Rights New Jersey</u>

P. 6

Inc. v. Velez, 862 F. Supp. 2d 366, 370 (D.N.J. 2012) (granting leave to amend the complaint to add the State of New Jersey as defendant). "It is an abuse of discretion to deny leave to amend unless plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect." Id., citing Berkshires Fashions, Inc. v. M.V. Hakusan II., 954 F.2d 874, 886 (3d Cir. 1992). "Leave to amend may be denied if the amendment is futile and would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Id. at 370-71.

Moreover, "if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." Shane v. Fauver, 214 F.3d 113, 115 (3d Cir. 2000). Yet the amendment would substantially cure deficiencies while identifying the parties and relief sought.

Any prejudice to the defendants will be minimal. The parties in Plaintiff case have not been noticed, in accordance with Honorable Noel L. Hillman, U.S.D.J. "ordered SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed. Any prejudice to Defendants will be minimal.

I.    LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED BECAUSE Department
      of Correction, Dr. Ralph Woodward Dir. of Health Services D.O.C.,
      East Jersey State Prison Administrator Patrick A. Nogan., South Woods
      State   Prison   Administrator   Willie   Bonds.,   Coordinator   of
      Inquiries/Grievances T. Stanly (SWSP)., Universal Correction Health

Care Rutgers/University of New Jersey, and Physic  Dr. Thomas Berge, APNC. Dr. Sherita Latimore-Collier Dir. of medical SWSP.

Plaintiff seeks to amend the complaint to include D.O.C., EJSP, SWSP, Coor. Inquiries/Grievances T. Stanly, and Dr. Thomas Berge, Universal Correction Health Care Rutgers/University of New Jersey., Dr. Sherita Latimore-Collier Dir. of medical SWSP the UCHCR/UONJ, staff and institutional defendants. Although the time has expired, leave to amend should be granted with respect to the UCHCR/UONJ, staff and institutional defendants because there addition relates back to the time of the filing of the complaint. Fed. R. Civ. P. 15(C).

Plaintiff's original complaint raises civil rights violations actionable under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, Deliberate Indifference to serious medical needs, Eight Amendment Violation, Failure to adhere to Legislative Laws made Governing Medical Association, Facility not handicap accessible while receiving Federal Grant money causing Physical, Emotional, and Mental injuries due to deliberate indifference to serious medical needs, Discrimination against Plaintiff who is wheelchair bound, and housed in segregation, violation of First amendment right to government redress, Failure to train or supervise Inquiries/ Grievances system Coordinator on legal duties governing defendants responsibilities, which is detailed in the New Jersey Administrative Code, and Title 10A of the New Jersey Administrative Code. pl.'s original compl. ¶ 4-13 & 16 to 65,

with reference (Dkt. Entry 1). The applicable statute of limitation for Civil Rights Violation under 42 U.S.C. § 1983 and for violation of the ADA, deliberate indifference to serious medical needs and other causes of action is two years. N.J.S.A. § 2A:14-2; Owens v. Okure, 488 U.S. 235, 243250 (1989); Dique v. N.J. State Prison, 603 F.3d 181, 185 (3d Cir. 2010) ("State Law provides the statue of limitations applicable to a section 1983 claim"); Disabled in action of Pennsylvania v. Se. Pennsylvania Transp. Auth, 539 F.3d 199, 208 (3d Cir. 2008) ("The statue of limitation applicable to claims under title II of the ADA... is the statue of limitation for personal injury action in the state in which the trial court sits). The harm alleged in the complaint began in February 2, 2012, but Plaintiff wasn't made aware until June 23, 2015, at East Jersey State Prison Inquiries/Grievance, which were submitted because Dr. Herbert Smyczek was questioned on February 2, 2012 concerning, if there were any "Peripheral or secondary" effects of "Lipitor," these questioned were raised due to stories mentioned in THE NEWS. Dr. Herbert in turned assured me that nothing was wrong.

Correspondences were also submitted to Commissioner Gary M. Lanigan on March 16, 2012, April 19, 2012, September 11, 2012, May 7, 2013, and October 11, 2013. Also Dr. Ralph Woodward, Dir. of Health Services for D.O.C. was sent letters on May 7, 2012, April 15, 2012, and September 11, 2012 by using East Jersey State Prison's "POSTAGE REMIT" system, for which Plaintiff still retains the receipt. "Plaintiff will submit

the receipt with his brief."

