CHARLES H. LANDESMAN
Attorney for Plaintiff
360 Kearny Avenue
Kearny, New Jersey 07032
(201) 991-5343
charles@landesmanlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC HINES, | : |
|  | : |
|  | : Civil Action No. 17-2864 (NLH) |
| Plaintiff, | : |
|  | : |
| v. | : AMENDED COMPLAINT AND DEMAND FOR |
|  | : JURY TRIAL |
| GARY LANIGAN, et al., | : |
|  | : |
| Defendants. | : |

Plaintiff, Eric Hines, who presently resides at South Woods State Prison, 215 Burlington Road, Bridgeton, New Jersey 08302, and whose SBI number is 146993B, complaining of the defendants says:

JURIDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367 as a result of defendants' joint and/or individual acts in violation of plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution; Title II of the American s with Disability Act (ADA) 42 U.S.C. §12101 et seq. as made applicable to the individual states by

the Fourteenth Amendment of the United States Constitution, and supplemental state law claims pursuant to the New Jersey Civil Rights Act (NJCRA); and pursuant to 42 U.S.C. §1983, §1984 and §1986.

FIRST COUNT

1. Plaintiff is an inmate at South Woods State Prison which is located in Bridgeton, New Jersey. He formerly was an inmate at East Jersey State Prison which is located in Rahway New Jersey.

2. Defendant, New Jersey Department of Corrections is charged with the responsibility to maintain all of the New Jersey state prisons and to make certain that the prison housing units for inmates with disabilities comply with the Americans with Disability Act of 1990 (ADA).

3. At all times hereafter mentioned, defendant Gary Lanigan, was the Commissioner of the New Jersey Department of Corrections and was the governmental official who was in charge of the operation and maintenance of all of the New Jersey prisons. He is being sued in his official capacity.

4. At all times hereinafter mentioned, Willie Bonds was the Administrator of South Woods State Prison and was directly in charge of running South Woods State Prison which included the supervision of correction officers who worked at South Woods State Prison.

Case 1:17-cv-02864-NLH-MJS   Document 18   Filed 03/27/19   Page 3 of 12 PageID: 272

5. At all times hereinafter mentioned, defendant Senior Corrections Officer (SCO) Marvin was the lock up officer for the Administrative Segregation (Ad Seg) Section of South Woods State Prison.

6. Plaintiff is confined to a wheelchair, has staples in his right shoulder because of a surgical operation, and has severe medical problems pertaining to his back and his ability to control his bowel and urinary movements that require him to wear a diaper at all times and to use catheters.

7. Due to his physical disabilities, plaintiff required a cell that complies with the Americans with Disabilities Act. (ADA).

8. For disciplinary reasons, plaintiff was assigned to the Administrative Segregation Unit at South Woods State Prison.

9. On or about March 21, 2016, plaintiff informed defendant, Senior Corrections Officer(SCO) Marvin of his physical and medical needs and that he required a handicap cell that was wheelchair handicap accessible.

10. Defendant Marvin refused to place plaintiff in a handicap cell and who stated to plaintiff that there are no handicap accessible cells in the Administrative Segregation section of the prison.

11. As a result of plaintiff's placement, plaintiff, who was in severe pain, was forced to pull the mattress off the bed

and put it on the floor in front of the cell door in order to get up out of his wheelchair without help in order to eat, get his medication and clean himself.

12. Plaintiff was refused a medical chair to shower and help to shower.

13. Defendant Marvin's conduct set forth herein constituted deliberate indifference, and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments under the United States Constitution, Article I, Paragraph 12 of the New Jersey Constitution, and violated the American with Disabilities Act (ADA) by discriminating against a disabled inmate in a wheelchair with staples in his right shoulder.

14. Defendants, Gary Lanigan, Commissioner of the New Jersey Department of Corrections, and Willie Bonds, Administrator of South Woods State Prison, supervised the conduct of defendant, SCO Marvin and was therefore a party to the conduct of SCO Marvin who violated plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution, Article I, Paragraph 12 of the New Jersey Constitution, and with the American with Disabilities Act (ADA).

