GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street,
P.O. Box 112
Trenton, New Jersey 08625-0112

Attorney for Defendants: *New Jersey Department of Corrections, Gary M. Lanigan, Willie Bonds, SCPO Waters, and SCPO Marin*

By:  Marvin L. Freeman
     NJ ID: 045441995
     Deputy Attorney General
     (609)376-2998
     marvin.freeman@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ERIC HINES,<br><br>          Plaintiff,<br><br>          v.<br><br>GARY M. LANIGAN, ET ALS.,<br><br>          Defendants. | HON. NOEL L. HILLMAN, U.S.D.J<br><br>Civil Action No.<br>1:17-cv-02864-NLH-JS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (Docket Entry 18)** |

To:  CLERK OF THE COURT

     Charles Harry Landesman, Esq.
     Law, Froelich & Landesman
     360 Kearny Avenue,
     Kearny, New Jersey 07032
     *Attorney for Plaintiff*

Defendants New Jersey Department of Corrections, Gary M. Lanigan, Willie Bonds, SCPO Waters, and SCPO Marin, hereinafter referred to as ("Answering Defendants"), by way and through the

undersigned counsel, hereby respond to the allegations set forth in Plaintiff's Amended Complaint (Docket Entry 18) and by way of Answer to the same state:

## JURISDICTION

1.    Admitted that this court has jurisdiction over all alleged claims in this this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. To the extent that this paragraph consists of legal conclusions, Answering Defendants need not admit nor deny.

## FIRST COUNT

1.    Admitted.

2.    Admitted.

3.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

4.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

5.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

6.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

7.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

8.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

9.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

10.   Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

11.   Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

12.   Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

13.   This paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering

Defendants, these are denied.

14. This paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE,** Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

<u>**SECOND COUNT**</u>

1. Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2. The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

3. The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

4. Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

5. This paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this

paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE,** Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

### THIRD COUNT

1.   Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2.   The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

3.   The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

4.   The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

5.   The allegations in this paragraph are not directed at Answering Defendants. Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and

leave Plaintiff to his proofs. Additionally, this paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE,** Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

**FOURTH COUNT**

1.   Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2.   The allegations in this paragraph are not directed at Answering Defendants.  Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

3.   The allegations in this paragraph are not directed at Answering Defendants.  Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

4.   The allegations in this paragraph are not directed at Answering Defendants.  Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

5.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

6.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

7.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

8.    The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs. Additionally, this paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE,** Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

## <u>FIFTH COUNT</u>

1.   Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2.   The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

3.   The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs. Additionally, this paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

4.   The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs. Additionally, this paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE**, Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this

action.

## SIXTH COUNT

1.     Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2.     Admitted.

3.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

4.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

5.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

6.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

7.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

8.     Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

9.     The allegations in this paragraph are not directed at

Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs. Additionally, this paragraph contains legal conclusions, which Answering Defendants need not admit or deny. To the extent this paragraph contains factual allegations directed at Answering Defendants, these are denied.

**WHEREFORE,** Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

<u>**SEVENTH COUNT**</u>

1.   Answering Defendants incorporate their responses to the prior allegations as if fully set forth herein.

2.   The allegations in this paragraph are not directed at Answering Defendants.   Therefore, Answering Defendants neither admit nor deny the allegations contained in this Paragraph and leave Plaintiff to his proofs.

3.   Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

4.   Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

5.   Answering Defendants are without sufficient knowledge or

information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

6.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

7.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

8.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

9.    Answering Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph, and leave plaintiff to his proofs.

**WHEREFORE,** Answering Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendants have acted in good faith and without fraud or malice.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants have not deprived Plaintiff of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants have not deprived Plaintiff of any right, privilege or immunity secured to them by the Constitution or laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit based upon the doctrine of sovereign immunity.

