SUPERIOR COURT OF NEW JERSEY
CRIMINAL DIVISION
CAMDEN COUNTY
INDICTMENT NO. 09-10-3535

ERIC HINES
#663508/146993B
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SO.
BRIDGETON, N.J. 08302

**RECEIVED**

AUG 28 2019

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

ASSIGNMENT JUDGE: DEBORAH SILVERMAN KATZ
HALL OF JUSTICE.,
101 S. 5TH ST.,
CAMDEN, NEW JERSEY 08103-4001

RE: STATE V. ERIC HINES
FAILURE TO PROCESS DECEMBER 27, 2018
DEPRIVING DUE PROCESS OF THE LAW

DEAR HONORABLE DEBORAH SILVERMAN KATZ.

DEFENDANT HAS FOLLOWED RULES AND REGULATION OF THE COURT, AND NOW THE WILLINGNESS TO ADVANCE CLAIMS, AFFORDED TO EVERY OTHER IS BEING DENIED TO ME. DEFENDANT HAS NOT BEEN AFFORDED DUE PROCESS OF THE LAW. CONCERNING NEWLY DISCOVERED EVIDENCE, AND POST-CONVICTION RELIEF APPLICATIONS, OR THE ISSUES STATED WITHIN. IN ORDER TO UNDERSTAND DEFENDANT'S DIRE CIRCUMSTANCE, CONFLICT OF INJUSTICE MUST BE DISPLAYED IN IT'S CONTEXTS. ATTACHED DOCUMENTS WILL SHOW CLEAR DENIAL OF THE LAW. SHORT EXPLANATION OF EVENT'S WILL BE CATALOGUE BY ORDER OF PAGES AND DATE'S.

EXHIBIT A: BUSINESS REMIT DATED MAY 14, 2019, REQUEST ALDA RIVER CRIMINAL DIVISION MANAGER, FOR STATUS OF P.C.R. APPLICATION SUBMITTED DECEMBER 27, 2018.

EXHIBIT B: DATED JUNE 18, 2019 LETTER FROM HONORABLE KATHLEEN DELANEY. J.S.C. STATED NO P.C.R WAS RECEIVED OR FILED ON DECEMBER 27,

2018.

EXHIBIT C: DEFENDANT JUNE 18, 2019 LETTER SENT TO HONORABLE KATH-
LEEN DELANEY..J.S.C. CONFIRMING DECEMBER 27, 2018 SUBMISSION, AND
REQUESTING RESOLUTION, COURSE OF ACTION.

EXHIBIT D: POSTAGE REMIT PROVE SUBMISSION.

EXHIBIT E: BUSINESS REMIT PROVE CORRESPONDENCE SENT. JUNE 25, 2019.

IT'S NOW AUGUST 20, 2019, NO RESPONSE HAS BEEN FORTHCOMING FROM
HONORABLE KATHLEEN DELANEY..J.S.C.

I HAVE A CONSTITUTIONAL RIGHT FOR A FAIR AND COMPLETE, REVIEW
TO THE HIGHES COURT. BUT IT'S WELL GROUNDED, THAT ISSUES NOT RAISED IN
THE STATE PROCEEDING CANNOT BE RAISED IN A FEDERAL HABEAS PETITION
UNDER THE DOCTRINE OF EXHAUSTION. 456 U.S. 107. SO P.C.R REVIEWING
COURTS OCTOBER 30, 2015 DISPOSITION FAILURE TO ADDRESS EXHIBIT F: P.C.R.
APPLICATION DATED APRIL 26, 2015 AND EXHIBIT G: NEWLY DISCOVERED EVIDENCE
DATED OCTOBER 30, 2015. ACCORDING TO THE FOLLOWING:
EXHIBIT H: TITLED OFFICE OF THE PUBLIC DEFENDERS "THERESA YVETTE KYLES"
EXHIBIT I: TITLED ANDREW P. SLOWINSKI, JUNE 14, 2018 IS DATE FOR BOTH

THEY BOTH CONFIRMED, ISSUES WERE NOT RAISED OR ADDRESS, BUT THEY
CLEARLY WERE RAISED AT P.C.R COURT WITH HONORABLE EDWARD J. MCBRIDE,
JR., J.S.C. PERMISSION ON THE RECORD. NOW DEFENDANT IS BE TOLD BY
ATTORNEY AND PUBLIC DEFENDER ISSUES CANNOT BE RAISED IN FEDERAL HABEAS PE-
TITION BECAUSE P.C.R. JUDGE NEVER RULE ON ISSUES RAISED IN APPLICATION
DENYING DEFENDANTS CONSTITUTIONAL RIGHT TO COMPLETE REVIEW.
EXHIBIT J: , EXHIBIT K: EXHIBIT L: AND EXHIBIT M THE ACTUAL DOC-
UMENT SENT TO ALBA RIVERA, CRIMINAL DIVISION MANAGER.

DEFENDANT IS SENDING A COPY OF ALL ACCOMPANYING TO THE CLERKS OFFICES
OF UNITED STATES SUPREME COURT, ABOVE ACTION, COUPLED WITH FAILURE TO
RESPOND, HAS AFFECT DEFENDANTS CONSTITUTIONAL RIGHT OF JANUARY 10, 2020
DEADLINE TO FILE FEDERAL HABEAS CORPUS PETITION. IN TWO WEEKS DEFEND-
WILL PETITION THE HIGH FOR LEAVE TO FILE ON STATED ISSUES.

I CERTIFY THAT THE FOREGOING STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE
KNOW.

DATED: AUGUST 20, 2019
          C. .......... COURT

#### State of New Jersey
**Department of Corrections**

CUS - 126

### Business Remit

( Use for all Inmate disbursements except institutional store orders )

Date : _____

To: _____ Business Manager

     Please pay from my funds on deposit :

_____ dollars

$ _____

     Payable to : ( full first name and last name )

_____

Relationship : _____

Full Address : ( no P. O. Boxes ) _____

_____

### FOR THE FOLLOWING PURPOSE :

_____

_____

_____

Inmate's Name : _____

Inmate's SBI # : _____

Location : ( wing and cell / bed ) _____

Witness :   ( print ) _____

          ( sign ) _____

Supervisor : ( print ) **SGT. D. WATSON**
          ( sign )

Approved : _____**1913**_____

Paid on Date : _____

Check Number : _____

# SUPERIOR COURT OF NEW JERSEY
## CAMDEN VICINAGE

**Chambers of**
**KATHLEEN DELANEY**
**Judge**



**HALL OF JUSTICE**
**CAMDEN COUNTY**
**101 SOUTH FIFTH STREET**
**CAMDEN, NJ 08103-4001**
**(856) 379-2359**

**June 10 2019**

Eric Hines, #663508/146993B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 08302

**Re:     State of New Jersey v. Eric Hines**

Dear Mr. Hines:

The Court is in receipt of your correspondence. After looking into your request to advise you of the status of a PCR which you indicate was filed on December 27, 2018, this Court has no record of any pending Petition of Post-Conviction Relief.

Sincerely,

The chambers of the
Honorable Kathleen Delaney, J.S.C.

