[Doc. No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES <br>                           Plaintiff, <br> v. <br> GARY LANIGAN, et al. <br>                           Defendants. | Civil No. 17-2864 (NLH/JS) |

**O R D E R**

This matter is before the Court on the "Motion to be Relieved as Counsel" [Doc. No. 30] filed by plaintiff's counsel, Charles M. Landesman, Esquire, counsel for plaintiff; and Mr. Landesman arguing that there has been an irretrievable breakdown of the attorney-client relationship; and Mr. Landesman representing that he and plaintiff fundamentally disagree as to his advice and instructions; and Mr. Landesman further representing that plaintiff seeks to terminate their professional relationship; and it being further represented that plaintiff was served with counsel's motion and notified of the September 16, 2019 hearing; and the Court holding a hearing on Mr. Landesman's motion on September 16, 2019, at which plaintiff did not appear; and the Court subsequently receiving plaintiff's letter [Doc. No. 39], wherein plaintiff asks to relieve Mr. Landesman as his counsel; and the Court finding that pursuant to L. Civ. R. 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court; and the Court finding that the decision of whether or

not to permit withdrawal is within the discretion of the court (Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996)); and the Court further finding that in deciding whether to permit an attorney to withdraw, the court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case" id.; and the Court further finding that based upon Mr. Landesman's and plaintiff's representations there has been an irretrievable breakdown of the attorney-client relationship between plaintiff and Mr. Landesman, and that counsel and plaintiff fundamentally disagree about the scope of the services to be performed; and the Court further finding that pursuant to N.J.R.P.C. 1.16(b)(4), a lawyer may withdraw if he has a fundamental disagreement with his client; and the Court further finding that there has been an irretrievable breakdown of the attorney-client relationship; and the Court further finding that a lawyer may withdraw pursuant to R.P.C. 1.16(b)(6) if representation has been rendered unreasonably difficult by the client and that this has occurred here; and the Court further finding that permitting Mr. Landesman to withdraw as counsel will not unduly delay trial in the case or prejudice other parties; and accordingly, for good cause shown,

IT IS HEREBY ORDERED this 16th day of October, 2019, that Mr. Landesman's Motion to be Relieved as Counsel is GRANTED; and

IT IS FURTHER ORDERED that Mr. Landesman and his law firm shall be withdrawn as counsel for plaintiff and this shall be noted on the court's docket; and

IT IS FURTHER ORDERED that Mr. Landesman shall serve a copy of this Order on plaintiff via Regular and Certified Mail, Return Receipt Requested, within three (3) days of his receipt of this Order. Mr. Landesman shall file Proof of Service, indicating plaintiff's last known address with the Clerk of the Court within seven (7) days of service. If received, Mr. Landesman shall file with the court plaintiff's acknowledgment of receipt of a copy of this Order; and

IT IS FURTHER ORDERED the Clerk of the Court shall note on the docket plaintiff's address that is listed on his letter [see Doc. No. 39]; and

IT IS FURTHER ORDERED that plaintiff must obtain new counsel and have new counsel enter his or her appearance on plaintiff's behalf by November 15, 2019, or plaintiff will be deemed to be proceeding pro se.  Thereafter, plaintiff shall abide by all Scheduling Orders to be entered.

                                              s/Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge