ERIC HINES
#663508/146993B
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2020 JAN -7 P 1:03

RECEIVED
JAN - 6 2020
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ERIC HINES,
            PLAINTIFF,
        V.
GARY M. LANIGAN, ET. AL.
        RESPONDENT.

HON. JOEL SCHNEIDER., U.S.M.J.,

CIVIL ACTION NO. 1:17-CV-02864-NLH-JS

DEAR WILLIAM T. WALSH, CLERK

        ENCLOSED PLEASE FIND AN ORIGINAL AND ONE (1) COPY OF
ALL-INCLUSIVE AMENDED COMPLAINT AS PREVIOUSLY GRANTED BY HONOR
ABLE NOEL L. HILLMAN, U.S.D.J., THE NOTICE OF MOTION FOR LEAVE TO
FILE ALL-INCLUSIVE AMENDED COMPLAINT WAS SUBMIT TO THE COURT ON
DECEMBER 6, 2019 PROOFS OF SERVICE CONFIRMING, HON. JOEL SCHNEIDER, U.S.M.J.,
HON. NOEL L HILLMAN., U.S.D.J., AND MARVIN L. FREEMAN, DEPUTY ATTORNEY
GENERAL WAS SERVED ON ABOVE DATE. SEPARATE CORRESPONDENCE FROM
HON. MR. SCHNEIDER., U.S.M.J., AND MR. WALSH, CLERK INFORMING PLAINTIFF
DEADLINE FOR SUBMITTING AMEND COMPLAINTS WAS DECEMBER 31, 2019. I
HAVE NO RECEIVE CONFIRMATION OF MOTION BEING RECEIVED, SO TO PROTECT
PLAINTIFF'S RIGHTS UNDER SAID ORDER. PLAINTIFF SUBMIT'S ALL-INCLUSIVE
AMENDED COMPLAINT BEFORE THE STATED DEADLINE.

ENCLOSURES
C.  HONORABLE NOEL L HILLMAN., U.S.D.J.,
    MARVIN L FREEMAN, DEPUTY ATTORNEY GENERAL

DATED: DECEMBER 23, 2019

Civil Action No. 1:17-cv-02864-NLH-JS

Eric Hines #663508/146993B
South Woods State Prison
215 S. Burlington Road
Bridgeton, N.J. 08302
Pro Se Plaintiff

United States District Court
District of New Jersey

```
-    -    -    -    -    -:
Eric Hines,
        Plaintiff,           :
                                   Civil Action No.
                                   1:17-cv-02864-NLH-JS
        v.                   :

Gary M. Lanigan, et. al.     :     Amended Complaint and
        Defendants.                Demand For Jury Trial
                             :
-    -    -    -    -    -
```

Plaintiff, Eric Hines, who presently resides at South Woods State Prison, 215 S. Burlington Road, Bridgeton, New Jersey, 08302, and whose SBI number is 146993B, complaining of the defendants says:

Jurisdiction

1). This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367 as a result of defendants' joint and/or individual acts in violation of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution; Title II of the Americans with Disability Act (ADA) 42 U.S.C. §12101 et seq. as made applicable to the individual states by the Fourteenth Amendment of the United States Constitution, and supplemental state law claims pursuant

Page  - 1 -  of   22

Civil Action No. 1:17-cv-02864-NLH-JS

to the New Jersey Civil Rights Act (NJCRA); and pursuant to 42 U.S.C. §1983, §1984 and §1986.

### First Count

1). Plaintiff is an inmate at South Woods State Prison, herein S.W.S.P., which is located in Bridgeton, New Jersey. He was formerly an inmate at East Jersey State Prison, herein in E.J.S.P., which is located in Rahway, New Jersey.

2). Defendant, New Jersey Department of Corrections is charged with the responsibility to maintain all of the New Jersey State Prisons and to make certain that the prison housing units for inmates with disabilities comply with the Americans with Disability Act of 1990 (ADA).

3). At all times hereafter mentioned, Gary Lanigan was the commissioner of the New Jersey Department of Corrections, up and until September 25, 2018. This position was assumed by Defendant Marcus O. Hicks. As the commissioner, Defendant Hicks assumed the responsibility was, but not limited to, the operation and maintenance of all New Jersey State Prisons. Both are being sued in there official capacity.

