Eric Hines
#663508/146993B
South Woods State Prison
215 Burlington Road So.
Bridgeton, N.J. 08302



RECEIVED
MAR 23 2020
AT 8:30
WILLIAM T. WALSH ——M
CLERK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

Eric Hines,
     Plaintiff,

  V.

Gary M. Lanigan, et als
    Defendants.

Hon. Noel L. Hillman, U.S.D.J.,

## MEMORANDUM OF LAW IN SUPPORT OF
### Plaintiff's Motion For A Order Of Preliminary Injunction

#### STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. § 1993 by a state prisoner for appropriate course of medical supplies, proper disposable of hazardous waste, request plaintiff be transferred to another correctional do to threat of bodily harm, assuaits, and use of force by staff. Wtth injury.

#### STATEMENT OF FACTS

As stated in the Declaration submitted with this motion, the plaintiff was denied appropriate medical supplies, proper disposable of hazardous waste (Dec. at P.P.1-12). Request to be transferred to another correctional facility do to threat of bodily harm, and use of force by staff. (Dec. at PP 12-25).

#### ARGUMENT
#### POINT I

##### THE PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "Balance of Hardship" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The Plaintiff is Threatened with Irreparable Harm

The Plaintiff alleges he has been denied care for a serious medical need contrary to a physician's instruction. Such conduct by prison officials is a clear violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976) (noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference). As to the former the Eighth Amendment imposes upon prison officials a duty to provide humane conditions of confinements. For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the minimal civilized measure of life's nessities. Unsanitary conditions can be cruel and unusual, Allah v. Bartkowski, 574 F. App'x 135, 138 (3d. Cir. 2d4). As to the later, ADA regulations require that prison be "ready accessible to and usable by individual with disabilities", 28 C.F.R §§ 35.150, 35.104; Yeskey v. Pa. Dep't of Corr., 118 F.3d 168, 172 (3d Cir. 1997). Pushing a disabled inmate and causing him to fall violated the Eighth Amendment); B.C. Winder v. Leak, 790 F.Supp. 1403, 1407 (N.D. Ill. 1992). As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally, see Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996); Newsom v. Norris, 888 F. 2d 371, 378 (6th Cir. 1989);

Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon v. City of Albuquerque, 272 F. Supp. 2d 1250, 1259 (D.N.M. 2003), and specifically in prison medical care cases. Phillips v. Michigan Dep't of Corrections, 731 F. Supp. 792, 801 (W.D. Mich. 1990), app'd 932 F.3d 969 (6th Cir. 1991).

In addition, the plaintiff is threatened with irreparable harm because of the nature of his injury, wheelchair bound inmate a medically appropriate course of medical supplies to the plaintiff designed to restore and maintain severe itching, rash, penis burning, and medical situation with possible skin break down.

Coupled with threats of bodily harm by (S.I.D) assualts, and use of force by staff, for these reason request to be transferred to another correctional facility plaintiff fears for his life. If he does not receive proper treatment at the proper time, or be moved for his safety the situation maybe medically irreparable or direr.

B. The Balance of Hardships Favors the Plaintiff

In deciding whether to grant a preliminary injunctions, courts asks whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See e.g. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding the dangers posed by prison crowding out weighed state's financial and administrative concerns); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care out weighed state's interest in saving money by cutting staff).

In this case, the present suffering of the plaintiff and his potential suffering if he permanently severe itching, rash, penis burning with possible skin break down, not to mention threats of bodily by those task with protecting plaintiff or assualts and use of force by staff which has cause injury to plaintiff.

The "sufferings" the defendants will experience if the court

GRANTS THE ORDER WILL CONSIST OF TAKING THE PLAINTIFF TO A SUITABLE
DOCTOR AND THEN CARRYING OUT THE DOCTOR'S ORDERS, AND PROPERLY INVEST-
IGATION PLAINTIFF'S CLAIMS OF THREATS, ASSAULTS, USE OF FORCE BY STAFF
CAUSING INJURY WHICH WAS ALL ON VIDEO CAMERA--SOMETHING THAT THE
DEFENDANTS DO, AND ARE OBLIGATED TO DO, FOR MEMBER OF THE PRISON
POPULATION ON A DAILY BASIS. THE DEFENDANTS' HARDSHIP AMOUNTS TO NO
MORE THAN BUSINESS AS USUAL.

