[Doc. No. 44]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES, <br><br> Plaintiff, <br><br> v. <br><br> GARY M. LANIGAN, et al., <br><br> Defendants. | Civil No. 17-2864 (NLH/JS) |

**O R D E R**

This matter is before the Court on the "Motion for Appointment of Pro Bono Counsel" ("motion") [Doc. No. 44] filed by pro se plaintiff, Eric Hines. No opposition was filed by defendants. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is DENIED.

Background

Plaintiff, an alleged paraplegic[1] 55 year old male presently incarcerated at South Woods State Prison in Bridgeton, New

---

[1] The Court describes plaintiff as a "paraplegic" because plaintiff refers to himself as a "paraplegic" in his motion to amend the complaint [Doc. No. 10]. However, it is not clear from the record whether plaintiff qualifies as a medically defined "paraplegic." Medical records merely indicate plaintiff has a

Jersey, filed this action on April 26, 2017 against Gary M. Lanigan, Patrick A. Nogan, Mr. Bonds, Sharmalie Perera, MD, Dr. Alnochawati, Dr. Miller, Dr. Diaz, Jennifer Fairstead, SCO. Marvin, SCO. Waters, S.I.D. Perry, Sgt. J. Valle, S.I.D. Petit, and S.I.D. John Doe. See Compl. [Doc. No. 1]. On May 5, 2017, Judge Noel L. Hillman administratively terminated the case for failure to submit a complaint. See Doc. No. 2. Judge Hillman's opinion notes that plaintiff submitted a cover letter, copies of several grievances and an application to proceed in forma pauperis but failed to include a complaint. Id. The case was reopened on November 15, 2017 and plaintiff's request to proceed in forma pauperis was granted. See Doc. No. 6. On November 15, 2017, plaintiff filed an amended complaint which included claims for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 and The Rehabilitation Act, 29 U.S.C. § 701 et seq., negligence claims, Eighth Amendment violations, and First Amendment violations. Doc. No. 7.

Plaintiff's complaint alleges defendants are liable for failure to make his cell handicap accessible pursuant to the ADA. Am. Compl. at 1. Plaintiff also alleges failure to make his cell handicap accessible caused him to fall and injure his right shoulder. Id. Plaintiff further alleges surgery was negligently

---

"history of weakness on both legs" and a "tendency to fall when attempting to get up and walk." Mot. at 23.

conducted on his right shoulder by Dr. Miller, and he was denied proper medication after he refused to have a corrective second surgery with Dr. Miller. Id. at 13. Plaintiff contends he was improperly prescribed medication which caused negative side effects and was denied access to necessary medical supplies. Id. at 27; see also Mot. at ¶ 6.

Plaintiff filed a motion to amend his complaint to include additional defendants as well as to add retaliation claims pursuant to the ADA. See Doc. No. 10. Plaintiff contends defendants retaliated against him by removing pain medication as a form of punishment for refusing a second operation. Id. at 10. Plaintiff's motion was granted by Judge Hillman on January 18, 2019. Doc. No. 12. Plaintiff was able to obtain Charles H. Landesman as his attorney; however, on August 12, 2019 Mr. Landesman filed a motion to withdraw as plaintiff's attorney after plaintiff filed a letter with the Court claiming inadequate assistance of counsel. See Doc. Nos. 28 and 30. Mr. Landesman's motion to withdraw as counsel was granted on October 16, 2019. Doc. No. 41.

Plaintiff now moves for the appointment of pro bono counsel, generally alleging he is an indigent prisoner with no legal training or resources who is unable to handle the litigation by himself. Plaintiff further contends it will be

necessary to call a medical expert to validate his medical condition, the case involves complex medical issues, and he does not have proper access to legal material necessary to submit a legible and comprehensive case before a jury. See Mot. at ¶¶ 9-20. Plaintiff argues his access to necessary legal sources is limited due to the fact he is in administrative segregation. Id. Plaintiff argues that in order to receive legal cases, legal material, or have photocopies made "[he] must submit a request slip (G-27)." Id. at ¶ 9. Further, because he is in administrative segregation, plaintiff argues the items he can retain in his cell are highly restricted. Id. at ¶ 10. Plaintiff contends the case will require considerable discovery concerning, among other things, the identity of inmate witnesses, officers, special investigation division reports, statements made about the incident, any prior Prison Rape Elimination Act ("PREA") complaints, and racial threats. Id. ¶¶ 11-12. Plaintiff contends he was assaulted by Officer Walters and filed a PREA complaint which was ignored. Id. at ¶ 12. Plaintiff alleges he will not be able to locate and interview inmates who witnessed his assault because of his confinement. Id. Last, plaintiff contends he personally informed his previous counsel, Mr. Landesman, that without proper medical supplies he was forced to sit and lie in urine and feces and that he was assaulted. Id. at ¶ 6. Plaintiff alleges Mr. Landesman did not

4

file an emergency injunction and, as a result, he continues to suffer irreparable harm. Id. Since filing his motion for appointment of pro bono counsel, plaintiff has filed a motion for retention of a word processor as well as a motion for leave to file an all-inclusive complaint. See Doc. No. 46 and 47.

