Lauren M. Strollo, Esq. - 018361986
**VASIOS, KELLY & STROLLO, P.A.**
2444 MORRIS AVENUE, SUITE 304
UNION, N.J. 07083-5711
(908) 688-1020
Attorneys for Defendant, Scott Miller, M.D.
Our File No.:   1565.91386-LMS

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC HINES | : **CIVIL ACTION No. 1:17-CV-2864-NLH** |
| | : |
| Plaintiff(s) | : **Civil Action** |
| | : |
| vs. | : **ANSWER TO SECOND AMENDED COMPLAINT,** |
| | : **SEPARATE DEFENSES, CROSSCLAIMS, DEMAND** |
| GARY LANIGAN, ET AL | **FOR DAMAGES, DEMAND FOR AFFIDAVIT OF** |
| | : **MERIT, DEMAND FOR JURY DEMAND,** |
| Defendant(s) | : **CERTIFICATION AND DESIGNATION OF TRIAL** |
| | : **COUNSEL** |

Defendant, Scott Miller, M.D., by way of Answer to the Second Amended Complaint, says:

The field of specialty for Dr. Scott Miller is Orthopedic Surgery.  Dr. Miller is Board Certified in Orthopedic Surgery and the treatment of the plaintiff involves the specialty of an Orthopedic Surgeon.

**JURISDICTION**

1.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph one and therefore leaves plaintiff to his proofs.

**FIRST COUNT**

1.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph one and therefore leaves plaintiff to his proofs.

2.   Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.   Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.   Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.   Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.   Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

7.   Paragraph seven does not relate to this defendant and this defendant makes no answer thereto, except to state that should

the allegations be construed as to relate to this defendant, they are denied.

8.   Paragraph eight does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

9.   Paragraph nine does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

10.   Paragraph ten does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

11.   Paragraph eleven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

12.   Paragraph twelve does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

13.   Paragraph thirteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should

the allegations be construed as to relate to this defendant, they are denied.

14.   Paragraph fourteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

15.   Paragraph fifteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed to relate to this defendant, they are denied.

<u>**SECOND COUNT**</u>

1.   This defendant repeats and realleges its answers to the Jurisdiction and the First Count of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.   Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.   Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.   Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the

allegations be construed as to relate to this defendant, they are denied.

## THIRD COUNT

1.   This defendant repeats and realleges its answers to the Jurisdiction and the First and Second Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.   This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph two and therefore leaves plaintiff to his proofs.

3.   Denied.

4.   Denied.

5.   This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph five and therefore leaves plaintiff to his proofs.

6.   Denied.

## FOURTH COUNT

1.   This defendant repeats and realleges its answers to the Jurisdiction and the First and Third Counts of the Amended Complaint,and incorporates the same herein as if set forth at length.

2.   Denied.

3.   Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.   Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.   Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.   Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

7.   Denied.

## **FIFTH COUNT**

1.   This defendant repeats and realleges its answers to the Jurisdiction and First through Fourth Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.   Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the

allegations be construed as to relate to this defendant, they are denied.

3.   Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.   Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

## SIXTH COUNT

1.   This defendant repeats and realleges its answers to the Jurisdiction and First through Fifth Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.   Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.   Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.     Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.     Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.     Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

7.     Paragraph seven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

8.     Paragraph eight does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

### SEVENTH COUNT

1.     This defendant repeats and realleges its answers to the Jurisdiction and First through Sixth Counts of the Amended

Complaint, and incorporates the same herein as if set forth at length.

2.     Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.     Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.     Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.     Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.     Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

### EIGHTH COUNT

1.    This defendant repeats and realleges its answers to the Jurisdiction and First through Seventh Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.    Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.    Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.    Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.    Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.    Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the

allegations be construed as to relate to this defendant, they are denied.

7.     Paragraph seven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

8.     Paragraph eight does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

9.     Paragraph nine does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

## NINETH COUNT

1.     This defendant repeats and realleges its answers to the Jurisdiction and First through Eighth Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.     Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.     Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.     Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

5.     Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.     Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

7.     Paragraph seven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

8.     Paragraph eight does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

9.      Paragraph nine does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

10.     Paragraph ten does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

11.     Paragraph eleven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

12.     Paragraph twelve does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

13.     Paragraph thirteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

14.     Paragraph fourteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

15.     Paragraph fifteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

16.     Paragraph sixteen does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

**TENTH COUNT**

1.     This defendant repeats and realleges its answers to the Jurisdiction and First through Nineth Counts of the Amended Complaint, and incorporates the same herein as if set forth at length.

2.     Paragraph two does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

3.     Paragraph three does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

4.     Paragraph four does not relate to this defendant and this defendant makes no answer thereto, except to state that should the

allegations be construed as to relate to this defendant, they are denied.

5.      Paragraph five does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

6.      Paragraph six does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

7.      Paragraph seven does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

8.      Paragraph eight does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

9.      Paragraph nine does not relate to this defendant and this defendant makes no answer thereto, except to state that should the allegations be construed as to relate to this defendant, they are denied.

## SEPARATE DEFENSES

FIRST: Plaintiff is barred from recovery by operation of the subject statute of limitations.

SECOND:  Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

THIRD:  Plaintiff is barred from recovery for failure to mitigate damages.

