[Doc. No. 46]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES, | |
|              Plaintiff, | |
|   v. | Civil No. 17-2864 (NLH/JS) |
| GARY M. LANIGAN, et al., | |
|              Defendants. | |

**O R D E R**

This matter is before the Court on the "Motion for Retention of Word Processor and Leave to File All-Inclusive Amended Complaint" ("motion") [Doc. No. 46] filed by pro se plaintiff, Eric Hines ("plaintiff" or "Mr. Hines"). No opposition was filed by defendants. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is DENIED.

Since the parties are familiar with the facts and procedural background of the case, the Court incorporates by reference the discussion in its Order denying plaintiff's "Motion to Appoint Pro Bono Counsel" [Doc. No. 44]. See Order, March 24, 2020 [Doc. No. 52]. Plaintiff filed the present motion

claiming he is being denied access to a word processor. Mot. at 4. Plaintiff alleges that although he is authorized to have a word processor, he is being denied access to one. Id. Further, plaintiff claims his prison's intentional denial of his access to a word processor "not only would violate plaintiff['s] Due Process right to meaningful access. But would cause him physical harm and und[ue] pain and suffering." Id. Further, plaintiff requests the Court allow him to file an all-inclusive amended complaint. Id. [1]

N.J.A.C. 10A:5-3.8 and N.J.A.C. 10A:1-11.2 address whether an inmate may possess personal items in his cell. N.J.A.C. 10A:5-3.8 states that:

> **(a)** A Director, Division of Operations or designee shall, in accordance with the Administrative Segregation Level Program, develop a written list of authorized personal property items and the amounts of personal property items authorized for retention by inmates while confined in an Administrative Close Supervision Unit.
> **(b)** All inmates admitted to an Administrative Close Supervision Unit shall be permitted to retain only those personal property items and amounts of personal property as are set forth on the list of authorized, permissible items for inmates in an Administrative Close Supervision Unit developed under (a) above.
> **(c)** Unauthorized, non-permissible personal property shall be handled in accordance with N.J.A.C. 10A:1-11.

---

[1] Plaintiff failed to attach to this motion his proposed amended complaint. However, the record indicates plaintiff filed a second motion to amend the complaint and attached the proposed amended complaint to that motion. See Doc. No. 47. Therefore, the Court will not address plaintiff's request to amend the complaint in this Order and, instead, will address plaintiff's request in connection with the second motion.

2

N.J.A.C. 10A:5-3.8. N.J.A.C. 10A:1-11.2(a) further states, "Designated staff at each correctional facility shall develop a written list of permissible personal property items and the number of permissible personal property items that may be retained in the possession of the inmate." N.J.A.C. 10A:1-11.2(a). The Court finds plaintiff should address the issue of whether he is authorized to have a word processor in his cell with the appropriate agency. In this case, plaintiff should address the issue with the administration at South Woods State Prison. Further, the Court finds plaintiff failed to cite any controlling legal authority which supports his request for a word processor. Therefore, plaintiff's request for a word processor is denied.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 14th day of July 2020, that plaintiff's "Motion for Retention of Word Processor and Leave to File All-Inclusive Amended Complaint" [Doc. No. 46] is DENIED.

<u>/s/ Joel Schneider</u>
JOEL SCHNEIDER
United States Magistrate Judge