[Doc. No. 47]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES, | |
| Plaintiff, | |
| v. | Civil No. 17-2864 (NLH/JS) |
| GARY M. LANIGAN, et al., | |
| Defendants. | |

**ORDER**

This matter is before the Court on the "Motion to File an All-Inclusive Amended Complaint" ("Motion") [Doc. No. 47] filed by plaintiff, Eric Hines ("plaintiff"). No opposition has been filed. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be set forth in this Order, plaintiff's motion is GRANTED.

**Background**

Plaintiff Eric Hines filed this action on April 26, 2017 against Gary M. Lanigan, Patrick A. Nogan, Mr. Bonds, Sharmalie Perera, MD, Dr. Alnochawati, Dr. Miller, Dr. Diaz, Jennifer Fairstead, SCO. Marvin, SCO. Waters, S.I.D. Perry, Sgt. J. Valle, S.I.D. Petit, and S.I.D. John Doe. See Compl. [Doc. No. 1]. On May 5, 2017, the Honorable Noel L. Hillman

administratively terminated the case for failure to submit a complaint. See Doc. No. 2. Judge Hillman's opinion notes that plaintiff submitted a cover letter, copies of several grievances, and an application to proceed in forma pauperis, but failed to include a complaint. Id. The case was reopened on November 15, 2017 and plaintiff's request to proceed in forma pauperis was granted. See Doc. No. 6. On November 15, 2017, plaintiff filed an amended complaint which included claims for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, The Rehabilitation Act, 29 U.S.C. § 701 et seq., negligence, Eighth Amendment violations, and First Amendment violations. Doc. No. 7.

Plaintiff's complaint alleges defendants are liable for failure to make his cell handicap accessible pursuant to the ADA. Am. Compl. at 1. Plaintiff also alleges defendants' failure to make his cell handicap accessible caused him to fall and injure his right shoulder. Id. Plaintiff further alleges surgery was negligently conducted on his right shoulder by Dr. Miller, and he was denied proper medication after he refused to have a corrective second surgery with Dr. Miller. Id. at 13. Plaintiff contends he was improperly prescribed medication which resulted in negative side effects and was denied access to necessary medical supplies. Id. at 27.

In September 2018, plaintiff filed a motion to amend his complaint to include additional defendants and to add retaliation claims pursuant to the ADA. See Doc. No. 10. Plaintiff contends defendants retaliated against him by removing pain medication as a form of punishment for refusing a second surgery. Id. at 10. Plaintiff's motion was granted by Judge Hillman on January 18, 2019. Doc. No. 12. Plaintiff filed the amended complaint on March 27, 2019. Doc. No. 18. Plaintiff filed a motion for the appointment of pro bono counsel on December 5, 2019 which was denied on March 24, 2020. Doc. Nos. 44 and 52. Since then, plaintiff has filed a motion for retention of a word processor which was denied on July 14, 2020. Doc. Nos. 46 and 57.

Plaintiff now moves for leave to file an "all-inclusive amended complaint." Although plaintiff failed to file a brief with his motion to amend, it is apparent from the proposed amended complaint that plaintiff seeks to add the following defendants: Luz Torres, Linda Linen, Anthony Thomas, Dr. Collier, Victoria D'Amico, John Powell, Jane Doe #1 Nurse, Marcus O. Hicks, Dr. Ralph Woodward, Dr. Herbert Smyczek, T. Jackson, C.O. Moratelli, C.O. L. Smith, S.I.D. Goffred, C.O. McNear, Sgt. Horsey, C.O. Bagliani, Sgt. Pipitone, Nurse Crystal, and C.O. M. Fardone. Plaintiff's proposed amended complaint alleges the additional defendants in their individual

3

capacity or in their capacity as supervisors engaged in conduct that constituted a violation of plaintiff's Eighth, Fourth, and Fourteenth Amendment of the United States Constitution as well as Article I, paragraph 12 of the New Jersey Constitution and the Americans with Disabilities Act ("ADA"). Mot. 12-22.

**Discussion**

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." A court should allow a party to amend its pleading so long as there is no undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice or futility of the amendment. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); see also Forman v. Davis, 371 U.S. 178, 182 (1962). "Absent undue or substantial prejudice ... [denial must] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)).

An amended complaint is futile if it fails to state a claim upon which relief could be granted. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (citation omitted). To determine if an amendment is futile, a court should use "the

4

same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citation omitted). The Court must accept as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)). The factual allegations must be enough, when taken as true, to state a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). The Court notes that defendants bear the burden of establishing that plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. See Pharmaceutical Sales & Consulting Com. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" See Schiano v. MBNA, No. 05-1771 (JLL), 2013 WL 2452681, at *45 (D.N.J. Feb. 11, 2013) (citations omitted).

Here, plaintiff seeks leave to file an amended complaint to add new defendants as well as additional Eighth, Fourth, and Fourteenth Amendment violation claims. Mot. at 12-22. Plaintiff also seeks to add additional claims for violations of the ADA as well as the New Jersey Constitution. Id. Given that defendants do not argue undue delay, prejudice, or futility, the Court will

not address these issues in depth. Although plaintiff could have moved earlier to amend his complaint, the record does not indicate plaintiff is acting in bad faith or with a dilatory motive. Additionally, defendants have not argued they will be prejudiced if plaintiff's motion is granted. As to futility, since the defendants did not raise the defense, it will not be addressed by the Court. Thus, for the foregoing reasons, plaintiff's motion to amend the complaint will be granted.[1]

**Conclusion**

Accordingly, for all the foregoing reasons,

    IT IS HEREBY ORDERED this 15th of July 2020, that plaintiff's "Motion to File an All-Inclusive Amended Complaint" [Doc. No. 47] is GRANTED; and it is further

    ORDERED the Clerk of the Court shall separately file the proposed amendment attached to plaintiff's motion [Doc. No. 47] and docket the pleading as plaintiff's Third Amended Complaint; and it is further

---

[1] Although the case was filed in April 2017, the parties did not begin formal discovery until recently. Also, the Court recently granted defendants' requests to extend the fact discovery deadline. See Doc. Nos. 48 and 55. Further, the COVID-19 crisis is contributing to an explainable delay in the case. Given these circumstances, it would be inequitable to deny plaintiff the opportunity to pursue all potentially available claims and defendants. The Court expresses no opinion as to the viability of plaintiff's claims.

6

ORDERED that the Clerk shall mail to plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

ORDERED that once the Marshal receives the USM-285 Form(s) from plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-295 Form that has been submitted by plaintiff, and the Marshal shall serve summons, the amended complaint filed pursuant to this Order, and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

ORDERED that defendants shall file and serve a response to the amended complaint within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that the Clerk of the Court shall serve plaintiff with a copy of this Order via regular mail; and it is further

ORDERED that this Order is entered without prejudice to the right of the new party defendants to assert all appropriate defenses; and it is further

ORDERED that the Court will separately enter an amended scheduling order.

s/ Joel Schneider  
JOEL SCHNEIDER  
United States Magistrate Judge