**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC HINES<br><br>    Plaintiff(s)<br><br>        vs.<br><br>GARY LANIGAN, PATRICK A. HOGAM, MS. BONDS, SHARMALIE PERERA, M.D., DR. ALNOCHAWATI, SCOTT MILLER, M.D., DR. DIAZ, JENNIFER FAIRSTEAD, SCO. MARVIN SCO. WATERS, SCO. PERRY, J. SGT. VALLIE, SID. PETIT, SID. JOHN DOE, NJ DEPARTMENT OF CORRECTIONS, LUZ TORRES, LINDA LINEN, ANTHONY THOMAS, DR. COLLIER, JOHN POWELL, JANE DOE #1 NURSE, MARCUS O. HICKS, VICTORIA DAMICO, DR. RALPH WOODWARD, DR. HERBERT SMYCZEK, T. JACKSON, C.O. MORATELLI, C.O.L. SMITH, S.I.D. GOFFRED, C.O. MCNEAR, SGT. HORSEY, C.O. BAGLIANI, SGT. PIPITONE, NURSE CYSTAL, C.O.M. FARDONE, NJ DEPARTMENT OF CORRECTIONS, ET AL<br><br>    Defendant(s) | DOCKET NO.1:17-CV-02864-NLH-JS<br><br>Civil Action |

**BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE AN APPROPRIATE AFFIDAVIT OF MERIT, PURSUANT TO <u>N.J.S.A.</u> 2A:53A-26**

**VASIOS, KELLY & STROLLO, P.A.**
2444 MORRIS AVENUE, SUITE 304
UNION, N.J. 07083
(908) 688-1020
Attorneys for Defendant,
Scott Miller, M.D.

Lauren M. Strollo, Esq.
  Of Counsel and on Brief

**STATEMENT OF FACTS**

On February 25, 2019 this court entered an order, docket entry 17, permitting plaintiff to file a second amended complaint. That complaint was served on defendant Dr. Miller on May 17, 2019, as shown by the return of service, docket entry 24. The third count of that second amended complaint asserts a claim of medical malpractice against Dr. Scott Miller.

Plaintiff asserts, and Dr. Miller does not dispute, that this court has jurisdiction over that state law claim under 28 U.S.C. §1367.

Dr. Miller filed an answer to this complaint on April 28, 2020, docket entry 54. Under the applicable New Jersey statute, N.J.S.A. 2A:53A-26, an affidavit of merit executed by an orthopedic surgeon was due no later than 120 days after the filing of the answer, or on August 26, 2020. No affidavit has been submitted.

On July 15, 2020, the court entered an order, docket entry 58, permitting plaintiff to file a third amended complaint. None of the defendants have yet answered that complaint.

On September 12, 2020, plaintiff's present counsel was substituted into the case, docket entry 65.

Defendant, Dr. Miller now moves before this court for an order dismissing plaintiff's complaint for failure to provide an affidavit of merit against Dr. Miller.

**LEGAL ARGUMENT**

**POINT I**

**THE NEW JERSEY DISTRICT COURT, IN EXERCISING SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367, MUST APPLY <u>N.J.S.A.</u> 2A:53A-26, THE AFFIDAVIT OF MERIT STATUTE, AND <u>N.J.S.A.</u> 2A:53A-41, THE PATIENTS FIRST ACT.**

The Affidavit of Merit Statute, <u>N.J.S.A.</u> 2A:53A-26, was adopted in 1995 and amended in 2004. As early as <u>RTC Mortgage Trust v. Fidelity National Title Insurance Co.</u>, 981 <u>F. Supp.</u> 334 (D.N.J. 1997), it was recognized that the statute was a substantive determination by the state legislature.

In <u>Lomando v. United States</u>, 667 <u>F.3d</u> 363 (3 Cir. 2011), the court, like this court, had jurisdiction over plaintiff's state law malpractice claims under 28 U.S.C. §1367. It analyzed whether an expert who executed an affidavit in a District Court matter was required to have the credentials required by <u>N.J.S.A.</u> 2A:53A-41. That statute supplemented that affidavit of merit statute and required that a physician who executed an affidavit of merit or offered to provide testimony for or against a physician had to practice the same specialty as the defendant. The court once again held that the statute a substantive determination by the State Legislature as part of a series of tort reform statutes, and thus was binding on the District Court, applying New Jersey law.

Furthermore, the Court of Appeal correctly anticipated the New Jersey Supreme Court's ruling in <u>Nicholas v. Mynster</u>, 213 <u>N.J.</u> 536 (2013)in holding that courts must strictly enforce the

statutory requirement that the expert practice in the same specialty as the defendant.

### POINT II

**PURSUANT TO N.J.S.A. 2A:53A-26 et seq. PLAINTIFF'S COMPLAINT AGAINST DR. MILLER MUST BE DISMISSED FOR FAILURE TO SERVE AN APPROPRIATE AFFIDAVIT OF MERIT.**

The Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 et seq., was originally enacted in 1995 and amended in 2004 by the New Jersey Legislature. The essential purpose of the statute is "to weed out frivolous lawsuits at an early stage" by requiring "a plaintiff in a malpractice case to make a threshold showing that the claims asserted are meritorious." Galik v. Clara Maass Med. Center, 167 N.J. 341, 350 (2001). This statute applies to all causes of action arising after its effective date and the amendments apply to all causes of action arising after the amendments' effective date of July 7, 2004. The statute provides that in a professional malpractice action plaintiff must, within sixty (60) days following the date of filing of defendant's Answer, provide **each** defendant with:

> an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside of acceptable professional or occupational standards or treatment practices. N.J.S.A. 2A:53A-27.

