```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

 ERIC HINES,                              Civil Action No. 17-02864

              Plaintiff,
                                          **OPINION**
      v.

 GARY M. LANIGAN, et al.,

              Defendants.

**APPEARANCES:**

JOSEPH D. LENTO
OPTIMUM LAW GROUP
300 ATRIUM WAY
SUITE 200
MT. LAUREL, NJ 08054
    *Counsel for Plaintiff*

MARVIN L. FREEMAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NEW JERSEY 08625

    *Counsel for Defendants New Jersey Department of*
    *Corrections, Gary M. Lanigan, Willie Bonds, SCO. Waters,*
    *and SCO. Marvin*

LAUREN M. STROLLO
VASIOS, KELLY & STROLLO, PA
2444 MORRIS AVENUE
UNION, NJ 07083

    *Counsel for Defendant Dr. Scott Miller*

**HILLMAN**, **District Judge**

    This matter is presently before the Court upon receipt of

Plaintiff's request for preliminary injunction. (ECF No. 51).

For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction will be DENIED.

## BACKGROUND

The factual background and procedural history of this case are set forth in the Court's July 15, 2020 Order (ECF No. 58) and need not be fully repeated here.

In relevant part, on November 15, 2017, after his case was administratively terminated, Plaintiff filed a first amended complaint, which included claims for violation of Title II of the Americans with Disabilities Act, the Rehabilitation Act, negligence, Eighth Amendment, and the First Amendment. (ECF No. 7). On September 24, 2018, Plaintiff filed a motion to amend his complaint to include additional defendants and claims. (ECF No. 10). Plaintiff's motion was granted by this Court on January 18, 2019. (ECF No. 12). Plaintiff then filed the second amended complaint on March 27, 2019. (ECF No. 18).

On January 6, 2020, Plaintiff moved for leave to file an "all-inclusive amended complaint." (ECF No. 47). Plaintiff's proposed amended complaint included additional defendants and claims. (ECF No. 47). Prior to the court granting Plaintiff's Motion to File an All-Inclusive Amended Complaint, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 51). In determining whether this motion shall be granted or denied, the Court will consider the allegations in the second amended

2

complaint filed on March 17, 2019, which was the legally operative complaint at the time the Plaintiff's Motion for Preliminary Injunction was filed. (ECF Nos. 18, 51). Accordingly, this Court will not consider additional allegations from the third amended complaint, which became the legally operative complaint on July 15, 2020 almost four months after Plaintiff filed his Motion for Preliminary Injunction. (ECF No. 58).

## DISCUSSION

A.    Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

B.    Preliminary Injunction Standard

A request for injunctive relief in the prison context must be "viewed with considerable caution." Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008). A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). "[F]ailure to

establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." Rush, 287 F. App'x at 144.

  C.    Analysis

Here, Plaintiff seeks the following injunctive relief: (1) "requiring the defendants to arrange for appropriate course of medical supplies, proper disposable of hazardous waste, medical supplies to restore and maintain severe itching, rash, penis burning medical situation of possible skin break down;" and (2) "for plaintiff to be transferred to another correctional facility do [sic] to threats of bodily harm by (S.I.D) officers, assaults, use of force by staff with injury." (ECF No. 51 at 9).

The fundamental flaw with the relief sought by Plaintiff is that a majority of the relief and basis for such relief is not included in his second amended complaint, which was the legally operative complaint when he filed his Motion for Preliminary Injunction. For example, Plaintiff requests a transfer to another facility because of the abuse he has allegedly received at South Woods State Prison. (ECF No. 51 at 7-9). Plaintiff failed to include any allegations related to Plaintiff's abuse in the second amended complaint. (ECF No. 18). By way of another example, Plaintiff's request for medical supplies to deal with severe itching and burning relates to allegations that

4

are absent in the second amended complaint. (ECF No. 51 at 4-5; ECF No. 18).