Plaintiff wasn't made aware of harm until June 23, 2015. Plaintiff was questioned by the therapist at New Jersey State Prison, who inquired if he took Lipitor. Plaintiff stated "yes," and she stated that a blood test should be taken to determine if "Lipitor" has caused muscle break down. A Blood test confirmed the damage, and Dr. Alnochawati discontinued the medication. However, UCHCR/UONJ, and every staff member, including Dr. Herbert Smyczek, Dr. Shamalie Perera, as well as Dr. Ralph Woodward, Dir. of Health Services for D.O.C. knew or should have known of unreasonable risk of serious harm without proscribing supplement Coenzyme Q 10.

On June 7, 2015 Plaintiff was ordered into 3-wing cell 151. The defendants were clearly aware that Plaintiff was depended on walker to ambulate. Administration had to know that utilizing walker in a cell, where bed and toilet were too close together, making utilizing the walker impossible. The cell was not handicap accessible for someone using a walker. There were no hand rails, and this put Plaintiff in unreasonable risk of harm. Plaintiff actually fell, injuring his right shoulder, which required an operation. This violatee the ADA and Rehabilitation Act.

SWSP Administrator Patrick A. Nogan and his subordinates, Coordinator of Inquiries/Grievances Jane Doe, violated Administrative Code 10A: 1-4.8 and 10A: 1-4.6 maintaining administrative appeal. Exhibit # A-1 dated August

1, 2014 which shows (case No. 14-08-0002) that government redress wasn't forthcoming, allowing Coordinator to violate his duties. November 6, 2014 MEMORANDUM with "Commissioner Heading" Admin. Patrick A. Nogan informed Plaintiff on January 21, 2015, during rounds on 4DN-1-4 wing, at about 3:15 pm. "Please See" pink copy of administrative appeal. Exhibit #A-2 Stating that MEMORANDUM won't be honored and that admin. appeal wouldn't be addressed because he has nothing to do with medical issues. The MEMORANDUM was issued from defendants, but defendants refused to honor government redress, violating Plaintiff's First Amendment right to redress.

Plaintiff concedes to the fact that, Plaintiff knew, and has always known that one has the right to appeal. However, Plaintiff in this matter had absolutely nothing to appeal. Numerous Courts have supported the position that, "Non-response made remedy unavailable." Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2003). "If [plaintiff] received no response, there was nothing to appeal." Armstrong v. Drahos, No. 01 C 2697, 2002 U.S. Dist. LEXIS. 1838, at *3 (N.D. Ill. 6, 2002). "If jail officials do not respond to administrative grievances, the Plaintiff can hardly be penalized for failure to exhaust an 'available' administrative remedy." Boyd v. Corr. Corp. of Am., 380 F.3d 989, 996 (6th Cir. 2004). "Prisoner who made "reasonable attempts" to file and prosecute grievances. But had many of his grievances and inquiries ignored, has exhausted." Lane v. Doan, 207 F. Supp. 2d 212 (W.D.N.Y. 2003). "A prisoner

who filed a grievance, got no response, and was told it had never been received, and whose subsequent attempts were rejected as untimely, had exhausted because he was "prevented from complying with the exhaustion requirement." And, the last date of alleged harm in Plaintiff's complaint was March 5, 2017. Therefore, the time to file expired two years later on March 5, 2019. Rule 15(c) of the Federal Rules of Civil Procedure provides that defendants may be added even though the statutory period has passed.

An amendment to a pleading relates back to the date of the original pleading when... the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(2)(B) is satisfied and if within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have know that the action would have been brought against it, but for mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c).

The facts and evidence uncovered since the inception of this litigation supports naming D.O.C., Dr. Woodward, Dir. of Health Services for D.O.C., EJSP Admin. Patrick A. Nogan, UCHCR/UONJ, Dr. Latimore-Collier, Physic Dr. Berge, and Coor. of Inquiries/Grievances as additional defendants pursuant to Federal Rule of Civil Procedure 15(c). See pl.'s original Compl. ¶ 3-23. The above defendants had notice of his case when

P. 12

Commissioner Gary M. Lanigan, was notified on March 16, 2012, April 19, 2012, September 11, 2012, May 7, 2013, and again on October 11, 2013. Also Dr. Ralph Woodward, Dir. of Health Care Services for D.O.C. who was notified by letters on May 7, 2012, April 15, 2012, and September 11, 2012, correspondence by way of East Jersey State Prison's "POSTAGE REMIT" system, for which Plaintiff still retains the receipt. "Which will be submitted with brief." Defendants knew or should have known that action would have been brought against them as well, but for a mistake.