WHEREFORE, plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendants, New Jersey Department of Corrections, Gary Lanigan, Commissioner,

and Willie Bonds, Administrator of South Woods State Prison and SCO Marvin, together with interest, costs, and attorney's fees.

SECOND COUNT

1. Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2. Plaintiff is currently and has been housed in the administrative segregation unit (ad seg) at South Woods State Prison.

3. During the period of time that plaintiff has been housed in the ad seg unit of South Woods State Prison, and in particular 1916, 1917, and 1918, plaintiff has been bitten by spiders, insects, crickets, frogs, and other vermin in his cell.

4. It is the duty of defendant, Gary Lanigan as the Commissioner of the defendant New Jersey Department of Corrections, and defendant, Willie Bonds, Administrator of South Woods State Prison to insure that the prison's facilities are safe and free of any health risks or hazards.

5. The failure on the part of defendants, New Jersey Department of Corrections, Gary Lanigan and Willie Bonds to employ such measures to eradicate the above noted creatures from the cells of the ad seg unit has created a serious health hazard to plaintiff, constituted deliberate indifference, and has subjected plaintiff to cruel and unusual punishment in violation

of the Eighth Amendment of the United States Constitution and Article I, Paragraph 12 of the New Jersey Constitution.

WHEREFORE, plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendants, New Jersey Department of Corrections, Gary Lanigan, Commissioner, and Willie Bonds, Administrator of South Woods State Prison together with interest, costs, and attorney's fees.

### THIRD COUNT

1. Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2. Defendant, Scott Miller is a medical doctor who is an orthopedic surgeon and who on March 17, 2016 performed surgery on plaintiff's right shoulder at St. Francis Hospital which is located in Trenton, New Jersey.

3. After the surgery was performed, plaintiff had severe pain in his right shoulder and could not raise his right arm over his head.

4. On August 18, 2016, an MRI x-ray dye was performed on plaintiff's shoulder and on August 30, 2016, defendant Scott Miller confirmed that the wrong area of the shoulder was operated on by him.

5. Prior to the surgery, an mri x-ray dye was not performed on defendant's shoulder.

6

6. The failure on the part of defendant, Scott Miller to perform an mri x-ray dye on plaintiff prior to surgery constituted negligence on the part of said defendant and as a result, plaintiff suffered an enormous amount of pain and suffering and constituted medical malpractice.

WHEREFORE. plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendant, Scott Miller together with interest, costs attorney's fees.

### FOURTH COUNT

1. Plaintiff repeats the allegations of the Third Count as if set forth herein at length and makes them a part hereof.

2. Plaintiff refused to allow defendant Scott Miller to perform a second operation on his shoulder because of his negligence in performing the first operation on the wrong part of his right shoulder.

3. At all times hereinafter mentioned, defendant, University Correctional Health Care (UCHC), which is a part of Rutgers University, operates the medical facilities at South Woods State Prison.

4. At all times herein after mentioned, defendant, Dr. Diaz was/is the Site Medical Director at South Woods State Prison and who had the duty to supervise and oversee all medical treatment that was given by employees of UCHC to inmates at South Woods State Prison.

7

5. At all times hereinafter mentioned, defendant Jennifer Fairstead was a nurse practitioner at South Woods State Prison.

6. On December 23, 2016, Plaintiff submitted a request to have a second operation performed by an orthopedic surgeon other than Dr. Scott Miller.

7. This request was denied by defendants University Correctional Health Care (UCHC), Dr. Diaz and Jennifer Fairstead.

8. The denial by the aforesaid defendants of a second operation subjected the plaintiff to cruel and unusual punishment, constituted deliberate indifference to plaintiff's needs and violated plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.

WHEREFORE, plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendants, University Correctional Health Care, Dr. Diaz, and Jennifer Fairstead together with interest, costs attorney's fees.

FIFTH COUNT

1. Plaintiff repeats the allegations of paragraphs 3, 4 and 5 of the Fourth Count as if set forth herein at length and makes them a part hereof.