### SIXTH AFFIRMATIVE DEFENSE

The theory of *respondeat superior* cannot be used in 42 U.S.C. § 1983 actions.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times Answering Defendants were employees of the State of New Jersey and at all relevant times were performing

acts within the scope of their official duties in good faith without fraud or malice, and are immune from any liability sought to be imposed upon them based on the doctrine of qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

The matters alleged herein concern the internal administration and management of the State of New Jersey, Division of State Police and therefore do not give rise to a cause of action.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants are not guilty of negligence and violated no duty to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of Answering Defendants was not the proximate cause of any injuries that Plaintiff may have sustained.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Damages, if any, were the result of Plaintiffs' own actions and/or inactions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Damages, if any, sustained by Plaintiffs, were the result of the actions of persons and/or entities over whom Answering Defendants had no control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants are not a person capable of being sued within the meaning of 42 U.S.C. § 1983.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants did not violate any duty to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

Insofar as claims asserted against the Answering Defendants allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. Failure to file a notice of claim pursuant to N.J.S.A. 59:8-8 precludes Plaintiff from asserting those claims.

**TWENTIETH AFFIRMATIVE DEFENSE**

Answering Defendants are not liable for acts taken in good

faith in the enforcement of any law, pursuant to N.J.S.A. 59:3-3.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants are not liable for injuries resulting from discretionary activities, pursuant to N.J.S.A. 59:2-3.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants are not liable for his adoption of or failure to adopt any law, or by their failure to enforce any law, pursuant to the provisions of N.J.S.A. 59:3-5.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any recovery to which Plaintiffs may be entitled against Answering Defendant is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to the immunities and the defenses provided by N.J.S.A. 59:2-1.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any actions taken by Answering Defendants were in the nature of discretionary activity within the meaning of <u>N.J.S.A.</u> 59:3-2, and accordingly, no liability may be imposed upon Answering Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Recovery may be barred in this action by reason of a prior judgment or settlement arising out of the same transaction, as set forth in <u>N.J.S.A.</u> 59:9-6.

## RESERVATION OF RIGHTS

Answering Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Answering Defendant are entitled to judgment as a matter of law.

## JURY DEMAND

Answering Defendants demand a trial by jury for all issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Answering Defendants hereby designate Marvin L. Freeman, Deputy Attorney General, as trial counsel in this matter.

Respectfully Submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:  /s/ Marvin L. Freeman
     Marvin L. Freeman
     Deputy Attorney General

Date: July 15, 2019



Re:  **Eric Hines v. Gary M. Lanigan, et als**
     **Civil Action No. 1:17-cv-02864-NLH-JS**

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street,
P.O. Box 112
Trenton, New Jersey 08625-0112

Attorney for Defendants: *New Jersey Department of Corrections,*
*Gary M. Lanigan, Willie Bonds, SCPO Waters, and SCPO Marin*

By:  Marvin L. Freeman
     NJ ID: 045441995
     Deputy Attorney General
     (609)376-2998
     marvin.freeman@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES,<br><br>          Plaintiff,<br><br>          v.<br><br>GARY M. LANIGAN, ET ALS.,<br><br>          Defendants. | HON. NOEL L. HILLMAN, U.S.D.J<br><br><u>Civil Action No.</u><br>1:17-cv-02864-NLH-JS<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that the Answer to Plaintiff's Amended Complaint, and Certification of Service, on behalf of Defendants New Jersey Department of Corrections, Gary M. Lanigan, Willie Bonds, SCPO Waters, and SCPO Marin, were filed with the Clerk of the United States District Court and that copies of these documents shall be sent to:

Charles Harry Landesman, Esq.
Law, Froelich & Landesman
360 Kearny Avenue,
Kearny, New Jersey 07032
*Attorney for Plaintiff*

Respectfully Submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:  /s/ Marvin L. Freeman
     Marvin L. Freeman
     Deputy Attorney General


Date: July 15, 2019



Re:  **Eric Hines v. Gary M. Lanigan, et als**
     **Civil Action No. 1:17-cv-02864-NLH-JS**