June 18, 2019

Eric Hines #663508/146993B
South Woods State Prison
215 Burlington Road So.
Brideton, New Jersey 08302


Honorable Kathleen Delaney, J.S.C.
Hall of Justice
Camden County
101 South Fifth Street
Camden, N.J. 08103-4001

RE: State of New Jersey v. Eric Hines
    December 27, 2018 Filing of Petition
    of Post-Conviction Relief.


Dear Honorable Kathleen Delaney,

    I truly appreciate your prompt response, to May 14, 2019 correspondence requesting status of December 27, 2018 filing of petition of Post-Conviction Relief.

    Your honor, please take notice of enclosed copy of "New Jersey State Prison" Postage Remit dated December 27, 2018; signature of Sco. R. Collier, approved by duty sergeant, and $3.10 charge.

    Also please take notice of enclosed "Business Remit" dated May 14, 2019, addressed to Alda Rivera, criminal division manager, which is legal pleading being addressed by your honor.

    Your honor, appellant has followed rules, governing request for petition of Post-Conviction Relief. As your honor can surely attest to. Date of enclosed order. And date PCR petition will be counted towards time within appellant must file a Federal Habeas Corpus petition. (One year and 90 days from date of the enclosed order October 3, 2018)

    Because evidence confirms appellant claim, I am requesting your honorable Kathleen Delaney permission to file, motion for leave to file a Federal Habeas Corpus petition. On issues in question before appellant becomes procudural bar from seeking review of High Court on the issues.

    Appellant has been housed in administrative ad-seg since 2016. And appreciate all of your help in above caption matter.

                                        Eric Hines

CO-30 A       NEW JERSEY STATE PRISON       Rev. 12/24/14
**POSTAGE REMIT**

DATE: _____   LOCATION: _____

SBI NUMBER: _____

INMATE NAME: _____

INMATE SIGNATURE: _____

TO: BUSINESS MANAGER       DATE MAILED: _____

(✔)   Check Appropriate Box (s)

| | | |
|---|---|---|
| ✗ | Legal Postage | $ |
| | Certified Cert. # | |
| | Return Receipt Requested | |
| | Postage Affixed;   **SEND DIRECT** Legal Postage Only   **TO MAILROOM** | |
| | Regular Postage   or   UPS   Property | |
| | Additional Insurance Amount $ | |
| | No Postage Inter Office Mail | |
| | Total Postage and Fees | $ |

SENT TO: _____

ADDRESS: PRINT _____

_____

WITNESS: _____       APPROVED BY: _____

SIGNATURE: PRINT _____

CHECK# _____       DATE: _____

---

CO-30 A       NEW JERSEY STATE PRISON       Rev. 12/24/14
**POSTAGE REMIT**

DATE: _____   LOCATION: _____

SBI NUMBER: _____

INMATE NAME: _____

INMATE SIGNATURE: _____

TO: BUSINESS MANAGER       DATE MAILED: _____

(✔)   Check Appropriate Box (s)

| | | |
|---|---|---|
| ✗ | Legal Postage | $ |
| | Certified Cert. # | |
| | Return Receipt Requested | |
| | Postage Affixed;   **SEND DIRECT** Legal Postage Only   **TO MAILROOM** | |
| | Regular Postage   or   UPS   Property | |
| | Additional Insurance Amount $ | |
| | No Postage Inter Office Mail | |
| | Total Postage and Fees | $ |

SENT TO: _____

ADDRESS: PRINT _____

_____

WITNESS: _____       APPROVED BY: _____

SIGNATURE: PRINT _____

CHECK# _____       DATE: _____

## State of New Jersey

CUS - 126

### Department of Corrections

## **Business Remit**

( Use for all Inmate disbursements except institutional store orders )

Date : 06-25-2017

To: _P/O_____   Business Manager

Please pay from my funds on deposit :

_____ dollars

$ _(55)_____

Payable to : ( full first name and last name )

HONORABLE KATHLEEN DELANEY

Relationship : NONE   LEGAL PERSONEL

Full Address : ( no P. O. Boxes ) HALL OF JUSTICE CAMDEN COUNTY
101 SOUTH FIFTH STREET, CAMDEN, NJ 08103-4001

### **FOR THE FOLLOWING PURPOSE :**

LEGAL POSTAGE

RE-found TO SUBMIT PCR SUBMITTED TO AUTH-
OR, October AND DECEMBER 29, 20K SUBMITTED

Inmate's Name : ERIC HINES    Eric Hines

Inmate's SBI # : #663509/#146112B

Location : ( wing and cell / bed ) A-PU   CELL 1028

Witness :   ( print ) M. OSTELLA

Super____  ( print )  ____ SGT. D. WATSON

( sign )  1913

Approved : _____

Paid on Date : 10/26/19 #1913

Check Number : _____

SUPERIOR COURT OF NEW JERSEY
CRIMINAL DIVISION
CAMDEN COUNTY
Indictment No.: 09-10-3535

Eric Hines #663508/146993B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

State of New Jersey

     v.

Eric Hines, Defendant

NOTICE OF MOTION FOR
Order To Amend Certification
in Support of Post-Conviction
Relief Petition to Clarify
all Grounds to be Raised.

To: Honorable Edward J. Mcbride, Jr., J.S.C.
New Jersey Superior Court
Camden County Hall of Justice
101 S. Fifth Street
Camden, NJ 08102

Kevin Hein, Assistance Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, New Jersey, 08102-1231

PLEASE TAKE NOTICE that the undersigned hereby moves before
the Superior Court of New Jersey, Criminal Division, for an
order:  To Amend Certification in Support of Post-Conviction
        Relief Petition to Clarify all Grounds stated, which
        haven't been Raised or Perfected by PCR Attorney.

In support of this motion, I shall rely on the accompanying
brief.

4/26/2015
(date)

Eric Hines
(signature)
ERIC HINES

I hereby certify that I am mailing one copy of this Notice of
Motion to PCR Attorney named below, service to the Clerk of
the Criminal Division, and other parties by PCR Attorney below:

Theodore Baker, ESQ.
21 Route 130 South
Cinnaminson, NJ 08077

4/26/2015
(date)

Eric Hines
(signature)
ERIC HINES

PA 36

Eric Hines #663508
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

                    SUPERIOR COURT OF NEW JERSEY
                    CRIMINAL DIVISION
                    CAMDEN COUNTY
                    Indictment No.: 09-10-3535

```
STATE OF NEW JERSEY,            :
    plainttiff-Respondent      :        CRIMINAL ACTION
                               :
                               :
        v.                     :
                               :        CERTIFICATION
                               :
ERIC HINES,                    :
    Defendant-Movant           :
                               :
```

I, Eric Hines, of full age, defendant in the above-captioned
case, hereby certify that:

(1)

I am the above-named defendant, and I make this Certification
in support of my Motion to Amend Certification in support of
Post-Conviction Relief to Clarify all Grounds stated, which
haven't been Raised or Perfected by PCR Attorney.

(2)

I am currently represented by counsel assigned from the Public
Defenders Office. Mr. Theodore J. Baker, and pursuant to
principle holding in STATE V. RUE, 175 N.J. 1 (2002), Mr. Baker,
is obligated to raise those issues which I wish to advance as
well as those found by counsel.