4). At all times hereinafter mentioned, Willie Bonds was the administrator of S.W.S.P., up and until September 25, 2018. This position was assumed by John Powell. As the administrator Defendant Powell's responsibility was, but not limited to, the operation and supervision of the correction officers, civilians, and those who were employed at S.W.S.P.

Civil Action No. 1:17-cv-02864-NLH-JS

5).   At all times hereinafter mentioned, defendant E. Marin was the correctional officer working the administrative segregation unit, at S.W.S.P.

6).   Plaintiff is confined to a wheelchair, has staples in his right shoulder, due to an operation. Plaintiff has several medical problems pertaining to his back and his ability to control his urine and bowl movements. This required Plaintiff to wear a diaper at all times, and to use a catheters.

7).   Due to his physical disabilities, Plaintiff requires a cell that complies with the Americans with Disabilities Act.

8).   Several grievances will confirm that Plaintiff requested a cell that complies with the ADA, and that Plaintiff had fallen 32 times injuring himself. The following defendants had personal knowledge of this because they answer answered Plaintiff's grievances, but failed to act; Luz Torres, Linda Linen, Willie Bonds, and John Powell.

9).   For disciplinary reasons, Plaintiff is assigned to the administrative segregation, herein ad-seg, at S.W.S.P.

10).   On or about March 21, 2016, while in Facility #3, Plaintiff informed defendant Jane Doe #1 Nurse, his dire need to change his diaper. Defendant Jane Doe #1 Nurse, medically cleared Plaintiff to go to detention, and refused to provided Plaintiff with diapers, even after she was made aware that Plaintiff's diaper was full of feces and needed changing.

Civil Action No. 1:17-cv-02864-NLH-JS

11).     10 minutes later Plaintiff was transported to lock up, where he informed defendant E. Marin of his dire need to change his diaper, and that he needed a handicap accessible cell, equipped with hand-rails.

12).     As a result of Plaintiff's placement in ad-seg, Plaintiff, who was in severe pain, was forced to pull the mattress off the bed and put it on the floor in front of the cell door in order to eat and receive his medication. Plaintiff was deprived of diapers, and forced to sleep in a soiled diaper.

13).     Plaintiff was refused a medical chair to take a shower and help to shower.

14).     Defendant's E. Marin, Luz Torres, Linda Linen, Willie Bonds, and Jane Doe #1 Nurse, conduct set forth herein constituted deliberate indifference, and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments under the United States Constitution, Article I, paragraph 12 of the New Jersey Constitution and violated the ADA, by discriminating against a disabled inmate.

15).     Defendants Gary Lanigan, Marcus O. Hicks, Willie Bonds, and John Powell are responsible for, but not limited to, supervising the conduct of defendants, E. Marin, Luz Torres, Linda Linen, Jane Doe #1 Nurse, and was therefore a party to violating Plaintiff's Eighth and Fourteenth Amendment rights under the United State Constitution, Article I, paragraph 12 of the New Jersey Constitution, and with the ADA.

Civil Action No. 1:17-cv-02864-NLH-JS

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive, against defendants, New Jersey Department of Corrections, Gary Lanigan, Marcus O. Hicks, Willie Bonds, John Powell, E. Marin, Luz Torres, Linda Linen, Jane Doe #1 Nurse, together with interest, costs, and attorney's fees.

### Second Count

1). Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2). Plaintiff is currently housed on the administrative segregation unit (ad-seg) at S.W.S.P. During the period of 2016, 2017, and 2018, Plaintiff has been bitten by spiders, insects, crickets, frogs, and other vermin in his cell.

3). It is the duty of defendants Gary Lanigan, Marcus O. Hicks, New Jersey Department of Corrections, Willie Bonds and John Powell, to insure that the prison's facilities are safe and free of any health risks or hazards.

4). The failure on the part of defendants, New Jersey Department of Corrections, Gary Lanigan, Marcus O. Hicks, Willie Bonds, and John Powell to employ such measures to eradicate the above noted creatures from the cells of the ad-seg unit. The failure to do so created a serious health hazard to Plaintiff, and constituted deliberate indifference. This failure

Civil Action No. 1:17-cv-02864-NLH-JS

subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the United State Constitution, and Article I, paragraph 12 of the New Jersey Constitution.