C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

THE PLAINTIFF HAS A GREAT LIKELIHOOD OF SUCCESS ON THE MERITS.
WHAT DEFENDANTS HAVE DONE - "INTENTIONALLY INTERFERING WITH MEDICAL
TREATMENT ONCE PRESCRIBED" — WAS SPECIFICALLY SINGLED OUT BY THE
SUPREME COURT AS AN EXAMPLE OF UNCONSTITUTIONAL "DELIBERATE IN-
DIFFERENCE" TO PRISONERS' MEDICAL NEEDS. ESTELLE V. GAMBLE, 429 U.S.
97, 105, 97 S.CT. 285 (1976). MANY OTHER COURTS HAVE HELD THAT THE
FAILURE TO CARRY OUT PHYSICIANS' ORDERS IS UNCONSTITUTIONAL. SEE E.G.
JOHNSON V. WRIGHT, 412 F.3d 398, 406 (2d Cir. 2005) (DENIAL OF PRESCRIBED
THERAPY FOR HEPATITIS C CONTRARY TO THE RECOMMENDATIONS OF ALL
THE PLAINTIFF'S TREATING PHYSICIANS); LAWSON V. DALLAS COUNTY, 286 F.2d
257, 263 (5TH CIR. 2002) (DISREGARDED FOR FOLLOW-UP CARE INSTRUCTIONS FOR
PARAPLEGIC); LOPEZ V. SMITH, 203 F.3d 1122, 1132 (9TH CIR. 2000) (EN BANC) (FAILURE
TO PROVIDE LIQUID DIET FOR PRISONER WITH A BROKEN JAW, AND SO INSTRUCTION
TO PUREED DIET THAT COULD NOT BE DRUNK THROUGH A STRAW), STATED A
CLAIM TO INTERFERENCE WITH PRESCRIBED TREATMENT); ROEHL V. DALSHEIM,
85 F.3d 86, 88 (2d CIR. 1996) (DENIAL OF PRESCRIPTION EYE GLASSES SUFFICIENTLY
ALLEGED DELIBERATE INDIFFERENCE); ERICKSON V. HOLLOWAY,
77 F.3d 1078, 1080-81 (8TH CIR. 1996) (OFFICER'S REFUSAL OF EMERGENCY ROOM
DOCTOR'S
REQUEST TO ADMIT THE PRISONER AND TAKE X-RAYS); ASWEGAN V. BRUHL,
965 F.2d 676, 677-68 (8TH CIR. 1992) (FAILURE TO HONOR DOCTOR'S
ORDERS AND REFRAIN FROM CUFFING THE PLAINTIFF'S HANDS BEHIND HIS BACK),
BORETTI V. WISCOMB, 930 F.2d 1150, 1156 (6TH CIR. 1991) (NURSE'S FAILURE TO PER-
FORM PRESCRIBED DRESSING CHANGE).

D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST.

IN THIS CASE, THE GRANT OF RELIEF WILL SERVE THE PUBLIC INTEREST BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST FOR PRISON OFFICIALS TO OBEY THE LAW, ESPECIALLY THE CONSTITUTION. PHELPS ✦ ROPER V. NIXON, 545 F.3d 685, 690 (8TH CIR. 2008); DURAN V. ANAYA, 642 F. SUPP. 510, 527 (D.N.M. 1986) ("RESPECT FOR LAW, PARTICULARLY BY OFFICIALS RESPONSIBLE FOR THE ADMINISTRATION OF THE STATE'S CORRECTIONAL SYSTEM, IS IN ITSELF A MATTER OF THE HIGHEST PUBLIC INTEREST.") LLEWELYN V. OAKLAND COUNTY PROSECUTOR'S OFFICE, 402 F.SUPP. 1379, 2393 (E.D. MICH. 1975) (STATING "THE CONSTITUTION IS THE ULTIMATE EXPRESSION OF THE PUBLIC INTEREST").

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

USUALLY A LITIGANT WHO OBTAINS INTERIM INJUNCTIVE RELIEF IS ASKED TO POST SECURITY. RULE 65 (C), FED. R. CIV. P., HOWEVER, THE PLAINTIFF IS AN INDIGENT PRISONER AND IS UNABLE TO POST SECURITY. THE COURT HAS DISCRETION TO EXCUSE AN IMPOVERISHED LITIGANT FROM POSTING SECURITY. ELLIOTT V. KIESEWETTER, 98 F.3d 47, 60 (3d CIR. 1996) (STATING THAT DISTRICT COURT HAVE DISCRETION TO WAIVE THE BOND REQUIREMENT CONTAINED IN RULE 65(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE IF "THE BALANCE OF THE EQUITIES WEIGHS OVERWHELMINGLY IN FAVOR OF THE PARTY SEEKING THE INJUNCTION"); MOLTAN CO. V. EAGLE-PITCHER INDUSTRIES, INC., 55 F.3d 1171, 1176 (6TH CIR. 1995). IN VIEW OF THE PARTY SERIOUS MEDICAL DANGER CONFRONTING THE PLAINTIFF, THE COURT SHOULD GRANT THE RELIEF REQUESTED WITHOUT REQUIRING THE POSTING OF SECURITY.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE MOTION IN ITS ENTIRETY.

DATED: MARCH 10, 2020

ERIC HINES
#663508/146993B
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SO.
BRIDGETON, N.J. 08302