Discussion

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e). This statute grants District Courts broad discretion to request counsel for indigent litigants; however, civil litigants have no constitutional or statutory right to appointed counsel. See Christy v. Robinson, 216 F. Supp. 2d 398, 406 (D.N.J. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)); see also Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019).

Before analyzing the substance of the applicant's request for pro bono counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the substance of the request for pro bono counsel should be reviewed and the court should consider the following factors (hereinafter the Tabron/Parham factors):

 (1) the plaintiff's ability to present his or her own case;

 (2) the complexity of the legal issues;

    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    (4)    the extent to which a case is likely to turn on credibility determinations;

    (5)    whether the case will require the testimony of expert witnesses;

    (6)    whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155-56, 157 n. 5). None of the factors are individually determinative and the list is not exhaustive. Id. at 458. Rather, the Tabron/Parham factors articulate important considerations to evaluate a litigant's request for the appointment of pro bono counsel. Id. The Third Circuit has held the same analysis applies to successive requests for pro bono counsel. See Houser, 927 F.3d at 698.

    Plaintiff has satisfied his threshold burden of demonstrating that his claims have sufficient merit to withstand immediate dismissal. The fact that plaintiff's complaint and in forma pauperis petition were screened pursuant to 28 U.S.C. § 1915(e) and the Court did not dismiss plaintiff's claims, is an indication the claims have "some merit in fact and law." See IFP Order [Doc. No. 6]. Thus, for purposes of this motion, the Court

will assume that plaintiff has satisfied the threshold burden.[2] Therefore, the Court will proceed to evaluate plaintiff's request for counsel using the Tabron/Parham factors as a guidepost.

The first Tabron/Parham factor requires an evaluation of whether the litigant is capable of presenting his or her own case. See Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002). The Third Circuit has stated that this factor is "[p]erhaps the most significant of Tabron's post-threshold factors." Id. This factor will weigh against the appointment of counsel where the litigant is able to pursue his or her own action. See Gordon v. Gonzalez, 232 Fed. Appx. 153, 157 (3d Cir. 2007). As such, courts consider the litigant's "education, literacy, prior work experience, and prior litigation experience." Houser, 927 F.3d at 699 (citation omitted). Courts must also consider the litigant's access to certain necessary resources such as "a typewriter, telephone, and a computer." Parham, 126 F.3d at 459. A litigant's ability to file and respond to motions indicates some type of legal knowledge; however, it does not conclusively establish that the litigant is

---

[2] This assumption is for the purpose of this motion only. The Court reserves the right to reconsider the merits of plaintiff's claims in the future.

7

able to present his own case. See Houser, 927 F.3d at 699 (citing Montgomery, 294 F.3d at 502).

Plaintiff alleges he lacks the legal knowledge and resources to present his own case. Mot. at ¶¶ 9, 15. Plaintiff contends his confinement in administrative segregation prevents him from having easy access to the necessary legal material he needs to make his case. Id. Plaintiff further contends the items he can have in his cell are highly restricted and he is currently being denied use of a word processor. Id. at ¶ 10. Last, plaintiff contends the injury to his dominant arm which requires a second surgery makes it hard for him to write. Id. at ¶ 20. Plaintiff contends his right arm locks up and he is unable to write which makes him need the assistance of another individual to submit documents to the Court. Id. at ¶ 20. After considering the evidence included in plaintiff's motion, as well as the facts contained in the docket, the Court disagrees with plaintiff. A review of the record demonstrates plaintiff is competent and capable of litigating the matter himself. Plaintiff's complaint, motions, and other filings demonstrate his ability to adequately read, write, and understand English and the legal process. See Doc. Nos. 1, 4, 5, 7, 8, 9, 10, 13, 15, 18, 28, 30, 33, 38, 39, 46, and 47. The foregoing further indicates that plaintiff has litigated several other claims in

the District of New Jersey without the assistance of counsel.[3] Even though plaintiff argues he is not capable of litigating the case himself, he was able to successfully argue on his behalf and have the case reopened after it was terminated by Judge Hillman. See Doc. No. 5. Further, the facts do not appear to support plaintiff's contention that his confinement in administrative segregation prevent him from having access to necessary legal materials and cases necessary to litigate the case. Based upon plaintiff's filings, the Court also does not find plaintiff's injury to his right shoulder has a material detrimental impact on his ability to litigate his claim. The record demonstrates that plaintiff appears to be competent and capable of representing himself. Thus, the first Tabron/Parham factor weighs against the appointment of counsel.