FOURTH:  The cause of action alleged in the Amended Complaint did not accrue at any time within two years.

FIFTH:  Plaintiff's claim is limited by N.J.S.A. 2A:15-97.

SIXTH: This defendant specifically denies any deviation from accepted medical standards applicable to the care and treatment of the plaintiff.

SEVENTH: Defendant obtained the informed consent of plaintiff by providing plaintiff with such information as a reasonable person would want disclosed.


EIGHTH:  Even if adequately informed, a reasonable person in plaintiff's position would have accepted the treatment involved.

NINTH:  Any and all injuries resulted from a preexisting medical condition.

TENTH:  Plaintiff's recovery is limited by the doctrine of avoidable consequences.

ELEVENTH: This defendant is free from any and all negligence.

TWELFTH: Plaintiff's action is barred by the Doctrine of Comparative Negligence, <u>N.J.S.A.</u> 2A:15-5.1 <u>et</u> <u>seq</u>.

THIRTEENTH: This defendant did not proximately cause any damages to plaintiff.

FOURTEENTH: Any and all damages sustained by plaintiff were caused by third persons over whom this defendant has no control.

FIFTEENTH: Defendant fulfilled all its duties and obligations whether arising from common law, statute, contract, tort or otherwise.

SIXTEENTH: Defendant breached no duty or obligation of any kind whether arising from common law, statute, contract, tort or otherwise.

SEVENTEENTH: Plaintiff suffered no losses or damages by reason of any alleged acts of the defendant.

EIGTHEENTH: The injuries and damages allegedly sustained in the Amended Complaint were the result of an unavoidable accident.

NINETEENTH: The alleged accident, damages and injuries complained of by the plaintiff were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

## **CROSSCLAIM FOR CONTRIBUTION**

Defendant, Scott Miller, M.D., by way of Crossclaim for Contribution against all co-defendants, presently and hereinafter named, says:

1.    This defendant repeats and incorporates the allegations contained in plaintiff's the Amended Complaint except as the same relates to it.

WHEREFORE, this defendant hereby demands contribution pursuant to the Joint Tortfeasors Contribution Law (<u>N.J.S.A.</u> 2A:53A-5), <u>et</u> <u>seq</u>., and in accordance with the New Jersey Comparative Negligence Act, <u>N.J.S.A.</u> 2A:15-5.1, <u>et</u> <u>seq</u>., from all co-defendants presently and hereinafter named.

## CROSSCLAIM FOR INDEMNIFICATION

1.    This defendant repeats and incorporates the allegations contained in plaintiff's Amended Complaint except as the same relates to it.

2.    This defendant denies that it is in any way liable to the plaintiffs, but states that should it be adjudged liable, that any such liability on its part is vicarious in nature as compared to the actual liability of all co-defendants presently and hereinafter named.

WHEREFORE, this defendant hereby demands indemnification against all codefendants presently and hereinafter named, together with interest, attorneys' fees and costs of suit.

## ANSWER TO CROSSCLAIM

This defendant by way of Answer to the Crossclaims says:

This defendant denies any and all allegations set forth in

the Crossclaims asserted by the named defendants, and all fictitiously named medical professionals.

This defendant denies any and all allegations set forth in the Crossclaims asserted by the named defendants, and all fictitiously named medical professionals.

## DEMAND FOR DAMAGES

Counsel for the plaintiff is hereby requested to provide the undersigned with a statement of damages within the time limits prescribed by the Rules of Court.

## DEMAND FOR EXPERT REPORTS

This defendant hereby demands that within sixty (60) days from the date hereof, plaintiffs furnish written reports of their experts stating the substance of the facts and opinions to which said experts are expected to testify with regard to plaintiff's allegations directed against this defendant. Otherwise, this defendant will object to any expert at the time of trial.

## DEMAND FOR AFFIDAVIT OF MERIT

This defendant hereby demands that the plaintiff provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27 et seq.

## JURY DEMAND

This defendant hereby demands a trial by jury as to all issues so triable.

**REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(C)**

If any co-defendant(s) settles prior to verdict, this defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant(s).  We will seek this allocation, whether or not we have formally filed a crossclaim against the settling defendant(s).  We will rely upon the examination and cross-examination of plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation.  You are being apprised of this pursuant to Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

**CERTIFICATION**

We hereby certify that the within pleading is served within the time allowed by law pursuant to the Rules of Court, as extended.

We hereby certify that the matter in controversy is not the subject of any other pending action in any other Court, the subject of any pending arbitration proceeding, nor is there any other action or arbitration proceeding contemplated.

**TRIAL DESIGNATION**

Pursuant to Rule 4:25-4, **Lauren M. Strollo, Esq.**, is hereby designated as trial counsel on behalf of Defendant, Scott Miller, M.D., in reference to the above matter.

## <u>DEMAND FOR RULE 26 DISCLOSURE</u>

Defendant, Scott Miller, M.D., demands that plaintiff provide the disclosures required by FRCP 26.


VASIOS, KELLY & STROLLO, P.A.
Attorneys for Defendant
Scott Miller, M.D.


By: _____
        Lauren M. Strollo

DATED:  April 28, 2020