N.J.S.A. 2A:53A-27 gives the trial court the power to grant "no more than one additional period, not to exceed 60 days" for plaintiff to supply the required affidavit. If the plaintiff fails to file such affidavit, plaintiff will be seen as having *failed to state a cause of action*.

In Cornblatt v Barow, 153 N.J. 218 (1998), the Court held that

> when a plaintiff fails to comply with a statute that creates a cause of action with both substantive and procedural requirements consistent with imputed legislative intent, a dismissal for failure to comply with procedural requirements should be with prejudice unless there are "exceptional circumstances." (emphasis added) Id. At 246.

N.J.S.A. 2A:53A-27 et seq. states that an Affidavit of Merit is required in actions for damages resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation. N.J.S.A. 2A:53A-26 defines a "licensed person" as any person licensed as, *inter alia*, a physician in the practice of medicine or surgery, a registered professional nurse, and a health care facility as defined in section 2 of P.L. 1971, c. 136. Defendant, Dr. Miller is such a "licensed person."

The malpractice action against Dr. Miller is thus subject to the Affidavit of Merit requirement. It is also subject to the requirements of N.J.S.A. 2A:53A-41, the New Jersey Medical Care Access and Responsibility and Patients First Act. This statute defines the credentials required of the person who executes the affidavit of merit.

In Nicholas v. Mynster, 213 N.J. 536 (2013), the Court analyzed the statute and articulated the credentials that the affiant must have for the affidavit to be acceptable. The primary requirement of the statute is that the affiant must practice the same specialty as the defendant. N.J.S.A. 2A:53A-41(a) provides

that if the defendant is a specialist recognized by the American Board of Medical Specialties (Dr. Miller specializes in Orthopedic Surgery and thus meets this criterion) then the person executing an affidavit of merit must have specialized in the same specialty.

As the court held at page 547, "When a physician is a specialist and the basis of the malpractice action 'involves' the physician's specialty, the challenging expert must practice in the same specialty."

Defendant's answer to the second amended complaint was filed April 28, 2020. The answer explicitly set out Dr. Miller's specialty and told plaintiff what credentials the expert issuing an affidavit of merit against him had to have.

No appropriate Affidavit of Merit was filed by August 26, 2020, the one hundred twentieth day since the answer to the second amended complaint was filed.

The time for providing an appropriate affidavit, even if it were extended, has expired. Dr. Miller is therefore entitled to a dismissal of the claim against him with prejudice.

Defense counsel is aware of this court's opinion in <u>Endl v. State of New Jersey</u>, Docket No. 12-3564, rendered March 29, 2016. There, the court declined to entertain a motion to dismiss a first amended complaint sounding in medical malpractice for failure to provide an affidavit of merit. The court noted that a second

amended complaint had been filed and not yet answered at the time of the motion by the defendants.

In the matter before the court, there is a third amended complaint, docket entry 47, filed by order of the court on July 15, 2020, docket entry 58. That complaint was filed about six weeks before the affidavit of merit on the second amended complaint was due. On its face, Endl, supra, seems to be dispositive of the matter now before the court.

It is respectfully submitted, however, that it is not at all similar to this case. In Endl, a review of the court's docket shows that the allegations in the first amended complaint, docket entry 10, were so factually deficient that the United States Magistrate Judge who reviewed it apparently considered it might be subject to dismissal.

The second amended complaint, docket entry 14-4, spelled out the alleged malpractice claims for the first time in the litigation. Under these circumstances, the court considered the second amended complaint to be the operative pleading for the purpose of determining when the affidavit of merit was due.

Here, the allegations of malpractice against Dr. Miller in the second amended complaint and the third amended complaint are identical. The effect of the amendment was to add a number of defendants, but not, as it was in Endl, to supplement or clarify the allegations against this defendant.

Under the applicable statute, plaintiff had a full 120 days from the time of filing the second amended complaint to file the appropriate affidavit. During that interval, plaintiff did not request an extension of time, or suggest any reason why he was having difficulty in obtaining the affidavit.

It is respectfully suggested that a plaintiff may not indefinitely extend the time for filing an affidavit of merit by filing amended complaints before the time for submission of the affidavit expires. This is a matter of New Jersey law, and there is no state court precedent for that proposition.

Here, the affidavit of merit was due on August 26, 2020, and was not provided. Under the clear terms of the statute, that failure constitutes a failure to plead a cause of action. Dismissal of the complaint with prejudice is appropriate.

## CONCLUSION

For all the reasons set forth above, Defendant Dr. Miller respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, <u>with</u> prejudice, for failure to serve an appropriate Affidavit of Merit pursuant to <u>N.J.S.A.</u> 2A:53A-26.

    Respectfully submitted,

*/s/ Lauren M. Strollo*

Lauren M. Strollo
VASIOS, KELLY & STROLLO, P.A.
Attorneys for Defendant
Scott Miller, M.D.

Dated: October 30, 2020