Plaintiff's Motion for Preliminary Injunction must relate to the allegations and relief sought in the second amended complaint. See Gonzalez v. Zickefoose, No. 12-3711, 2015 WL 6407832, at *2 (D.N.J. Oct. 22, 2015) ("Because Plaintiff in this case has requested a preliminary injunction which relates . . . to medical conditions which are not the basis of the claims of the Complaint . . . his request for a preliminary injunction will be denied."); see also Zahl v. N.J. Dep't of Law & Pub. Safety, No. 06-3749, 2008 WL 4149032, at *1 (D.N.J. Sept. 4, 2008) ("Prior to this Court ruling on the preliminary injunction requested by Zahl, he filed the Amended Complaint on April 30, 2007. This Court dismissed the pending motion for a preliminary injunction without prejudice, and allowed the filing of the Amended Complaint, which substantially altered the nature of the injunctive relief requested by Zahl.").

This Court permitted Plaintiff to file a third amended complaint almost four months after he filed his Motion for Preliminary Injunction. However, that does not cure the problems with his current preliminary injunction request. To date, Plaintiff has failed to file another Motion for Preliminary Injunction after Judge Schneider granted his motion to amend his second amended complaint.

Moreover, even considering the allegations in the second amended complaint, Plaintiff still fails to demonstrate irreparable harm. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm.'" Rivera v. Pa. Dep't of Corr., 346 F. App'x 749, 750 (3d Cir. 2009) (emphasis in original) (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)). Here, Plaintiff's complaints regarding (1) the failure to provide Plaintiff with a wheelchair accessible cell and/or shower chair; (2) the denial of a second medical operation on his shoulder by a doctor other than Dr. Scott Miller; (3) the presence of spiders, insects, crickets, etc. in Plaintiff's administrative segregation cell; (4) the denial of Plaintiff's pain medication after requesting a second operation by a doctor other than Dr. Scott Miller; and (5) Defendant SCO. Waters' alleged interference with Plaintiff's medical treatment all date back to 2016, more than three years before this motion for preliminary injunction was filed. (ECF No. 18 at 3, 5, 8, 10). Thus, there is nothing to indicate that failing to grant Plaintiff's preliminary injunction will result in irreparable harm to Plaintiff. See Lasane v. Campos, No. 17-6316, 2019 WL 959703, at *6 (D.N.J. Feb. 27, 2019)("Plaintiff's dental complaints date back to the second bed collapsing incident in

2015, more than two years before the Cross Motion was filed. Thus, there is nothing to indicate that the immediate failure to be seen by an oral surgeon or an orthodontist will result in irreparable harm to Plaintiff."); Doe v. Banos, 713 F. Supp. 2d 404, 415 n.15 (D.N.J. 2010) ("John Doe's lack of urgency as reflected in how this motion was brought before the Court undermines his claim of immediate and irreparable harm to his First Amendment rights, a necessary finding for pre-judgment relief.  This is reason alone to deny the relief sought here."); Pharmacia Corp. v. Alcon Labs., Inc., 201 F. Supp. 2d 335, 383 (D.N.J. 2002) (explaining that delay in seeking preliminary injunction "knocks the bottom out of any claim of immediate and irreparable harm").

In light of Plaintiff's failure to establish irreparable harm, it is unnecessary for the Court to address the remaining factors in the injunctive relief analysis.  To obtain injunctive relief, the movant must show that all four factors favor injunctive relief.  AT&T Co. v. Winback & Conserve Program, 42 F.3d 1421, 1427 (3d Cir. 1994).  The movant's failure to establish any one of the four factors renders injunctive relief improper.  See NutraSweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 (3d Cir. 1999).  Thus, even if Plaintiff shows that the remaining factors favor injunctive relief, such relief is inappropriate because of plaintiff's failure to show irreparable

7

harm.  See Frank's GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (stating that injunctive relief cannot be granted where movant has not demonstrated probability of irreparable harm).

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction will be denied without prejudice.  Plaintiff has recently obtained counsel who has entered his appearance on Plaintiff's behalf, and the Court is confident that his counsel will pursue a course of action that is in Plaintiff's best interest.  An appropriate Order will be entered.

Date: November 10, 2020            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.