The additional defendants; the D.O.C., Dr. Woodward, EJSP Admin., UCHCR/UONJ, Coor. T. Stanly, Dr. Latimore-Collier, Dr. Berge, SWSP Admin., has satisfied the threshold requirement of Rule 15(c)(1)(C); Mayle v. Feli, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"). Adding the D.O.C., Dr. Woodward, EJSP Admin. UCHCR/UONJ, Coor. T. Stanly, Dr. Latimore-Collier, Dr. Berge, SWSP Admin. would not change the "conduct, transaction or occurrence" in the original Complaint against Commissioner of the D.O.C. No matter which party Plaintiff initially identified as responsible for the harm alleged in his complaint, the operative facts remain the same because D.O.C., Dr. Woodward, EJSP Admin., UCHCR/UONJ, Coor. T. Stanly, Dr. Latimore-Collier, Dr. Berge, SWSP Admin. showed deliberate indifference to serious medical needs, ADA Title II and Rehabilitation Act violations, as well as Eighth & First Amendment rights to government redress.

see Pl.'s original Compl. ¶ 21-44 (Dkt. Entry 1).

II.   LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED BECAUSE THE
      INSTITUTIONAL DEFENDANTS AND UNIVERSAL CORRECTION HEALTH CARE
      RUTGERS/UNIVERSITY OF NEW JERSEY KNEW OR SHOULD HAVE KNOW THAT WITHOUT
      SOME MISTAKE THEY WOULD BE NAMED DEFENDANTS.

       The standard for the "mistake" requirement is objective
from the perspective of the party to be added. Krupski v. Costa
Croiere, S.P.A., the United State Supreme Court reversed a
decision denying a passenger the opportunity to amend a complaint
to include a second cruise-ship company bearing a very similar
name and with a pre-existing relationship to the first defendant.
Id. at 557. The Supreme Court held that "Rule 15(c)(1)(C)(ii)
asks what the prospective defendant knew or should have known
during the Rule 4(m) period not what the plaintiff knew or should
have know at the time of filing her original complaint... the
only question under Rule 15(c)(1)(C)(ii), then, is whether party
[...] new or should have known that, absent some mistake the
action would have been brought against him." Id. at 549. The
Supreme Court based its holding-that the second company should
have known it was not the proper defendant because of the
plaintiff's mistake concerning which company operated the ship-
on the District Court's finding that the second defendant had
constructive notice because of the companies' prior relationship
and because the original complain sought damages from the company
that actually owned and operated the cruise ship. Id. at 554-
55. The Supreme Court also observed that determining "mistake"
is not a issue. Id. at 549. Furthermore "the speed with a

P. 14

plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." Id. at 553.

A plaintiff's lack of knowledge regarding the identity of a defendant may constitute mistake for purposes of Rule 15(c). The Third Circuit allows that a mistake for purpose of Rule 15(c) may be based on lack of knowledge on the part of the party seeking to amend its complaint. Arthur v. Maerak Inc., 434 F.3d 196, 209 (3d Cir. 2006) ("an amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been name in the complaint but for a mistake—whether the mistake is based on lack of knowledge or were misnamed."); Singletary 266 F.3d at 201. Plaintiff was aware that he was in the custody of Commissioner of the D.O.C., EJSP, SWSP, and Universal Correction Health Care Rutgers/University of New Jersey. He did not understand that these institutions, Medical Department and other staff members, were actors separate from the individuals named in. pl.'s original Compl. ¶ 5-20. However, Plaintiff who previously filed pro se has declared that he sought to change the policies and practices at these institutions. Id. ¶ 3-5. Simply put, Plaintiff wants to be afforded the rights governed in ADA title II, Rehabilitation Act, Deliberate Indifference to serious medical needs, Retaliation under the ADA, First and Eighth Amendment rights, while in any future detention. Id. ¶ 5-20. SWSP Admin. Willie Bonds, EJSP Admin.

Patrick A. Nogan, Dr. Woodward Dir. of Health Care for D.O.C.,
Coor. of Inquiries/Grievances T. Stanly, UCHCR/UONJ, Dr.
Latimore-Collier, Physic Dr. Thomas Berge, should have known
they would be named in the complaint but for a mistake. While
his initial filing may have been unartfully pled, leave to amend
should be granted as justice requires to add the institution
and Universal Correction Health Care Rutgers/University of New
Jersey defendants. Fed. R. Civ. P. 15(a)(c).

Even if the Court finds that the addition of above
defendants does not relate back to the initial filing of the
complaint, Plaintiff asks that the court also consider the
addition of these parties as a supplement to the complaint as
argued further in Point III.

III.   LEAVE TO SUPPLEMENT THE COMPLAINT SHOULD BE GRANTED BECAUSE DEFENDANTS
       HAVE ENGAGED IN CONDUCT REPRESENTING AN ONGOING HARM AND RETALIATION
       UNDER THE ADA.

Plaintiff also seeks to supplement his complaint under
Federal Rule of Civil Procedure 15(c) to add the ongoing harm
of denial of access to handicap accessible cell with railing
and proper toilet, First Amendment right to government redress,
threatening to withhold pain medication as a form of punishment,
because plaintiff had refused second operation from same Doctor
who failed to order test confirming the damage, thus operating
on wrong area. Ms. Farestad retaliated against Plaintiff and
carried out threats on February 1, 2017, violating Eighth

Amendment rights. The defendants never addressed the submitted grievances in regards to the threats and retaliation Ms. Farestad displayed to Plaintiff while in cell 1026, where he was housed. The grievances were never answered, and the threats and retaliation Ms. Farestad carried out, went unchecked. Refusal to notify Plaintiff of a serious medical condition over three years. As well as to include EJSP Admin. Patrick A. Nogan, SWSP Admin. Willie Bonds, UCHCR/UONJ, Dr. Latimore-Collier, Dir. of Medical for SWSP, N/P Jennifer Farestad, Physic Dr. Thomas Berge, are responsible for the present harm and condition stated in above paragraphs. In addition, Plaintiff seeks to supplement his complaint by adding above named defendants under deliberate indifference to serious medical needs, Rehabilitation Act, First and Eighth Amendment rights, and counts of Retaliation under the Americans with Disabilities Act Fed. R. Civ. P. 15(d).

Federal Rules of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order the opposing party plead to supplemental pleading within a specified time. Fed. R. Civ. P. 15(d) (emphasis added).

"Rule 15(d) serves judicial economy, avoids multiplicity of litigation, and promotes" as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." <u>Hassoun v. Cimmino</u>, 126 F. Supp. 2d 353,

360 (D.N.J. 2000) (citations omitted). In the present matter, Plaintiff seeks to address the ongoing and underlying harm raised by the initial complaint: Defendants' denials of stated action above, as explained in the following sections, Plaintiff seeks to supplement his complaint to address these ongoing harms.

A.   DEFENDANTS CONTINUE TO REGULARLY DENY, HANDICAP ACCESSIBLE CELL TO WHEELCHAIR BOUND PLAINTIFF, FAILURE TO PROVIDE MEDICAL SUPPLIES TO CLEAN FECES FROM PLAINTIFF WEARING DIAPERS A SELF CATH, PERFORMING INVASIVE RECTUM PROCEDURE WITH FOUR NON-MEDICAL PERSONNEL PRESENT, TO PLAINTIFF IN VIOLATION OF THE ADA, NJLAD, AND THE REHABILITATION ACT OF 1973.

Plaintiff seeks to supplement his complaint by adding the ongoing harm of denial of the stated claims above, under the Americans with Disabilities Act, the New Jersey Law against Discrimination, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), as well as to request injunctive relief from Defendants including the additional Defendants named above.

Title II of the Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Title II of the ADA unambiguously extends to state prison inmates." Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 21 (1998). Plaintiff is a person with significant history of paralysis from the waist down, and wears adult briefs. He must also self cath. However, Universal Corrections Health Care Rutgers/University of New

Jersey, and Institutional Defendants and Staff members have displayed deliberate indifference to serious medical needs. As well as deliberately withholding knowledge of serious medical condition which Plaintiff wasn't aware of since 2015.

Therefore, the Plaintiff's physical limitations meets the definition of disability under the ADA 42 U.S.C. § 12102. Under Title II, and the violation occurs when the failure of a public entity to provide disabled persons with reasonable modifications constitutes discrimination within the meaning of the Act. Muhammed v. Dep't of Corr., 645 F. Supp. 2d 299, 313 (D.N.J. 2008) (Denying motion for summary judgment with respect to Plaintiff ADA, Eighth Amendment claims for conditions of confinement including lack of access to medical supplies, and being wheelchair bound dependent Plaintiff is denied handicap accessible cell for over 19 months now. Aff'd sub nom. Muhammad v. Dep't of Corr., 396 F. App'x 789 (3d Cir. 2010).

Moreover, the Rehabilitation Act and the ADA applies to state and locally-operated correctional facilities "BECAUSE A FAILURE TO ADHERE WITH LEGISLATIVE LAWS MAKING MODERN CORRECTIONAL FACILITIES HANDICAP ACCESSIBLE WHEN RECEIVING FEDERAL GRANT MONEY." Yeskey v. Com. of Pa. Dep't of Corr., 118 F.3d 168, 172 (3d Cir. 1997) aff'd sub nom. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 21 (1998). In Yeskey, the Third Circuit necessarily considered both ADA and Rehabilitation Act claims, as such, Plaintiff seeks to supplement his complaint to similarly address the New Jersey D.O.C.,

P. 19

institution & Universal Corrections Health Care Rutgers/
University of New Jersey, and their staff members, as defendants
for violation of Eighth Amendment rights, as well as ADA and
Rehabilitation Act. 29 U.S.C. § 794(a).

Since the filing of his original complaint in this
matter, the defendants have displayed additional retaliation
by N/P Jennifer Farestad. Ms. Farestad "performed invasive rectum
check" in the presence of four non-medical personnel including
a inmate. N/P Farestad has refused Plaintiff, who is housed
in segregation, medical supplies which are afforded to every
other inmate in similar medical conditions. N/P Farestad was
petitioned in Inquiries and Grievances, Reference No. and dates
are as followed; #250380- October 30, 2016, #713049-December
13, 2017, #SWSP 18004127April 8, 2018, and #SWSP 18014350-June
6, 2018, which detailed the following request:

> N/P Farestad has displayed additional retaliatory acts, by
> intentionally denying Plaintiff, who is wheelchair bound, and wears
> diapers, and who self caths., which has caused itching, rash, penis
> burning, and serious other medical needs, such as;
> A. Chux (underpads) to sanitarily change diapers;
> B. Garbage bags to dispose of diapers;
> C. Access to an accessible shower with a clean shower chair;
> D. Disposable gloves to address fecal impaction; and
> E. Sanitary wipes.

Plaintiff has remained in soiled clothing and bedding,
and continues to do so. Creating a medical situation with
possible skin break down. The deliberate indifference, cruel
and unusual punishment arises because every other inmate in
SWSP, with same medical condition described in said pleadings

P. 20

receives them. According to established rules and regulations governing Department of Corrections, Dr. Ralph Woodward Director of Health Services for the D.O.C., which includes all institutions, these entities being in contracts with Universal Correction Health Care Rutgers/University of New Jersey, once Inquiries/Grievances are administrative appealed, Admin. Willie Bonds, D.O.C., Dr. Woodward, and UCHCR/UONJ, they had knowledge and knew or should have known because of their ongoing harm they would be named defendants. Also, Defendant Ms. Farestad Eighth Amendment violation, Breach of Duty, making Plaintiff suffer in pain because his refusal to obtain second operation from Dr. Miller, who admitted operating in wrong area first time. Ms. Farestad refused pain medication because of said actions. Also Coordinator of Inquiries/Grievances T. Stanly violated the following responsibilities:

Coordinator of the Inquiries/Grievances system 10A: 1-4.8

> Maintaining Administrative Appeal, and to ensure timely response and Retaining Forms Records in accordance with the Record. Retention schedule approved by the Department of Corrections.
> Ensuring all routine Inquiries/Grievances/Administrative Appeals are handled and processed within the designated time frames.
> 10A: 1-4.6 Administrative Appeal shall be review, and provide a decisions or findings to inmate within time frame.
> Decisions or findings of the Administrative or Designee to the Administrative Appeal is final level of review and decision or finding of the New Jersey Department of Corrections.

Coordinator T. Stanly's failure to honor Rules and Regulations governing 10A: Administrative Code, by refusing to redress numerous written Inquiries/Grievances submitted between the following dates: March 21, 2016 to June 1, 2016,

and July 21, 2016 to November 8, 2016. Even after a Hunger Strike on July 21, 2016 which put Administrator Willie Bonds, on notice because Plaintiff hand delivered several Inquiries/Grievances to defendant on said date. Still defendants failure to supervisor staff members under his tenure. These actions represents violations of Title II of the American with Disabilities Act, and leave should be granted to supplement the complaint to address these ongoing harms and add the parties responsible.

Similarly, the New Jersey Law against Discrimination (NJLAD) provides in part that "All persons shall have the opportunity... to obtain all accommodations, advantages, facilities, and privileges of any place of public accommodations... without discriminations because of ... disability" N.J.S.A. § 10A: 5-4. "While prisons do not appear in the statutory list of places of public accommodations, courts interpreting New Jersey Law have found that prisons are places of public accommodation under the NJLAD." <u>Moore v. Corr. Med. Servs.</u>, No. Civ. A. 07-3703 JLL, 2008 WL 4512856, at *3 (D.N.J. Sept. 30 2008), citing: <u>Chisolm v. McManion</u>, 275 F.3d 315 n. 9 (3d Cir. 2001). In the present matter, Plaintiff seeks to supplement the complaint by adding counts to all defendants under NJLAD regarding an ongoing failure by the institution and Universal Correction Health Care Rutgers/University of New Jersey, Defendants and Staff Members.

Leave to supplement the complaint should be granted because Defendants refused to provide Plaintiff, who is

P. 22

wheelchair bound, with a cell that meets the requirements set by the ADA. The ADA requires that wheelchair accessible cells be equipped with railings to accommodate Plaintiff's serious medical needs. Defendants constant refusal to accommodate Plaintiff's request for medical supplies to clean feces, urine, thus causing itching, rash, and penis burning. Defendants refusal to provide proper medical supplies, causes Plaintiff to remain in soiled clothing and bedding, and continues to do so. Creating a medical situation with possible skin break down.

The Deliberate Indifference, Cruel and Unusual Punishment arises because every other inmate in SWSP, with same medical condition described in said pleadings, receives them. First and Eighth Amendment violation, represents an ongoing harm and violations of the ADA Title II, Rehabilitation Act of 1973, and the New Jersey Law against Discrimination.

B.    THE COMPLAINT SHOULD BE SUPPLEMENTED BECAUSE DEFENDANTS SWSP ADMIN. WILLIE BONDS, UNIVERSAL CORRECTION HEALTH CARE RUTGERS/UNIVERSITY OF NEW JERSEY, DR. SHERITA LATIMORE-COLLIER, DIRECTOR OF MEDICAL FOR SWSP, COORDINATOR OF INQUIRIES/GRIEVANCES T. STANLY, N/P JENNIFER FARESTAD, HAVE ENGAGED IN IMPERMISSIBLE RETALIATION.

Plaintiff seeks to add Defendants, SWSP ADMIN. BONDS, UCHCR/UONJ, Dr. Latimore-Collier, Dir., Coor. of Inquiries/ Grievances T. Stanly, N/P Ms. Farestad, and a charge of retaliation under the American with Disabilities Act. The Americans with Disabilities Act provides:

(a) Retaliation.
No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified assisted, or participate

in any manner in an investigation, proceeding, or hearing under this chapter.
42 U.S.C. § 12203

Facts and circumstance since the filing of the original complaint in this case support the addition of a claim of impermissible retaliation under the Americans with Disabilities Act. Since Defendants N/P Jennifer Farestad, original act of retaliation, defendants Supervisor Dr. Latimore-Collier Dir. of Medical has signed off on retaliation/discrimination, allowing Ms. Farestad, to refuse needed medical supplies, carrying out threats and retaliation, and refusing to dispense pain medication as a form of punishment, while disregarding documented medical condition. SWSP Admin. Bonds, UCHCR/UONJ, Dr. Latimore-Collier, Coordinator of Inquiries/Grievances T. Stanly for South Woods State Prison, N/P Jennifer Farestad, Dr. Woodward, as a party to this action is based on allegations of retaliation in the filing of the original complaint in this case. The defendants in the above action has denied ADA Title II, Rehabilitation Act, Breach of Duty, First and Eighth Amendment violation, Failure to adhere with Legislative Laws making facilities handicap accessible when receiving Federal Grant money, physical, emotional, and mental injuries due to Deliberate Indifference to serious medical needs, and discrimination to ADA Plaintiff in segregation, supports a claim of retaliation following the service of the original complaint in this matter and leave should be granted to supplement the complaint to add those counts.

P. 24

C O N C L U S I O N

     For the foregoing reasons, Plaintiff Eric Hines respectfully request the motion for leave to file Amended and Supplemented Complaint be granted.

Respectfully Submitted,

Dated: SEPTEMBER 20, 2018
                                 By Eric Hines
                                 Pro Se Plaintiff

P. 25



ERIC HINES #663508/145993B
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

NEOPOST          FIRST-CLASS MAIL
09/21/2018
US POSTAGE $002.05⁰

ZIP 08302
041M11297259

CLERK OF THE COURT

UNITED STATES DISTRICT COURT

P. O. BOX 2797

CAMDEN, N.J. 08101