2. After plaintiff requested a second shoulder operation, defendant, Jennifer Fairstead stopped plaintiff's pain

8

medication and told plaintiff that he should suffer in pain or reconsider having the second operation.

3. By stopping plaintiff's pain medication, defendant, Jennifer Fairstead, subjected the plaintiff to cruel and unusual punishment, constituted deliberate indifference to plaintiff's medical condition and violated plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.

4. Defendants, University Correctional Health Care (UCHC) and Dr. Diaz were responsible for any and all medical treatment and lack thereof by nurses at South Woods State Prison.

WHEREFORE, plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendants, University Correctional Health Care, Dr. Diaz, and Jennifer Fairstead together with interest, costs attorney's fees.

SIXTH COUNT

1. Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2. At all times hereinafter mentioned, defendant, Senior Corrections Officer Waters (SCO) was a female senior corrections officer at South Woods State Prison.

9

3. On October 7, 2016, defendant Waters (SCO) observed plaintiff using the toilet in his cell as he was inserting a catheter in his penis.

4. Defendant Waters (SCO) pulled off plaintiff's pants and underwear thereby exposing plaintiff's diaper.

5. Defendant Waters (SCO) ordered plaintiff to remove his diaper.

6. After removing his diaper, plaintiff's catheter was exposed and defendant Waters (SCO) pulled out plaintiff's catheter. Waters also ordered plaintiff not to put on another diaper.

7. Defendant Waters (SCO) also performed a body search on plaintiff which included her grabbing plaintiff's penis.

8. By removing plaintiff's catheter and by not allowing plaintiff to put on a diaper, defendant Waters interfered with medical treatment that plaintiff was receiving.

9. The actions of defendant Waters (SCO) described herein constituted deliberate indifference to plaintiff's medical condition and violated plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.

WHEREFORE, plaintiff demands judgment on this count against defendant Waters (SCO) for damages, compensatory and punitive, together with interest, costs, and attorney's fees.

SEVENTH COUNT

1. Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 4 of the First Count as if set forth herein at length.

2. At all times hereinafter mentioned, defendant, Patrick A. Nogan was the Administrator of East Jersey State Prison and was directly in charge of running East Jersey State Prison which included the supervision of correction officers who worked at East Jersey State Prison.

3. Plaintiff is a disabled person who requires the use of a wheel chair. As a disabled person, the provisions of the American with Disability Act (ADA) applies to him.

4. Plaintiff is presently housed in the ad seg unit of South Woods State Prison.

5. Plaintiff was previously an inmate at East Jersey State Prison in Rahway, New Jersey and housed in that prison's ad seg unit.

6. The cells located in the ad seg unit of South Woods State Prison and East Jersey State Prison are not handicap cells and therefore do not comply with the American with Disabilities Act. (ADA).

7. On June 7, 2015, plaintiff was placed in an ad seg cell at East Jersey State Prison. Plaintiff's cell was not handicap accessible and had no hand railing. The lack of handicap

11

facilities caused plaintiff to fall and injure his right shoulder which required surgery.

8. By requiring plaintiff to occupy prison cells that do not comply with the American with Disabilities Act (ADA), defendant, New Jersey Department of Corrections compelled plaintiff to live in unsafe conditions and caused plaintiff suffer severe personal injury.

9. Defendants, Gary Lanigan, Willie Bonds, and Patrick A. Nogan wrongfully permitted plaintiff to be housed in prison cells that were noncompliant with the American with Disabilities Act (ADA) thereby causing physical injury to plaintiff.

WHEREFORE, plaintiff demands judgment on this count for damages, compensatory and punitive against defendants, Gary Lanigan, Willie Bonds, and Patrick A. Nogan together with interest, costs, and attorney's fees.

                              CHARLES H. LANDESMAN
                              Attorney for Plaintiff

Dated: March 27, 2019

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues raised herein.

Dated: March 27, 2019

                              CHARLES H. LANDESMAN
                              Attorney for Plaintiff