(3)

Because of reason stated in NOTICE OF MOTION FOR order to Amend
PCR on December 19, 2014. On January 15, 2015 the transcribe
Trial file document, requested from Mr. Baker was received.
Which confirms the claims of Ineffective Assistance of Counsel
on Trial Attorney for withholding evidence exculpatory to her
client. And evidence in pretrial transcripts that Direct Appeal
attorney refused to obtain. April 30, 2010 pretrial transcript
were no on-the-record proceedings that date, that should have
been put on the record for appeal purpose is also Ineffective
Assistance of Trial Counsel.

(4)

As of April 23, 2015 the Amended PCR that was requested hasn't
been filed. Under STATE V. RUE, I'm formally requesting Mr.
Baker, to submit this Amended Post-Conviction Relief Petition

PA 37

Clarifying all Grounds stated for PCR which haven't been raised or perfected by Mr. Baker. Because Post-Conviction Relief is a defendant's last opportunity to raise a constitutional challenge to the fairness and reliability of a criminal verdict in our state system. STATE V. RUE, 175 N.J. 1, 18 (2002) STATE V. FEASTER, 184 N.J. 235, 249 (2005)

(5)

I seek to protect my Due Process Rights and submit a perfected PCR to avoid protracted Litigation and have my PCR adjudicated on all available grounds based on the merits. Which are outlined below:

A.   Evidence not on Property Log/ Chain of Custody sheet, Prosecutor, Trial Attorney and Trial Judge allowed evidence in trial, BEER CANS, LIQUOR BOTTLES, VIDEO CAMERA, BLACK BAG, that weren't on any (PROPERTY LOG/EVIDENCE LOG) or Chain of Custody sheet creating a substantial reason to conclude, none of this evidence should have been presented to the jury. (without a 104 Hearing) As long ago as MOONEY V. HOLOHAN, 294 U.S. 103,112, 55 S.Ct. 340,342, 79 L.ED. 791 (1935) Trial Court never held 104 Hearing.

B.   Officer John Powers gave false testimony, Trial Court, Prosecutor, and Trial Attorney allowed officer to give testimony that defendant was seen carrying a Black Bag that contained, Video Camera. On June 24, 2010 at Charge Conference pg. 80-81 were trial attorney make's recollection of the testimony and from the evidence VOUCHERS confirms there was no video camera stolen. So video camera was removed from the verdict sheet, but know charge was given to the jury to cure this false testimony allowing the jury to believe. The officer in fact seen me carrying a black bag containing a video camera, when there's know evidence of one, which violated my rights to a fair trial by giving testimony to the jury that has know foundation or evidence to support stated claims.

C.   Pretrial transcripts April 30, 2010 no on-the record proceeding, states a motion was withdrawn, but trial court, prosecutor and trial attorney, In an appeal from a court, then, the record on appeal appropriately includes the transcripts of any pretrial proceeding, such as a hearing on a motion to dismiss on statute of limitations grounds in a civil matter, see SILVERMAN V. LATHROP, 168 N.J. Super. 333,336 (App.Div. 1979), Trial Attorney failure to have the ruling transcribe on the record violates my rights to appeal on said matter. Ineffective Assistance of counsel.

D.   On June 21, 2010 a pretrial Motions pg. 13-15 confirms discrepancies with Chain of Custody, (which proves trial Judge know of document S-31 Chain of Custody discrepancies problems making a 104 Hearing a PROCEDURAL REQUIREMENTS

PA 38

OF RULE. On June 24, 2010 Charge Conference pg. 91-92 lines 12-25 were judge is aware of Chain of Custody viola-tion was in question. Judge states on lines 19 pg.91 (I suggested we wait until Tuesday. WE DO IT IN A 104 Hearing. When there is a challenge to evidence, a Trial Court may commit plain error if it rejects the evidence without hearing even if the parties fail to request one. see Kemp ex.rel WRIGHT V. STATE, 174 N.J. 412,432-433 (2002)

PROCEDURAL REQUIREMENTS OF RULE 104(a). Ordinarily, where there is a challenge to the admissibility of proffered evidence or a proffered witness, the challenging party must make a threshold showing that an arguable issue exists as to that evidence before there is justification for full preliminary hearing under this rule. see STATE V. LONG, 119 N.J. 439,487 (1990) There was a challenge to Chain of Custody and Evidence.

E.  Complaints of Ineffective Assistance of Counsel on Gilbert G. Miller,ESQ. Direct Appeal Attorney, His refusal to raise constitutional violation, on trial court for allowing officer to give testimony about property not in evidence. Then striking said information from verdict sheet, by know jury charge was given. Also placing state-ment in Direct Appeal brief the was ruled on in 104 Hear-ing as inadmissible. And wasn't in the trial transcripts As the Court,"consideration of [an] appeal must be confined to the record made in the trial court." This is why I never received the 104 Hearing.

F.  Trial Counsel failed to effectively demonstrate to the jury that the State did not and could not adequately demonstrate a sufficient Chain of Custody regarding its DNA investigation, I will rely on the documents submitted by Mr. Baker and his letter Brief that's been submitted to explain these constitutional violation because of the numerous documents attached to said matter. Also Trial counsel refusal to suppress swabs and evidence that Det. Tom Whalon and Det. Earney handled even after the documents I showed her displayed all the discrepancies and fabricated documents.

G.  The state failed to give any documents regarding Chain of Custody or victim statement until the day of trial and the judge refused to suppress the evidence for a Brady violation.

H.  Video Conference on January 13, 2015 I requested Mr. Baker To transcribe a complete copy of trial file documents on January 17, 2015 I received them, DNA Extraction Work-sheet page 8206 1of2, page 8206 2of2 second DNA Extraction Worksheet page 8223 1of2, page 8223 2of2, Also Proficiency Test Log. Confirms Brett Hutchinson gave false testimony

on what was tested, he stated the supervisor informed
him to test three thing. But this documents show over
twenty-one items were tested Bra, panties and Gloves.
These items were withheld from the trial court and jury
which trial counsel also withheld from her own client.
Not allowing this evidence to be consider by trial court
or jury violated my right to a fair trial and displayed
a constitutional violation of my rights, and Ineffective
Assistance of Trial Counsel. Because this Newly discovered
evidence contain over 40 page, I want burden the court
by documenting ever one. Please allow me and Mr. Baker
to display said documents to the court at the Scheduled
Hearing.

Based on the foregoing facts I am requesting the court to Amend
Certification in Support of Post-Conviction Relief Petition
to Clarify all Grounds stated, which haven't been Raised or
Perfected by PCR Attorney.

I make this motion in good faith and not for delay, rather I
seek to protect my Due Process Rights and submit a perfected
PCR to avoid Protracted Litigation and have my PCR adjudicated
on all available grounds based on the merits,

I hereby certify that the foregoing statements made by me are
true. I understand that if any of the foregoing statements are
willfully false, I am subject to punishment.

4/26/2015
(date)

Eric Hines
(signature)

Eric Hines #663508

P.A 46

SUPERIOR COURT OF NEW JERSEY
CRIMINAL DIVISION
CAMDEN COUNTY
Indictment No.: 09-10-3535

Eric Hines #663509/1469993B
South Woods State Prison
215 Burlington Rd.
Bridgeton, N.J. 08302

State of New Jersey

                     NOTICE OF MOTION FOR

        v.              Newly discovered evidence
                       and evidence of prosecutorial

Eric Hines, Defendant       misconduct that warrant a New
                       Trial. Fed. R. Crim. P. 33.

To: Honorable Edward J. McBride, Jr., J.S.C.
     New Jersey Superior Court
     Camden County Hall of Justice
     101 S. Fifth Street
     Camden, N.J. 08103

     Kevin Hein, Assistance Prosecutor
     Camden County Prosecutor's Office
     25 North Fifth Street
     Camden, New Jersey, 08102-1231

PLEASE TAKE NOTICE that the undersigned hereby moves before
the Superior Court of New Jersey, Criminal Division, for an
order: Granting a New Trial because of newly discovered evidence
           and evidence of prosecutorial misconduct should suffice
           to warrant a New Trial. Fed. R. Crim. P. 33.

In support of this motion, I shall rely on the accompanying
brief.

10/30/2015
(Date)

Eric Hein
(signature)
ERIC HINES

I hereby certify that I am hand delivering one copy of this
Notice of Motion to Honorable Edward J. McBride, Jr., J.S.C.,
Kevin Hein, Assistance Prosecutor and Theodore J. Baker, ESQ.
on October 30, 2015 at P.C.R. hearing.

10/30/2015
(Date)

Eric Hee
(signature)
ERIC HINES

PA 42

Eric Hines #603503/1469930
South Woods State Prison
215 Burlington Rd.
Bridgeton, N.J. 08302

                               SUPERIOR COURT OF NEW JERSEY
                               CRIMINAL DIVISION
                               CAMDEN COUNTY
                               Indictment No.: 09-10-3535

STATE OF NEW JERSEY,        :
     plaintiff-respondent :          <u>CRIMINAL ACTION</u>
                          :
        V.              :
                          :          CERTIFICATION
ERIC HINES,            :
    Defendant-Movant     :

I, Eric Hines, of full age, defendant in the above-captioned
case, hereby certify that:

(1)

I am the above-named defendant, and I make this Certification
in support of my Motion for Newly discovered evidence and
evidence of prosecutorial misconduct should suffice to warrant
a new trial. Fed. R. Crim. P. <u>33</u>.

(2)

I am currently represented by counsel assigned from the Public
Defender Office. Mr. Theodore J. Baker, and pursuant to principle
holding in <u>STATE V. RUE</u> 175 N.J. 1 (2002), Mr. Baker is
obligated to raise those issue which I wish to advance as well
as those found by counsel. But PCR attorney has fail to raise
or perfect in a brief with case law to back up the evidence
which is displayed in documents. Which confirms the suppression
of exculpatory evidence and use of perjured testimony by the
state, whether willful or merely negligent, deprives the
defendant of a fair trial.

(3)

Because of reason stated in NOTICE OF MOTION FOR order to amend PCR submitted
on December 19, 2014. On January 15, 2015 the transcribe trial file document,
requested from Mr. Baker was received. Which confirms the claims of
Ineffective Assistance of Counsel on trial attorney for withholding evidence
exculpatory to her client. And allowed the prosecutor's witnesses to give
false and perjured testimony even though documents in trial attorney file
prove the testimony to be false and perjured that was material to the
conviction. And know of the prosecutor participation in and her knowledge
of the falsity. If the PCR attorney had carefully inspected the documents,
that he transcribe and mailed to defendant or inspected the trial transcripts
in their entirety these facts would not have been missed.

PA 43

(4)

Ineffective Assistance of Counsel on Appellate Attorney Gilbert G. Miller, fail to raise on appeal. The grounds that would perfected the Motion for a New Trial pursuant to R. 3:20-1 that was in documents and trial transcript, which confirmed the suppression of exculpatory evidence and the use of perjured testimony by the state. Mr. Miller submitted on appeal, Motion for a New Trial pursuant to R. 3:20-1 on the grounds that the verdict was against the weight of the evidence and that there was a manifest denial of justice under the law. "The principal thrust of defendant's argument is that the State knowingly failed to correct false statements made by six of it's witnesses by neglecting to bring to the attention of the jury a prior inconsistent and exculpatory statement by said witness, and further, by failing to correct certain statements made by the said witness on cross-examination that were known to the prosecutor Ms. Pratter and Trial Attorney Ms.Cohen to be false.

[311 A.2d 763] It is uncontrovertedly the law in New Jersey and all the states that the suppression of exculpatory evidence or use of perjured testimony by the state, whether willful or merely negligent, deprives the defendant of a fair trial. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959).

This principle-- that the State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction-- implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959); State v. Taylor, 49 N.J. 440, 453, (1967).

The court granted defendant a new trial because the suppression of the exculpatory evidence to the judge and jury deprived defendant of a fair trial.

(5)

The Amend PCR and this Motion for Newly discovered evidence and evidence of prosecutorial misconduct that warrant a New trial. Fed. R. Crim. P. 33. Will satisfy a two-prong test enunciated by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L. Ed. 2d 674, 693- 93 (1984) and as adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 50- 52 (1987). 1. Trial Attorney Ms. Cohen, withheld exculpatory evidence from defendant even though she know the state witnesses was giving false testimony and had the documents to prove it. 2. Ms. Cohen was informed by defendant that Harry Corey and the prosecutor Ms. Pratter were giving false testimony about a CODIS Hit on swab from beer can, there isn't any documentation to back up their claims. 3. Also the claim stated in the Amend PCR appeal. " The same Ineffective Assistance of Counsel apply

PA 44

to Direct Appeal Attorney Gilbert G. Miller, as well as PCR Attorney Theodore T. Baker". Many valid grounds other than insufficient evidence exist for granting a motion for a new trial. The Federal Rules of Criminal Procedure give courts discretion to grant new trials if the interests of justice so require. Third Circuit has held that newly discovered evidence or evidence of prosecutorial misconduct may suffice to warrant a new trial. Fed. R. Crim. P. 33.

1.  June 29, 2010 trial Transcripts, Summation- Pratter is confirms Det. Warney and Prosecutor lied about the evidence on page 4T181-0 to 22.

2. On Summation-Pratterr states that Det. Whalen gave them items back to her "Ms. Carey' because there wasn't going to be any evidence that he could get from those items. 4T184-16 to 185-17.

3.  June 29, 2010 trial transcripts, T.Whalen - Direct according to prosecutor- Pratter and I qoute " looking at P-3 for identification, And based on receipt of this letter, is that the reason why you requested swabs to be taken from the defendant T. Whalen Answer yes. 4T99-25 to 101-17.

4.  I now bring your attention to Prosecutor brief for PCR, submitted his brief on December 10, 2014 please take notice to page 23, " He states", In such an instance, as was the case here, investigators at the forensic lab contact another investigator to retrieve a DNA sample, such as a buccal swab, from the suspect in the data base match. ( 2T115-1 to 6). Here, Mr. Corey contacted the "addon Township Police Department, which had submitted the first specimen from off the beer can for comparison, and requested another sample from defendant to compare against his profile to assure accuracy. (2T114-16 to 115-17; 2T116-20 to 119-3; 2T122-5 to 123-2). thus, the method of obtaining defendets DNA sample was routine and within the the confines of ordinary police investigation practices.

Consequently, the evidence would have inevitably been discovered and Defendant's motion to suppress the DNA evidence would have been fruitless. " It is of no consequence that the falsehood bore upon the witness's credibility rather than directly upon defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the resoonsibility and duty to correct what he knows to be false and elicit the truth. State v. Cahill, 125 N.J. Super. 492; 311 A.2d 760; 1973 N.J. Super. LEXIS 493.

3.3.  Trial 15.70-Criminal Cases-Conduct of Counsel-Prosecuting Attorneys.

The United States Supreme Court has established that the deliberate deception of the court and jury by the knowing presentation of false evidence violates the due process

PA 45

guarantees of the fourteenth Amendment. The court explained that due process is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation. U.S. Const. amend. XIV.

10/30/2015
(Date)

Eric Hines
(signature)
Eric Hines 663509

PA 46



**PHIL MURPHY**

*Governor*

**SHEILA OLIVER**
*Lt. Governor*

**State of New Jersey**
**OFFICE OF THE PUBLIC DEFENDER**
**Appellate Section**
**MATTHEW ASTORE**
*Acting Deputy Public Defender*
**31 Clinton Street, 9th Floor, P.O. Box 46003**
**Newark, New Jersey 07101**
**Tel. 973-877-1200 · Fax 973-877-1239**

**JOSEPH E. KRAKORA**
*Public Defender*

June 14, 2018

Mr. Eric Hines, SBI# 146993B
South Woods State Prison
215 South Burlington Road
Bridgeton, New Jersey 08302

     Re:  State v. Eric Hines
            S.Ct. Docket No. 080898

Dear Mr. Hines:

     I have reviewed your letter dated June 8, 2018. The only issues before the Supreme Court at this time are those that were raised in your appellate brief. Your attorney cannot submit anything that was not considered by the PCR court cannot be submitted at this time. Please try to understand that the appeals courts do not take new evidence. All they do is examine what has been done by the lower court and decide whether your rights were abridged and, if so, what the remedy should be. Anything that was not presented to the lower court cannot be presented to the appeals courts.

     Your first concern seems to be that evidence that you were in possession of the victim's property was stricken from the record but then PCR counsel included that evidence in his brief and then it was relied on by the PCR court. If that is all true, and if it was not raised in your current PCR application, it should be raised in another PCR motion should the Supreme Court refuse to grant you relief. The Supreme Court cannot now consider arguments that were not made already in the Appellate Division.

Your second concern has to do with newly discovered DNA evidence.  If that was not raised by your PCR attorney, it could not be raised in the Appellate Division or in the Supreme Court. You may file a motion for a new trial based on newly discovered evidence to get that evidence into the case.  This motion should be filed with the trial court and will proceed much in the same manner as a PCR petition.

Your medical condition is very unfortunate, but it is not relevant to your current appeal unless it was considered by the trial court or the PCR court.

I have answered your questions to me to the best of my ability, given the limited knowledge I have about your case.  I see that you sent a copy of your letter to Mr. Slowinski, and I am sure that he will respond to you if that is appropriate.

Very truly yours,

THERESA YVETTE KYLES
Assistant Deputy Public Defender

TYK

cc:  Andrew Slowinski, Esq.

# ANDREW P. SLOWINSKI
Attorney at Law
620 Spruce Street
Boonton, New Jersey 07005
(973) 590-1601
fax (973) 695-1368

June 14, 2018

Mr. Eric Hines
Inmate No. 663508/146993B
South Woods State Prison
215 South Burlington Road
Bridgeton, N.J. 08302

      **Re:**    **State v. Eric Hines**
             **Appeal No. A-2765-15T1/Supreme Ct. Docket No. 080898**

Dear Mr. Hines:

      Thank you for your recent correspondence regarding your appellate case, which as you know is now pending before the New Jersey Supreme Court on a petition for certification after the Appellate Division confirmed the decision of Judge McBride denying your petition for PCR.

      I have also received the document which you forwarded to the Supreme Court, but the clerk of the Court has advised that your filing cannot be considered with the petition for certification. To the extent that you are seeking to raise issues of ineffective assistance of PCR counsel, the place to raise those issues would be in a second PCR petition filed with the Criminal Division Manager's Office in Camden County. One of the arguments that I put forward in your appellate brief was directed towards this issue. I argued in Point III of the brief, pages 46 to 53, that your PCR attorney was ineffective because he did not retain a DNA expert to support your PCR petition even though he purported to identify problems with the DNA evidence. The only way to have the court address this issue would be to file a second PCR directed to the issue of ineffective assistance of PCR counsel. Although the Court Rules do not provide for an automatic right to counsel on all second PCR petitions, they do allow appointment of counsel for a showing of good cause. I would expect that by including Point III from the appellate brief with your second PCR petition and being specific about the grounds for your second petition, you may be able to make a showing of good cause and obtain the appointment of counsel to assist with the second PCR petition.

      After receiving your letter, I tried to arrange for a video conference with you at South Woods, but on the day scheduled for the conference I was advised that you were unable to participate. Please let me know when you would be able to participate in a video conference and I will try to arrange one so that we may further discuss any concerns you have about the status of your case.

                                                    Very truly yours,

                                                    Andrew P. Slowinski

cc: Jodi Ferguson, Public Defender's Office

Eric Hines #663508/146993B                         10/19/2018
South Woods State Prison
215 Burlington Road So.
Bridgeton, NJ 08302

Office of the Public Defender
PCR Unit
P.O. Box 4605,
31 Clinton Street,
Newark, NJ 07101.

Re: State v. Eric Hines
Sup. Ct. Dkt. No.080898
App. Div. Dkt. No. A2765-15

Dear PCR Unit,

Please be advised, notification that New Jersey Supreme Court has refused to accept defendant case for review. Points detailed in original Post Conviction Relief Application were not perfected by PCR Attorney, neither was the supplemental brief containing newly discovered evidence received from PCR Attorney, foregoing Honorable Judge McBride, granted    defendant permission on the record to submit Supplemental Brief but no ruling, or final judgment was rendered. Theirs action hinder defendant Petition for Certioari, and that defendant must raise those constitutional issues in the New Jersey state courts first.

So please send he necessary forms, rules governing time restraints   concerning filing of PCR petition and how would this apply to the time within which I must file a Federal Habeas Corpus Petition.

Thanking you for all of your anticipated help in above matter.

                                             Eric Hines

Eric Hines #663508,
South Woods State Pri
215 Burlington So. Road
Bridgeton, NJ 08302

NEOPOST                    FIRST-CLASS MAIL

10/20/2018
US POSTAGE $000.50⁰


ZIP 08302
041M11297259

Office of the Public Defender
PCR UNIT
P.O. Box 46015,
31 Clinton Street,
Newark, N.J. 07101.

07102803799 C056



**PHIL MURPHY**
*Governor*

**SHEILA OLIVER**
*Lt. Governor*

**State of New Jersey**
**OFFICE OF THE PUBLIC DEFENDER**
**Post-Conviction Relief Unit**
**CHRISTOPHER ORRISS**
*Acting Deputy Public Defender - PCR Unit*
**31 Clinton Street, 8th Floor**
**Newark, New Jersey 07102**
**Tel. 973.877.1200 · Fax 973.273.0130**
PCR.Unit@opd.nj.gov
TheDefenders@opd.state.nj.us

**JOSEPH KRAKORA**
*Public Defender*

October 31, 2018

Mr. Eric Hines, SBI #146993B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Re:    **Camden County Indictment**

Dear Mr. Hines:

In response to your recent request to file a Petition for Post-Conviction Relief, enclosed please find a blank PCR petition. Fill out the entire form and file it directly with the county in which you were convicted:

>    ***Alba Rivera, Criminal Division Manager***
>    ***Camden County Hall of Justice***
>    ***101 South Fifth Street***
>    ***Camden, New Jersey 08103***

The court will review what you have filed, and will refer your case to the Public Defenders Post Conviction Relief Unit if appropriate. Once your matter is referred from the Court, we will open a file for you. Until the Court refers your case to this office, we cannot provide legal services to you in this matter.

Also enclosed is a Client Information Pamphlet. It explains the basic information you need to understand how Post Conviction Relief works. Thank you.

Respectfully Submitted,
*Ruth Carlucci, Esq.*
Ruth Carlucci, ADPD
Christopher Orriss, Acting Deputy

RC/iv

FORM 1
(RULE 3:22 POST-CONVICTION RELIEF)

State of New Jersey
_____

v.

Eric Hines
_____
Defendant's Name

Petitioner being duly sworn according to law, upon the oath depose and say:

1.  I desire to petition for Post Conviction-Relied under Rule 3:22 et. Seq.

2.  I was convicted of the offense(s) of Burglary-Element, Robbery, Theft by unlaw-taking,
    Resisting Arrest-Purposely, Burglary
    _____

    _____

    by the _____Camden_____ County Court. I was sentence by the Honorable Irvin J.
    Snyder., J.S.C. _____ on the date of __08/06/2010__ and I am presently
    confined at __New Jersey State Prison_____

3.  I am unable to obtain funds from anyone, including my family and friends. I represent that I am
    a poor person and that the following statements are true to the best of my knowledge and belief.

    a.  Money (here state whether you have money in any account, i.e.,: bank,
        institutional account or any other place. State if you owe any money to
        anyone and the amount.)

        No money in Bank Account or Institutional Account. Owe State $4,000 and

        Child Support $18,000, I.R.S. No Ideal.

    b.  Automobile (state whether you own a car, if so give the year, make and
        Model as well as how much you owe on it. Give locations of automobile)

        N/A

    c.  Real Estate (here specify if you own any real estate, value, location and mortgages or
        liens thereon)
        N/A

Page 1 of 5

FORM 2
(RULE 3:22 POST-CONVICTION RELIEF)

Camden                    COUNTY COURT
PETITION FOR POST-CONVICTION RELIEF

STATE OF NEW JERSEY

v.

Eric Hines
Defendant's Name

1.  Petitioner was charged with the offense(s) of Burglary-Element, Robbery, Theft by unlaw-
    Taking, Resisting Arrest-Purposely, Burglary, Crim Mischief, Damage Property, Att cause
    Purr/Knowly Bodily injury to another.

    on indictment(s) Burglary-Element, Robbery, Theft By Unlaw-taking, Resisting Arrest-Purposely
    B urglary

    dated  10/15/2009              in the County of     Camden

2.  Petitioner was convicted of the crime(s) of  B urglary-Element, Robbery, Theft By unlaw-takin
    Resisting Arrest-Purposely, Burglary.

    AND ON THE DATE OF  08/06/2010        was SENTENCED by Honorable Irvin J. Snyder
    to a term of Count: 1,2,3,-20yrs with 85%. Count: 4,18mo. Consective, Count: 5 Concurrent
    5yrs with 2 1/2 yrs without Parole.

3.  Here indicted any appeals taken from the conviction to the Appellate Courts or Supreme Court
    or both. Attach copies of any opinion of those courts. If there is no appeal state so.

    Opinions taken from Both, but I retain no copies. Trial Jill R. Cohen NJ andd Appellate
    Attorney Gilbert G. Miller NJ

4.  Here indicate any prior Post-Conviction proceedings, other than appeals relating to the
    conviction. Give dates of each appeal taken and claims raised in them.  State whether there was
    any appeal taken from any prior post-convictions. Attach copies of any trial or Appellate Court
    decisions              No others Just from Conviction

RULE 3:22 POST-CONVICTION RELIEF

5. Here indicate if petitioner was represented by counsel in any of the above proceeding(s). Give counsel's name and state whether he/she was private or court appointed.

Trial Att. Jill R. Cohen NJ Court App., Appellate Att Gilbert G. Miller Court App.,

PCR Att. Theodore J. Baker NJ Court App. and Cert Att. Andrew P. Slowinski NJ Court App.

6. If petitioner desirers to have counsel represent him/her on this post-conviction relief check either:

   Yes ( )   or   No ( X )

7. Petitioner is presently confined at   New Jersey State Prison

8. Here state with specificity the facts upon which the claim for relief is based, legal arguments and all claims. Use extra paper if needed. Arguments and citations shall be omitted from this petition but you can submit them in a separate memorandum and attach hereto.

1. Newly discovered evidence or prosecutor misconduct will suffice to warrant a New trial.

2. Suppression of exculpatory evidnce or use of perjured testimony by the state, wether willful or merely negli-gent, deprives the defendant of a fair trial.

cont of pg.2

STATE OF NEW JERSEY
COUNTY OF Camden

The petitioner duly sworn according to law, upon his oath depose and say:

1. I am the petitioner in this action.

2. I have read the foregoing and know the contents thereof and the same are true to the best of my Knowledge and belief, expect as to matters relating to other persons and as to those matters I believe them to be true.

3. In making this affidavit I am aware that false swearing could be subject to punishment for the same.

Eric Here

Defendant's Signature

6. " Continuation of current PCR claims"

    4. Prosecutor withheld DNA previously which confirms semen
fraction was detected, withhold from jury and trial
Judge deprived defendant of a fair trial.

    5. Newly discovered documents proves prosecutors witness
gave false testimony.

Thus, the prosecutor's action had a clear capacity to lead
to a verdict which otherwise would not have occurred and
constitute "Plain error." R. 2:10-2. Therefore, defendant's
convictions must be reversed.

Point
Trial Attorney
    1. Withheld exculpatory evidence from Judge, Jury and
defendant knowing information within could change
verdict, suppression denied defendant a fair trial.

    2. Allowed prosecutor's witness to give false testimony, that
withheld exculpatory evidence proved was false changing
the outcome of trial.

    3. Documents proves question asked by trial attorney to DNA
analyst was false, knowing DNA evidence if products at trial
Bra + panties with semen fraction, who surely prove something
or somebody lying.

Point
PCR Attorney

1. Post-Conviction Relief attorney Theodore J. Baker, displayed
a total wishes and Ineffective assistance of Counsel by not
perfecting defendant arguments, but simply reciting defendants
PCR application word for word, allowing Judge to only comment
on point in question, but giving no opinion on the Amended PCR
or Supplemental brief for newly discovered evidence.

2. Counsel ineffective assistance of counsel, put in brief
information the was stricken from verdict sheet and charge sheet
for which PCR Court use to make ruling to deny defendant PCR
application.

3. And any of constitutional violation which defendant my
discover.

Points
Andrew P. Slowinski

1. Ineffective Assistance of Counsel, defendant was informed
by counsel that Honorable Edward J. McBride, Jr., J.S.C. October
30, 2015 never address as a matter of record concerning Pro
Se PCR Amended application, and Supplemental brief of Newly

discovered evidence were never perfect and present, therefore could not be raised on certification.

2. Punishing defendant when attorney was ineffective, still denies a fair process violate ever part of State v. Rue.

Thus, the PCR attorney actions had a clear capacity to lead to PCR Court denial of evidentiary hearing, had he investigated the facts and record he would have known said evidence was stricken. therefore, defendant PCR should start anew, and evidentiary hearing should be held.

Point
Trial Judge

1. Allowed prosecutor's witness to give testimony, without foundation to back them up.

2. At colloquy trial court was made aware, video camera was stricken from the verdict sheet and charge sheet. no curative instruction was given to the jury to disregard. " This is why they came back with the question, about considering a second person, "trial Judge instruction to follow the evidence," Lead the Jury to make inference defendant had procession of victims property being a "black bag with video camera"

Thus, the Trial Judge's action had a clear capacity to lead to a verdict which otherwise would not have occurred and constitute "plain error." R. 2:10-2. If said unfair evidence + Jury instruction are aloud to go uncheck then, a fair trial will not be afford any defendant Therefore, defendant's convictions must be reversed.

Point
PCR Judge

1. PCR Court reasoning for denying evidentiary hearing was basest of evidences stricken from verdict sheet and charge sheet, had the investigation been perform on the record which, was to be perfected, granting a opinion.

2. Defendant will be requesting DNA test to be performed on Panties, because when the DNA is returned confirming defendant is not a match, but semen fraction put another person in room will victim lied, forewhich jury is entitled to hear.

Thus, the PCR Judge action had a clear capacity coupled with PCR Attorney false statements lead denial of evidentiary hearing which otherwise would not have occurred PCR Attorney, and PCR Judge investigated occurred and constitute "plain error" R. 2: 10-2. Therefore, PCR should be started anew. I also reserve the right to raise anything according to State v. Rue

PLEASE PRINT NEATLY

Name_____ **Eric Hines**_____

Charges(s) **Burglary,Robbery,Theft of property,Resisting arrest.**

Indictment/Complaint No(s)___**09-10-3535**_____

Have you ever been know by, arrested under or used any other name? Yes(✗)  or  No (  )

If yes please specify name(s) **Terrance Kerney**_____

Address **Viola Street**_____ Apt./Fl. **2.Fl.,**City **Camden**_____

State___**N.J.**_____ Zip Code__**08104**____ Phone **none**_____

Jail__**Camden County**_____ Bail (amount posted)__**no**_____

Height__**5'1**__ Weight **130**_____ Race **Black**___ Sex **Male**_____

Date of Birth**6/14/65** Place of Birth **Phila**___ Social Security Number **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**

Are you presently on probation? Yes ( ) or No ( ✗) or Parole? Yes ( )  or  No ( ✗ )
If yes, specify_____

Married? **no**___ Spouse's Name___**N/A**_____ Number of Children **two**_____

Arresting Agency**H.T.P.D.**_____ Where Arrested **unknown**___ Date of Arrest **7/14/0**9

Name of persons arrested with you:_____**none**_____

Do you have any pending charges in any jurisdiction? Yes ( ) or No (✗ ) If yes, specify_____

Present job or last employer (Name & Address)_____**none**_____

Gross weekly earning$**none**___ Do you receive child support? **none** or Alimony? **none**____

Is child support court ordered? Yes ( ✗ or No ( ) Amount of Support or Alimony $ **20.00**___

Is spouse and or children employed? Yes ( ) or No ( ) If yes, where? **no ideal**_____

Salary $_____ per hour_____

Other income (Welfare, Soc. Sec., VA, Unemployment Ins., Disability, Work Comp., Stocks,
Bonds, etc.) Specify type and value_____**none**_____

Do you own personal property? (Auto, Jewelry, Furs, Motorcyles, Trucks, etc.) Specify Type and
Value____._____**none**_____

**CONT'D**

**PLESE PRINT NEATLY**

Do you own any houses or land? Yes ( ) or No (✗)   Do you rent? Yes ( ) or No (✗)

Address _____ none _____

Value if owned $ none _____   Rent $ none _____

Major Debts, Loans, Bills $4,000 to state, no ideal about I.R.S.

Name(s) of bank (s) where you have account (s) _____ none _____

_____

Amount $ none _____   Cash on hand $ none _____

Have you ever been represented by an attorney? Yes (✓) or No ( ) if yes, specify name

Trial attorney: Jill R. Cohen _____ Private ( )  Court Appointed (✗)

Dates of representation: Jan 19,2010 _____

Appellate attorney: Gibert G. Miller _____ Private ( )  Court Appointed (✗)

Dates of representation: On or about March 2011 _____

Bail $ none ____   Cash Amount$ none _____   Source of bail none _____

How much cash do you have available to pay for an attorney? $ none _____

How much can you afford to pay per month for your defense? $ none _____ .

Will any of your relative or employer assist in paying for your legal defense? Yes ( ) or No (✗)

If yes, who? _____ none _____

## CERTIFICATION R. 14-4(b)

I CERTIFY THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF
ANY OF THE FOREGOING IS WILLINGLY FALSE I AM SUBJECT TO PUNISHMENT.

_Eric Hur_   _12/27/2018_
DEFENDANT'S SIGNATURE   DATE

#27

Defendant's Name, Address
and SBI or Prison Number
Eric Hines #663508/1469938

New Jersey State Prison, P.O.Box 861

Trenton, N.J. 08625

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION Camden _____ COUNTY

INDICTMENT NO(S): 09-10-3535

······························································

STATE OF NEW JERSEY      .

Plaintiff,               .

                         .

                         .

      v.                 .

Eric Hines

   DEFENDANT.            .

······························································

CRIMINAL ACTION

VERIFIED PETITION
FOR POST CONVICTION RELIEF

1.  Petitioner was charged with the offense(s) of: Burglary-Element, Robbery,

Theft by unlaw-taking, Resisting Arrest-Purposely, Burglary,Crim mischief-Damage

Property, Att. Cause Purr/Knowly Bodily Injury Another.

in the County of: _____, on Indictment number (s ): 09-10-3535

_____, dated    10/15/2009    .

2. Petitioner was convicted of the crime(s) of: Burglary-Element, Robbery,

Theft By Unlaw-Taking, Resisting Arrest-Purposely, Burglary.

and was sentenced by Judge: Irvin J. Snyder, JSC  on the date of  08/06/2010

to a term(s) of: Count: 1,2,3,- 20yrs. with 85%. Count: 4, 18.month Consective, Count: 5
(Length of Sentence)
Concurrent 5yrs. 8b&x 2 1/2 yrs. without Parole.

(and any specific conditions set forth in the sentence)

3. Indicate whether petitioner entered a plea: _____ or went to trial  yes .

Provide attorney's name:  Jill R. Cohen  and whether private or Public

Defender; _____. If Public Defender: staff _____; pool  yes .

4. Was an appeal taken from the conviction to the Appellate Division:  yes ,
to the NJ Supreme Court:  yes ?

Attach copies of the opinions of those Courts. If opinions are not available,

provide attorney's name: Gilbert G. Miller  and date of the decision(s): _____.

5. Has the petitioner filed previous Post-Conviction Relief petitions?
   Yes _x_ No___

If you answered Yes to the above question, on a separate page you must indicate:

(a) The date each Post-Conviction proceeding was filed.
(b) The Title of the Post-Conviction proceeding, i.e., PCR, Sentence
    Reconsideration, etc.
(c) The nature of the claim(s) made in each proceeding.
(d) The date of the Court's opinion on the proceeding.
(e) The name of the Attorney, if any, who represented you at each proceeding,
    and whether Counsel was private or Court appointed.
(f) If an appeal was taken in any of the proceedings, provide the Appellate docket
    number, the date of the opinion, and the attorney's name. (Attach a copy of all
    of the applicable opinions.)

6. State the specific facts upon which the current PCR claim for relief is based.
State the legal grounds on which your petition is based and provide the specific relief
being sought. (Do not include arguments or citations here. They may be submitted in a
separate memorandum of law).

2

5. Previous Post-Conviction Petitions "separate page"

(a) Filed June 25, 2014

(b) "titled" Post-Conviction Relief

(c) "The nature of the claims"

    (A)    the present applicaion for post-conviction relief was filed within the time prescribed by the rules.

    (B)    Counsel failed to proceed with a Motion to Suppress DNA evidence against her client's express wishes.

    (C)    Counsel failed to effectively demonstrate to the jury that the State did not and could not adequately demonstrate a sufficient chain of custody regarding its DNA investigation.

(d) "Date of Court's opinion" October 30, 2015

(e) Theodore J. Baker., Esq. Pool Attorney court appointed.

(f) Appellate Division Docket No. A-2765-15T1 March 5, 2018 Andrew P. Slowinski, court appointed. Copy of opinion defendant does have.

Use as many pages as needed.

Points:

1. Newly Discovered Evidence or Evidence of Prosecutor Miscon-
   duct may suffice to warrent a New Trial

2. Suppression of Exculpatory Evidence or use of perjured Tes-
   timony by the State, whether willful or merely negligent,
   deprives the defendant of a fair trial.
   3.
The state may not knowingly use false evidence, including false
testimony, to obtain a tainted conviction, implicit in any con-
cept of other liberty, does not cease to apply merely becauser
the false testimony goes only to the credibility of the witness.

cont. on next pg.,

## VERIFICATION

I, _____ Eric Hines _____, have reviewed the allegations

      **(Defendant/petitioner name)**

of the above petition and do verify upon my personal knowledge that they are true and

correct.

_Eric Hines_
**(Signature of defendant/petitioner)**

**DATE:** 12/27/2018

3

8.  "specificity the facts claim for relief is based legal
    arguments" cont. of page 1.

    3.  The state may not knowingly use false evidence, including
        false testimony, to obtain a tainted conviction, implicit
        in any concept of other liberty, does not cease to apply
        merely because the false testimony goes only to the cre
        credibility of the witness.

    4.  Prosecutor withheld DNA previously which confirms semen
        fraction was detected, withhold from jury and trial
        Judge deprived defendant of a fair trial.

    5.  Newly discovered documents proves prosecutors witness
        gave false testimony.

    Thus, the prosecutor's action had a clear capacity to lead
to a verdict which otherwise would not have occurred and
constitute "Plain error." R. 2:10-2. Therefore, defendant's
convictions must be reversed.

Point
Trial Attorney
    1.  Withheld exculpatory evidence from Judge, Jury and
        defendant knowing information within could change
        verdict, suppression denied defendant a fair trial.

    2.  Allowed prosecutor's witness to give false testimony, that
        withheld exculpatory evidence proved was false changing
        the outcome of trial.

    3.  Documents proves question asked by trial attorney to DNA
analyst was false, knowing DNA evidence if products at trial
Bra + panties with semen fraction, who surely prove something
or somebody lying.

Point
PCR Attorney

1.  Post-Conviction Relief attorney Theodore J. Baker, displayed
a total wishes and Ineffective assistance of Counsel by not
perfecting defendant arguments, but simply reciting defendants
PCR application word for word, allowing Judge to only comment
on point in question, but giving no opinion on the Amended PCR
or Supplemental brief for newly discovered evidence.

2.  Counsel ineffective assistance of counsel, put in brief
information the was stricken from verdict sheet and charge sheet
for which PCR Court use to make ruling to deny defendant PCR
application.

3.  And any of constitutional violation which defendant my
discover.

Points
Andrew P. Slowinski

1. Ineffective Assistance of Counsel, defendant was informed
by counsel that Honorable Edward J. McBride, Jr., J.S.C. October
30, 2015 never address as a matter of record concerning Pro
Se PCR Amended application, and Supplemental brief of Newly
   discovered evidence were never perfect and present, therefore
could not be raised on certification.

2. Punishing defendant when attorney was ineffective, still
denies a fair process violate ever part of State v. Rue.

Thus, the PCR attorney actions had a clear capacity to lead
to PCR Court denial of evidentiary hearing, had he investigated
the facts and record he would have known said evidence was
stricken. therefore, defendant PCR should start anew, and
evidentiary hearing should be held.

Point
Trial Judge

1. Allowed prosecutor's witness to give testimony, without
foundation to back them up.

2. At colloquy trial court was made aware, video camera was
stricken from the verdict sheet and charge sheet. no curative
instruction was given to the jury to disregard. " This is why
they came back with the question, about considering a second
person, "trial Judge instruction to follow the evidence," Lead
the Jury to make inference defendant had procession of victims
property being a "black bag with video camera"

Thus, the Trial Judge's action had a clear capacity to lead
to a verdict which otherwise would not have occurred and
constitute "plain error." R. 2:10-2. If said unfair evidence
+ Jury instruction are aloud to go uncheck then, a fair trial
will not be afford any defendant Therefore, defendant's
convictions must be reversed.

Point
PCR Judge

1. PCR Court reasoning for denying evidentiary hearing was
basest of evidences stricken from verdict sheet and charge
sheet, had the investigation been perform on the record which,
was to be perfected, granting a opinion.

2. Defendant will be requesting DNA test to be performed on
Panties, because when the DNA is returned confirming defendant
is not a match, but semen fraction put another person in room
will victim lied, forewhich jury is entitled to hear.

Thus, the PCR Judge action had a clear capacity coupled with

PCR Attorney false statements lead denial of evidentiary hearing which otherwise would not have occurred PCR Attorney, and PCR Judge investigated occurred and constitute "plain error" <u>R.</u> 2: 10-2. Therefore, PCR should be started anew. I also reserve the right to raise anything according to <u>State</u> <u>v.</u> Rue



ERIC HINES
#663568/146993B
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

NEOPOST          FIRST-CLASS MAIL
08/24/2019
US POSTAGE $001.90⁰

ZIP 08302
041M11297259

HONORABLE JUDGE NOEL L. HILLMAN, U.S.D.J.
UNITED STATES DISTRICT COURT
P. O. BOX 2797
CAMDEN, NEW JERSEY 08101

**LEGAL PLEADINGS**