Wherefore, Plaintiff demands judgment on this Count for damages, compensatory and punitive, against defendants, New Jersey Department of Corrections, Gary Lanigan, Marcus O. Hicks, Willie Bonds, and John Powell together with interest, costs, and attorney's fees.

### Third Count

1). Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2). Defendant Scott Miller is a medical doctor who is an orthopedic surgeon, and on March 17, 2016 performed surgery on Plaintiff's right shoulder at St. Francis Hospital which is located in Trenton, New Jersey.

3). After the surgery was performed, Plaintiff had severe pain in his right shoulder and could not raise his right arm over his head.

4). On August 18, 2016, an MRI x-ray dye was performed on Plaintiff's shoulder and on August 30, 2016, Defendant Miller confirmed that the wrong area of the shoulder was operated on by him.

5). Prior to the surgery, an MRI x-ray dye was not performed on Plaintiff's shoulder.

Civil Action No. 1:17-cv-02864-NLH-JS

6).    The failure on the part of Defendant Miller to perform an MRI x-ray dye on Plaintiff prior to surgery constituted negligence on the part of said defendant, and as a result, Plaintiff suffered an enormous amount of pain and suffering. The actions of Defendant Miller constituted medical malpractice.

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive, against Defendant Miller together with interest, costs, and attorney's fees.

Fourth Count

1).    Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2).    Plaintiff refused to allow Defendant Scott Miller to perform a second operation on his shoulder because of his negligence in performing the first operation on the wrong part of his right shoulder.

3).    At all times hereinafter mentioned, Defendant University Correctional Health Care (UCHC), which is a part of Rutgers University, operates the medical facilities at S.W.S.P.

4).    At all times hereinafter mentioned, Defendant Dr. Diaz was the Site Medical Director at S.W.S.P., and had the duty to supervise and oversee all medical treatment that was given by employees of UCHC to inmates at S.W.S.P.

Civil Action No. 1:17-cv-02864-NLH-JS

5). At all times hereinafter mentioned, Defendant , Jennifer Farestad was a nurse practitioner at S.W.S.P.

6). On December 23, 2016, Plaintiff submitted a request to have a second operation performed by an orthopedic surgeon other than Defendant Miller. This request was denied by Defendants UCHC, Dr. Diaz, and Farestad.

7). The denial by the aforesaid defendants, for a second operation, subjected Plaintiff to cruel and unusual punishment. This denial constituted deliberate indifference to Plaintiff's serious medical needs, and violated Plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive, against Defendants UCHC, Dr. Diaz, and Farestad together with interest, costs, and attorney's fees.

### Fifth Count

1). Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2). After Plaintiff requested a second shoulder operation, Defendant Farestad stopped Plaintiff's pain medication, and told Plaintiff that he had to ~~should~~ suffer in pain or reconsider having the second operation.

Civil Action No. 1:17-cv-02864-NLH-JS

3).    By stopping Plaintiff's pain medication, Defendant Farestad subjected Plaintiff to cruel and unusual punishment, which constituted deliberate indifference to Plaintiff's serious medical condition, and violated Plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution and Article I, paragraph 12 of the New Jersey Constitution.

4).    Defendants UCHC and Dr. Diaz were responsible for, but not limited to, any and all medical treatment and lack thereof by nurses at S.W.S.P.

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive, against Defendants UCHC Dr. Diaz, and Farestad together with interest, costs, and attorney's fees.

### Sixth Count

1).    Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2).    Defendant Farestad was a nurse practitioner at S.W.S.P. On 9/30/16, the medical department advised Plaintiff to submit a complaint to the Administrator for a response concerning cruel and unusual treatment at the hands of defendant, who refused to provide Plaintiff with very much needed medical supplies. Thus, leaving Plaintiff to lie in a diaper filled with urine and feces.

3).    On 10/9/17, Defendant Farestad refused to provide

Civil Action No. 1:17-cv-02864-NLH-JS

Plaintiff with gloves and sanitary wipes, in order to perform a self catheter. Defendant Farestad informed Plaintiff that gloves aren't needed for self catheter. Defendant Farestad also informed Plaintiff that she has performed a catheter on numerous inmates without using gloves, so Plaintiff can as well. Defendant Farestad advised Plaintiff to use a wash cloth to clean any feces. This has caused damage to Plaintiff's penis, i.e. itching, rash, and burning for several years. As a result, Plaintiff has had to take medication for these symptoms.

4). On or about 5/1/9, every morning, at approx. 7:45 a.m., Plaintiff now receives 2 underpads, 5 gloves, 5 diapers, 5 sanitary wipes, and 5 catheters. This isn't sufficient to fulfill Plaintiff's medical needs.

5). At all times hereinafter mentioned, Defendants Anthony Thomas, Luz Torres, Linda Linen, UCHC, Dr. Collier, Willie Bonds, and John Powell, have answered one or more of the grievances concerning this matter. They have all failed to assist, intervene, or correct the unconstitutional behavior of Defendant Farestad.

6). At all times hereinafter mentioned, Defendants E. Marin is a correctional officer at S.W.S.P., and Jane Doe #1 Nurse is a nurse at S.W.S.P.

7). Plaintiff has a grievance (dated 3/21/16) that will demonstrate that defendants E. Marin and Jane Doe #1 Nurse refused to provide Plaintiff with a shower chair to take a

Civil Action No. 1:17-cv-02864-NLH-JS

shower, or to assist Plaintiff in the shower. Defendants Anthony Thomas, Luz Torres, Linda Linen, Dr. Collier, Victoria D'Amico, Willie Bonds, and John Powell answered one or more of those grievances, and they refused to assist, alleviate, or remove Plaintiff from this risk of harm.

8).     At all times hereinafter mentioned, Defendants UCHC, Gary Lanigan, Marcus O. Hicks, New Department of Corrections, Willie Bonds, John Powell, Dr. Diaz, Dr. Collier, D'Amico, Anthony Thomas, E. Marin, and Jane Doe #1 Nurse have subjected Plaintiff to cruel and unusual punishment, which constituted deliberate indifference to Plaintiff's serious medical needs, and violated Plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution, and Article I, paragraph 12 of the New Jersey Constitution, as well as the Americans with Disability Act.

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive, against Defendants UCHC, Gary Lanigan, Marcus O. Hicks, New Department of Corrections, Willie Bonds, John Powell, Dr. Diaz, Dr. Collier, D'Amico, Anthony Thomas, E. Marin, and Jane Doe #1 Nurse, together with interest, costs, and attorney's fees.

Seventh Count

1).     Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

Page - 11 -  of   22

Civil Action No. 1:17-cv-02864-NLH-JS

2). While in East Jersey State Prison (herein E.J.S.P.), Plaintiff learned of the irreparable harm done to him by the defendants, when he was questioned by Therapist Anne Peregmon in June 23, 2015. Ms. Peregmon inquired if Plaintiff took Lipitor, which Plaintiff responded, yes. Ms. Peregmon suggested that a blood test be taken to determine if Lipitor has caused muscle break down. A blood test was conducted, which confirmed that there had been severe muscle break down. Dr. Alnochawati discontinued the Lipitor immediately.

3). At all times hereinafter mentioned, Defendant Dr. Ralph Woodward was the Medical Director of Health Care Services for the New Jersey Department of Corrections, whose duty consist of, but not limited to, operations of the health care services for all state and county facilities in the State of New Jersey.

4). At all times hereinafter mentioned Defendant UCHC, operates the medical facilities at E.J.S.P.

5). At all times hereinafter mentioned, Defendants Dr. Herbert Smyczek was the site medical director from 1/1/12 until or about 4/1/15. This position was assumed by Dr. Alnochawati. Defendant Dr. Alnochawati's duty was, but is not limited to, supervising and overseeing all medical treatment that was administered by the employees of UCHC, to inmates at E.J.S.P.

6). At all times hereinafter mentioned, Defendants

Civil Action No. 1:17-cv-02864-NLH-JS

UCHCR/UONJ, Dr. Smyczek, Dr. Shamalie Perera, and Dr. Woodward, failed to monitor Plaintiff's condition. This subjected Plaintiff to cruel and unusual punishment, and constituted deliberate indifference to Plaintiff's serious medical needs, and negligence, and violated Plaintiff's Eighth Amendment right of the United States Constitution, and Article I, paragraph 12 of the New Jersey Constituion.

Wherefore, Plaintiff demands judgment of this count for damages, compensatory and punitive, against Defendants UCHC, Dr. Alnochawati, Dr. Smyczek, Dr. Perera, and Dr. Woodward, together with interest, costs attorney fees.

### Eighth Count

1). Plaintiff repeats the allegations of paragraphs 1, 2, 3, and 4 of the First Count as is set forth herein at length and makes them a part hereof.

2). At all times hereinafter mentioned, Defendant Correctional Officer Waters is a female officer at S.W.S.P.

3). On 10/7/16, Defendant Waters observed Plaintiff using the toilet in his cell as he was inserting a catheter inside his penis.

4). Defendant Waters pulled off Plaintiff's pants and underwear, thereby exposing Plaintiff's diaper.

5). Defendant Waters ordered Plaintiff to remove his diaper.

6). After removing his diaper, Plaintiff's catheter

Civil Action No. 1:17-cv-02864-NLH-JS

was exposed and defendant Waters pulled out Plaintiff's catheter. Defendant Waters also ordered Plaintiff not to put on another diaper.

7). Defendant Waters also performed a body search on Plaintiff, which included her grabbing Plaintiff's penis several times. This violated the PREA law.

8). By removing Plaintiff's catheter, and not allowing Plaintiff to put on a diaper, Defendant Waters interfered with a prescribed medical treatment.

9). The actions of Defendant Waters constituted deliberate indifference to Plaintiff's serious medical needs, and violated Plaintiff's Eighth Amendment right of the United States Constitution, and Article I, paragraph 12 of the New Jersey Constitution.

Wherefore, Plaintiff demands judgment on this count against Defendant Waters for damages, compensatory and punitive, together with interest, costs, and attorney's fees.

### Ninth Count

1). Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2). Plaintiff has been housed on ad-seg status, here at S.W.S.P., more specifically; 2016, 2017, 2018, and 2019. Plaintiff has a constitutional right to file a PREA (Prisoners Rape Elimination Act) charge against prisoners and staff members

Civil Action No. 1:17-cv-02864-NLH-JS

alike. That right was violated by Defendant Waters, and subjected Plaintiff to adverse retaliation, which includes, but is not limited to; threats, assaults, and unlawful use of force. These actions caused Plaintiff to fear for his very life. For three plus years on the ad-seg unit, under the surveillance of numerous cameras, Plaintiff is still being assaulted.

3). At all times hereinafter mentioned Defendant Special Investigation Division (SID) Officer Perry worked at S.W.S.P. On 10/21/16 Defendant Perry was given a two page PREA complaints against Defendant Waters. Defendant Perry read it, boastfully laughed, and said that she would be moved for a few days. Plaintiff informed Defendant Perry that he would like file PREA charges against Defendant Waters. Defendant Perry responded, "PREA charges? Sexually touching you? Are you fuckin crazy? Do you know where you're at? Word of advice, let it go. People get fucked up or killed in S.W.S.P.

4). Plaintiff filed a grievance to Central Office on 11/17/16, as well as sent a letter to Commissioner Lanigan.

5). At all times hereinafter mentioned, Defendant Sgt. J. Valle was a sergeant at S.W.S.P. On 11/8/16, while housed on facility #2 (4-1-right), Plaintiff was instructed to pack up his personal property, and report to Sgt. J. Valle at Center. Once there, Sgt. Valle stated "Still ratting on officers? You're not going to learn until you get your ass whopped. I'm moving you back to facility #3, and I hope they beat the shit out of

Civil Action No. 1:17-cv-02864-NLH-JS

you. Now get the fuck away from my window.

6). At all times hereinafter mentioned, Defendant S.I.D. Officer Petit worked at S.W.S.P. S.I.D. Officer Petit interviewed Plaintiff on 11/16/16. During this taped interview, Defendant Petit kept repeating, "Just an over zealous search right?" Plaintiff responded, "No. A female officer searching a male prisoner, and feeling on his penis and ass is a sexual assault." Defendant Petit then stopped the tape, and stated, "Filing a PREA charge on an officer? You are fuckin crazy." He immediately left.

7). On 11/17/16 or 11/18/16 Defendant Petit returned with another S.I.D. officer, and informed Plaintiff that, "She put a hit out on Inmate Ritter (801433C). Inmate Ritter confirmed what you said. She will be suspended for a few days. Sign this dismissing PREA charge." Plaintiff responded, "No." Defendant Petit then said, "You Black mother fucker. Bad things happen here. Come back to any facility, and we will beat your fuckin ass."

8). At all times hereinafter mentioned, Defendant E. Marin was a correctional officer at S.W.S.P. Defendant E. Marin retaliated against Plaintiff by calling Plaintiff a rat for filing PREA charges, snitching to S.I.D. Defendant E. Marin yelled to the inmates housed on the ad-seg unit (C-pod), "I looked Hines up on the computer, and he is looked up for raping a 6 and 7 year kids. One of you should do something about that.

Civil Action No. 1:17-cv-02864-NLH-JS

Free food for the duration of your time in ad-seg  if you fuck Hines up."

9).    Defendant E. Marin displayed retaliatory acts on 7/7/19, when he allowed the inmate workers to steal Plaintiff's personal property, while Defendant E. Marin detained Plaintiff in a holding area, outside of C-pod. There is camera footage that will/can verify that inmate workers were in Plaintiff's cell, unsupervised. This is a clear violation of the 10A: Administrative Code.

10).    At all times hereinafter mentioned, Defendant T. Jackson was the property officer, here at S.W.S.P., in charge of Plaintiff's personal property, from 11/20/16 to 11/20/19. Defendant T. Jackson informed Plaintiff that he allowed his personal property to be stole because Plaintiff is a rat, for filing PREA charges on one of his fellow officers. Plaintiff submitted a grievance concerning this matter.

11).    At all times hereinafter mentioned, Defendant Moratelli is a correctional officer here at S.W.S.P. On 1/30/19 Defendant Moratelli wrote derogatory words on face sheet on Plaintiff's door. Special Investigative Division officers took pictures of the door. Defendant Moratelli proclaimed to the other prisoners that Plaintiff is in protective custody, and that Plaintiff is a rat for filing PREA charges. On 2/9/19, correctional officer L. Smith, the housing officer for the ad-seg unit,  gave the keys to Defendant Moratelli, who came to

Civil Action No. 1:17-cv-02864-NLH-JS

Plaintiff's door, opened up the food slot, and stated that
correctional officers L. Smith and S.I.D. Goffred informed him
that I filed a complaint on him. Defendant Moratelli stated,
"Nigger your fucking with our jobs now, we're going to hang
your ass."

      12). At all times hereinafter mentioned, Defendant
L. Smith is a correctional officer here at S.W.S.P. Plaintiff
wrote a grievance about Defendant L. Smith calling Plaintiff
a rat for filing PREA charges on a female. Although Plaintiff
filed PREA charges on an officer, this did not deter Defendant
L. Smith. On 4/27/19, at approx. 7:30 p.m., inside recreation
was terminated. Defendant L. Smith informed Plaintiff that he
had legal mail. As Plaintiff exited the day room, Plaintiff
was pushed by Defendant L. Smith off the unit, towards the out
side recreation door. Before reaching the door, Defendant L.
Smith grabbed Plaintiff in a choke hold, and whispered in
Plaintiff's ear "Nigger you think I'm playing with you. Do you
see how easily I can break your fucking neck? No one will ever
know." On 10/12/19 and 10/18/19, Plaintiff was told that he
had legal mail. Defendant L. Smith again tried to escort
Plaintiff out of the view of the camera, to the outside
recreational door, to assault Plaintiff again. Out of pure fear,
Plaintiff refused to be escorted to receive the legal mail.

      13). At all times hereinafter mentioned Defendant
McNear was a correctional officer here at S.W.S.P. On 9/28/19,

Civil Action No. 1:17-cv-02864-NLH-JS

Defendant McNear was an escort officer. As Plaintiff exited his cell, Defendant McNear grabbed the handle bars of the wheelchair, and stated "This is what we do to rats." Defendant McNear then shoved the wheelchair across the area, and Plaintiff crashed into cell 1023, injuring his left wrist and left knee. Plaintiff was unable to stop the wheelchair, or do anything because Plaintiff was handcuffed. Sgt. Horsey was standing at cell 1021, and witnessed this barbaric scene. Plaintiff asked Sgt. Horsey if he was going to do something about this, and Sgt. Horsey sarcastically responded, "I didn't see anything." Defendant McNear grabbed the wheelchair and stated, "You have to learn how to catch yourself boy." Sgt. Horsey and Defendant McNear had a big laugh about this.

14).    At all times hereinafter mentioned, Defendants Bagliani and Sgt. Pipitone worked here at S.W.S.P. After Plaintiff took his medication, Plaintiff informed Nurse Crystal and officer M. Fardone that he needed to change his diaper. Plaintiff was forced to wear the same soiled diaper since yesterday. Officer M. Fardone placed Plaintiff's medical supplies, which included the needed diapers, on the floor, outside the door, and walked away with the nurse.

15).    Sgt. Pipitone and officer Bagliani were standing to the left of the cell door. Plaintiff informed Sgt. Pipitone of his dire need to change his diaper, which was soiled with urine and feces since yesterday. Defendant Sgt. Pipitone and

Civil Action No. 1:17-cv-02864-NLH-JS

Bagliani ignored Plaintiff's request. Defendant Bagliani ordered Plaintiff to strip. Once Plaintiff stripped all of his clothes off, and Plaintiff was down to the soiled diaper. Defendant Bagliani ordered Plaintiff to "keep on the shittie diaper" because Plaintiff was going to "close watch." Plaintiff informed Defendant Sgt. Pipitone that they were violating his Eighth Amendment right to be free of cruel and unusual punishment, deliberate indifference to serious medical needs, and that they were interfering with prescribed medical treatment. Defendant Sgt. Pipitone said, and I quote, "Fuck the eighth amendment, fuck your rights, and fuck you. Right now you're going to be swimming in piss and shit." Defendant Bagliani laughed, and repeated every thing that Defendant Sgt. Pipitone said.

16). Defendants Gary Lanigan, Marcus O. Hicks, the New Jersey Department of Corrections, Willie Bonds, John Powell, Sgt. J. Valle, Sgt. Horsey, Sgt. Pipitone, S.I.D. Petit, S.I.D. Perry, E. Marin, T. Jackson, Moratelli, L. Smith, McNear, and Bagliani, demonstrated deliberate indifference to Plaintiff's serious medical needs, violating Plaintiff's Eighth, Fourth, and Fourteenth Amendment, and Article I, paragraph 12 of the New Jersey constitution, as well as the ADA.

Wherefore, Plaintiff demands judgment on these counts for damages, compensatory and punitive, against defendants Gary Lanigan, Marcus O. Hicks, the New Jersey Department of Corrections, Willie Bonds, John Powell, Sgt. J. Valle, Sgt.

Civil Action No. 1:17-cv-02864-NLH-JS

Horsey, Sgt. Pipitone, S.I.D. Petit, S.I.D. Perry, E. Marin, T. Jackson, Moratelli, L. Smith, McNear, and Bagliani, with interest, costs, and attorney's fees.

### Tenth Count

1). Plaintiff repeats the allegations of paragraph 1, 2, 3, and 4 of the First Count as if set forth herein at length and makes them a part hereof.

2). At all times hereinafter mentioned, Defendant Patrick A. Nogan was the Administrator of East Jersey State Prison, and was directly in charge of, but not limited to, running E.J.S.P., which included the supervision of correction officers who worked at E.J.S.P.

3). Plaintiff is classified as a disabled person, and requires the use of a folding walker. As a disabled person, the provisions of the ADA applies to Plaintiff.

4). Plaintiff is presently housed on the ad-seg unit, i.e. C-pod, cell 1024, at S.W.S.P.

5). Plaintiff was an inmate at East Jersey State Prison in Rahway, New Jersey, and was housed on 3-wing, 1 tier, bed 151-B.

6). The cell that Plaintiff is currently in, C-pod cell 1024, at S.W.S.P., and the cell that Plaintiff occupied at E.J.S.P., were not handicap equipped cells, and did not conform to the ADA requirements.

7). On 6/7/15, Plaintiff was placed on 3-wing, 1

Civil Action No. 1:17-cv-02864-NLH-JS

tier, bed 151-B, in E.J.S.P. This cell was not equipped with handicap accessible hand rails. Due to the lack of accessible hand rails, Plaintiff fell, injuring his right shoulder, which required surgery.

8). By forcing Plaintiff to occupy cells that do not conform to the ADA requirements, New Jersey Department of Corrections, E.J.S.P., and S.W.S.P., compelled Plaintiff to live in unsafe conditions and caused Plaintiff severe personal injury.

9). Defendants Gary Lanigan, Willie Bonds, and Patrick A. Nogan wrongfully permitted Plaintiff to be housed in prison cells that were non-compliant with the ADA requirements, thereby causing physical injury to Plaintiff.

Wherefore, Plaintiff demands judgment on this count for damages, compensatory and punitive against Gary Lanigan, Willie Bonds, and Patrick A. Nogan, together with interest, costs, and attorney's fees.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury as to all issues raised herein.

Dated: DECEMBER 23, 2019


Eric Hines #663508/146993B
Pro Se Plaintiff

Civil Action No. 1:17-cv-02864-NLH-JS

Eric Hines #663508/146993B
South Woods State Prison
215 S. Burlington Road
Bridgeton, N.J. 08302

Eric Hines
        Plaintiff               :        Hon. Judge Joel Schneider

                                 :        Civil Action No.
                                          1:17-cv-02864-NLH-JS
        v.                       :

Gary M. Lanigan, et. al.         :        Proof of Service
        Defendants.
                                 :

        I, Eric Hines, of full age, being duly sworn according to law, hereby depose and state:

        I am the Plaintiff in the above captioned matter, hereby certify that I served a copy of the enclosed Amended Complaint and Proof of Service, via U.S. mail, postage pre-paid, to the addresses below:

Dated:

Hon. Noel L. Hillman, U.S.D.J.        Marvin L. Freeman, esq.
United States District Court          Deputy Attorney General
P.O. Box 2797                         R.J. Hughes Justice Complex
Camden, N.J. 08101                    25 W. Market st.
                                      P.O. Box 112
                                      Trenton, N.J. 08625-0112

Dated: DECEMBER 23, 2019

                                      Eric Hines
                                      Eric Hines #663508/146993B
                                      Pro Se Plaintiff

Civil Action No.  1:17-cv-02864-NLH-JS

Eric Hines #663508/146993B
South Woods State Prison
215 S. Burlington Road
Bridgeton, N.J. 08302

Eric Hines
        Plaintiff                    :

                                     :        Hon. Judge Joel Schneider

        v.                           :        Civil Action No.
                                              1:17-cv-02864-NLH-JS
Gary M. Lanigan, et. al.             :
        Defendants.                           Proof of Service
                                     :

        I, Eric Hines, of full age, being duly sworn according
to law, hereby depose and state:
        I am the Plaintiff in the above captioned matter, hereby
certify that I served a copy of the enclosed Amended Complaint
and Proof of Service, via U.S. mail, postage pre-paid, to the
addresses below:

Dated:

Hon. Noel L. Hillman, U.S.D.J.        Marvin L. Freeman, esq.
United States District Court          Deputy Attorney General
P.O. Box 2797                         R.J. Hughes Justice Complex
Camden, N.J. 08101                    25 W. Market st.
                                      P.O. Box 112
                                      Trenton, N.J. 08625-0112

Dated: DECEMBER 23, 2019

                                      Eric Hines #663508/146993B
                                      Pro Se Plaintiff

041M11297259

JAN - 6 2020

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

HONORABLE NOEL L. HILLMAN, U.S.D.J.,
UNITED STATES DISTRICT COURT
P.O. BOX 2797
CAMDEN, NEW JERSEY 08101

DINGS

LEGAL PLEADINGS