The second factor concerns the difficulty of the legal issues presented in the case. Courts should be more inclined to appoint counsel when the legal issues are complex. Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")

---

[3] See Hines v. Brown, et al, 1:03-cv-02288-JBS-AMD (D.N.J. May 2003); see also Hines v. Det. Whalen #77 et al, 1:10-cv-02850-NLH-JS (D.N.J. June 2010); see also Hines v. Lanigan et al, 2:14-cv-00359-JLL-JAD (D.N.J. Jan. 2014); see also Hines v. Powell et al, 1:19-cv-19252-NLH (D.N.J. Oct. 2019).

(quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). This case involves claims arising out of violations of plaintiff's First, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Title II of the Americans with Disabilities Act. Plaintiff contends the case involves complex medical issues because one of his claims involves the denial of proper medical care. Mot. at ¶ 3. Plaintiff further contends the large number of defendants makes the case complex. Id. at ¶ 16. At the present time, the Court finds the legal issues involved in this action are unduly complex and may present a novel issue of law. Therefore, the second Tabron/Parham factor weighs in favor of the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of plaintiff to conduct such an investigation. Additionally, the Court should consider a plaintiff's inability to gather facts relevant to the proof of his claim. See Tabron, 6 F.3d at 156. The Third Circuit has held where the necessary documents are readily available and the record is straightforward, this factor weighs against the appointment of counsel. See Christy, 216 F. Supp. 2d at 410. Plaintiff contends that extensive factual investigation is necessary in his case and he lacks the resources to conduct a proper investigation.

10

Mot. at ¶¶ 11-13. Plaintiff further contends he knows of witnesses who heard the threats made to him as well as threats by the special investigative division officers, and the assaults he suffered. Mot. at ¶ 13. Plaintiff contends these inmates witnessed some or all of the PREA allegations. Id. at ¶ 12. Plaintiff contends it will be "virtually impossible" for him to locate and interview these witnesses because of his status as a prisoner. Id. The Court disagrees with plaintiff's contentions. As plaintiff's case proceeds, he will be able to conduct discovery under the Federal Rules of Civil Procedure. For this reason, the third Tabron/Parham factor weighs against plaintiff.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations. While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." Robins v. Robins-McCafferty, C.A. No. 14-115 (RMB), 2015 WL 6951693, at *4 (D.N.J. Nov. 9, 2015) (quoting Parham, 126 F.3d at 460). In considering this factor, a court must evaluate "the degree to which credibility is at issue." Dippolito v. U.S., C.A. No. 13-175 (RBK), 2015 WL 1104813, at *3 (D.N.J. Mar. 11, 2015) (quoting Wassell v. Younkin, No. 07-326, 2008 WL 73658, at *4 (W.D. Pa. Jan. 7, 2008)). Plaintiff contends his account of the PREA complaint, the threats made by the special investigative

11

division officers for making the PREA complaint, and the retaliatory acts committed by the officers conflict with the statements made by the officers. Mot. at ¶ 14. As a result, plaintiff contends the case will be a credibility contest between himself, his witnesses, and the defendants. Id. Based on the present record, the Court does not conclude at this time that this case will be "solely a swearing contest." Therefore, the Court finds the fourth Tabron/Parham factor weighs against plaintiff.

The fifth factor under consideration is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. See Tabron, 6 F.3d at 156. However, the Third Circuit has clarified the need for expert testimony does not warrant the appointment of counsel in every case. See Lasko v. Watts, 373 Fed. App'x 196, 202 (3d Cir. 2010). Plaintiff contends one of his claims involves the denial of medical care and proper medical supplies. Mot. at ¶ 3. Plaintiff further contends expert testimony will be necessary due to the medical issues involved. Id. at ¶ 4. At this time, the Court finds expert testimony is likely going to be necessary. Accordingly, the fifth Tabron/Parham factor weighs in favor of the plaintiff.

The final Tabron/Parham factor to be addressed is whether the litigant is financially capable of retaining his own counsel. See Parham, 126 F.3d at 461. Plaintiff is currently proceeding in the case in forma pauperis. Because plaintiff is proceeding in forma pauperis, the Court finds that the sixth Tabron/Parham factor weighs in favor of plaintiff.

Conclusion

After evaluating all relevant evidence, plaintiff's motion is DENIED. The most significant factor is that despite plaintiff's statements to the contrary, the Court finds plaintiff is competent and capable of litigating the case himself. Since plaintiff does not require the assistance of counsel to adequately represent his interests, his motion will be DENIED.

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED this 24th day of March 2020, that plaintiff's "Motion for Pro Bono Counsel" [Doc. No. 44] is DENIED. This Order is entered without prejudice to plaintiff's right to re-file his motion if warranted by material relevant developments; and it is further

ORDERED all present scheduling deadlines shall remain in place.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge