| | | |
|---|---|---|
| ERIC HINES,<br><br>            Plaintiff,<br><br>       v.<br><br>GARY M. LANIGAN, ET AL.,<br><br>            Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO. 1:17-cv-02864-NLH-MJS<br><br>DOCUMENT ELECTRONICALLY FILED |

**DEFENDANT, DR. SHARMALIE PERERA'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, PURSUANT TO <u>FED. R. CIV. P.</u> 12(b)(6)**

NORRIS McLAUGHLIN, P.A.
Margaret Raymond-Flood, Esq.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
D: 908-252-4228
F: 908-722-0755
E: mrflood@norris-law.com
Attorneys for Defendant,
Dr. Sharmalie Perera

On the Brief:
Margaret Raymond-Flood Esq.
James Mazewski, Esq.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL ALLEGATIONS IN COMPLAINT ....................................................................... 1

PROCEDURAL HISTORY ........................................................................................................ 2

LEGAL ARGUMENT ................................................................................................................ 3

    POINT I - PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DR. PERERA SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) .................................................................................................. 3

    POINT II - PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DR. PERERA SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF ALSO FAILS TO STATE A CLAIM UNDER THE NEW JERSEY STATE CONSTITUTION .......................................................................................................... 7

    POINT III - THE DISMISSAL OF THE AMENDED COMPLAINT AGAINST DR. PERERA EXTINGUISHES ANY CROSS-CLAIMS ............................................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................3, 4, 5, 6

Barkes v. First Corr. Med., Inc.,
    766 F.3d 307 (3d Cir. 2014), rev'd on other grounds sub non, Taylor v.
    Barkes, 135 S.Ct. 2042 (2015).....................................................................6

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................................................3, 4

Durmer v. O'Carroll,
    991 F.2d 64 (3d Cir. 1993).............................................................................4, 5

Estelle v. Gamble,
    429 U.S. 97 (1976)...........................................................................................5

Farmer v. Brenner,
    511 U.S. 825 (1994).........................................................................................5

Giles v. Kearney,
    571 F.3d 318 (3d Cir. 2009)...........................................................................4, 7

Green v. Mazzone,
    2002 WL 1636709 (D.N.J. 2002) ...................................................................5

Inmates of Allegheny County Jail v. Pierce,
    612 F.2d 754 (3d Cir. 1979)............................................................................5

Martin v. Unknown U.S. Marshals,
    965 F. Supp.2d 502 (D.N.J. 2013) aff'd sub nom., Estate of Martin v. U.S.
    Marshals Serv. Agents, 649 F. App'x 239 (3d Cir. 2016) .............................8

Pitman v. Ottehberg,
    2013 WL 6909905 (D.N.J. 2013) ...................................................................8

Rode v. Dellarciprete,
    845 F.2d 1195 (3d Cir. 1988).........................................................................5, 6

Rouse v. Plantier,
    182 F.3d 192 (3d Cir. 1999)............................................................................4

Shabazz v. New Brunswick Police Dep't,
  2014 WL 2931602 (D.N.J. 2014) ...............................................................................8

United States ex. Rel. Walker v. Fayette County, Pa.,
  599 F.2d 573,575 (3d Cir. 1979)................................................................................5

White v. Napoleon,
  897 F.2d 103 (3d Cir. 1990).......................................................................................5

## STATE CASES

Enright v. Lubow,
  202 N.J. Super. 58 (App. Div. 1985) .........................................................................9

Nora v. Livingston Twp.,
  171 N.J. Super. 579 (App. Div. 1980) .......................................................................9

Rezem Family Associates, L.P. v. Borough of Millstone,
  423 N.J. Super. 103, certif. den., 208 N.J. 366 (2011) ..............................................8

## FEDERAL STATUTES

42 U.S.C. § 1983................................................................................................................7, 8

## STATUTES

New Jersey Civil Rights Act................................................................................................8

## RULES

Fed. R. Civ. P. 12(b)(6)........................................................................................................3

## CONSTITUTIONAL PROVISIONS

New Jersey Constitution ...............................................................................................7, 8

## PRELIMINARY STATEMENT

Plaintiff Eric Hines' ("Plaintiff") January 7, 2020 Amended Complaint (Docket Entry 47, "Complaint") fails to include a single factual allegation against Defendant, Dr. Sharmalie Perera, MD ("Dr. Perera"), instead consisting solely of conclusory legal assertions. Completely absent from Plaintiff's Complaint is any mention of Dr. Perera's personal involvement in Plaintiff's treatment, details regarding the parties' history of interactions, or information specifically describing the nature and scope of the allegedly wrongful acts Dr. Perera engaged in, which Plaintiff contends amounted to cruel and unusual punishment. Plaintiff fails to allege any facts regarding Dr. Perera's role at the prison facility or authority to intervene in his treatment.

The entirety of Plaintiff's claim against Dr. Perera is found only in the Seventh Count of the Complaint and is based solely on Plaintiff's assertion that Dr. Perera "failed to monitor Plaintiff's condition." This allegation is part of the larger allegations in the Seventh Count of the Complaint wherein Plaintiff claims he experienced "severe muscle break down" because he was prescribed Lipitor. However, Plaintiff never alleges that Dr. Perera prescribed the Lipitor or was otherwise involved in Plaintiff's treatment involving Lipitor. Plaintiff fails to assert any allegations against Dr. Perera that she was aware of the alleged "severe muscle break down" or that she knew, yet intentionally disregarded, a risk of harm to Plaintiff, to a level that amounts to criminal recklessness. Based on Plaintiff's failure to plead the requisite factual basis to sustain a constitutional claim of deliberate indifference, his allegations cannot state any claim against Dr. Perera and his Complaint should be dismissed with prejudice as to Dr. Perera.

## FACTUAL ALLEGATIONS IN COMPLAINT

On January 7, 2020, Plaintiff filed the Complaint in this matter. (Docket Entry 47). This Complaint asserts that Plaintiff, currently incarcerated in South Woods State Prison, is confined to a wheelchair, suffers medical issues regarding his back and shoulder, and is required to wear a

1

diaper at all times due to an asserted inability to control his urine and bowel movements because of the alleged medical issues. (Complaint, page 3, ¶6). Plaintiff's Complaint consists of Ten Counts against several parties, but the allegation of deliberate indifference against Dr. Perera is included in only the Seventh Count of the Complaint. (Complaint, page 11-13).

In the Seventh Count of the Complaint, Plaintiff alleges that while he was incarcerated in East Jersey State Prison, he informed his then therapist that he was currently taking the drug Lipitor. (Complaint, page 12, ¶ 2). The therapist suggested to Plaintiff that he should be tested to determine if the Lipitor has caused a muscle break down. (Id.). Plaintiff alleges blood tests confirmed "that there had been severe muscle breakdown" and the Lipitor was discontinued. (Id.).

In paragraph 6, Plaintiff provides the sole reference to Dr. Perera:

> 6). At all times hereinafter mentioned, Defendants UCHCR/UONJ, Dr. Smyczek, Dr. Shamalie Perera, and Dr. Woodward, failed to monitor Plaintiff's condition. This subjected Plaintiff to cruel and unusual punishment, and constituted deliberate indifference to Plaintiff's serious medical needs . . . .

[(Complaint, pages 12-13, ¶ 6) (emphasis added).]

Plaintiff fails to plead any additional factual details regarding Dr. Perera's involvement, and the Complaint is devoid of any further references to Dr. Perera. (Complaint, pages 1-22).

## PROCEDURAL HISTORY

On April 26, 2017, Plaintiff filed the original Complaint instituting this matter. (Docket Entry 1, Complaint). On March 27, 2019, this Complaint was amended. (Docket Entry 18, Amended Complaint). On January 7, 2020, Plaintiff filed a Motion seeking leave to file a final "All-Inclusive Complaint." (Docket Entry 47, Motion for Leave to file All-Inclusive Complaint). On July 15, 2020, Plaintiff's request was granted, and his January 7, 2020 Complaint was filed

on the Court's docket. (Docket Entry 58, Order directing the "Clerk to file the proposed [Complaint] attached to plaintiff's motion 47.") On August 10, 2020, a summons was issued as to Dr. Perera. (Docket Entry 61, Summons). On March 16, 2021, the proof of service on Dr. Perera was filed on the docket indicating that Dr. Perera was served on March 5, 2021. (Docket Entry 77, Executed Summons). This motion follows.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DR. PERERA SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)

A complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In Iqbal, the court explained "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679 (quoting Twombly, 550 U.S. at 555). To meet the Iqbal standard, a Plaintiff must plead sufficient factual content to allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. While the court must accept as true the Complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. Id.

3

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556). The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully." Id. It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "If the plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" Twombly, 550 U.S. at 547.

Plaintiff alleges that Dr. Perera was deliberately indifferent to his medical needs. To succeed on a deliberate indifference claim: (1) there must be an objectively serious medical condition; and (2) there must be a subjectively deliberate indifference to that condition on the part of prison officials. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official, "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. Mere negligence or medical malpractice does not constitute deliberate indifference without some more culpable state of mind. Ibid.; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Further, deliberate indifference will only be shown where there is criminal recklessness, for example,

4

where the medical official in question has "disregard[ed] a risk of harm of which he is aware." Farmer v. Brenner, 511 U.S. 825, 837 (1994).

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer at 67. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex. Rel. Walker v. Fayette County, Pa., 599 F.2d 573,575 n. 2 (3d Cir. 1979). The Supreme Court has long held that the issue of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). "Neither a prisoner's difference of opinion on a course of treatment, nor prison officials' inadvertent failure to provide adequate medical care, is sufficient to demonstrate a constitutional violation." Green v. Mazzone, 2002 WL 1636709 *4 (D.N.J. 2002) (citing White v. Napoleon, 897 F.2d 103, 109–10 (3d Cir. 1990)). Further, Plaintiff's preference for a particular treatment is not actionable. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (observing that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment…which remains a question of sound professional judgment." (citations omitted)).

Additionally, in order to substantiate a respondeat superior claim, a supervisor must have personal involvement in the alleged wrongdoing, which Dr. Perera did not. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Iqbal, 556 U.S. at 676 ("[R]espondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.")). A "plaintiff must

5

demonstrate that the supervisor participated in or had actual knowledge of and acquiesced in the wrongdoing." Rode, 845 F.2d at 1207.

"Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207.  A supervisor-defendant also may be found to have had personal involvement if the defendant "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" (citing Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom, Taylor v. Barkes, 135 S.Ct. 2042 (2015)).

Here, Plaintiff's Complaint against Dr. Perera must be dismissed because the Complaint (1) fails to show that Dr. Perera had any personal involvement in the care and treatment of Plaintiff, and (2) otherwise lacks "sufficient factual matter" to state a plausible claim for relief. Iqbal, 556 U.S. at 678.  Indeed, Plaintiff has not only failed to plead *sufficient* facts, but has failed to plead *any* facts, and his Complaint contains nothing more than conclusory legal assertions that Dr. Perera was deliberately indifferent. (Complaint, pages 12-13, ¶ 6).  On this point our Courts are unambiguous, holding expressly that "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" cannot defeat a Motion to Dismiss. Id. at 679.

Examining the contents of Plaintiff's Complaint immediately reveals that it is devoid of even a single detail regarding Dr. Perera's credentials, role in the prison, scope of authority, personal involvement in Plaintiff's treatment, relationship with Plaintiff, connection with Plaintiff's Lipitor prescription, or authority to intervene regarding this prescription.  Critically, no details are provided as to Plaintiff's interactions with Dr. Perera or the specific actions Dr.

6


Perera took – or failed to take – towards Plaintiff. Moreover, Plaintiff provides no timeframes or dates relating to Dr. Perera's allegedly improper actions.

Thus, based upon a reading of Plaintiff's Complaint, all that is revealed regarding Dr. Perera is that the doctor purportedly "failed to monitor" Plaintiff. Plaintiff fails to identify Dr. Perera's position or role at the prison, the doctor's involvement in determining Plaintiff's treatment and care, how the doctor was supposed to have "monitored" Plaintiff and how this alleged failure occurred. None of these factual issues are set forth in the Complaint and, without any such information, Plaintiff's claims cannot be sustained.

Further, it is well-settled that "[t]o act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of harm." Giles, 571 F.3d at 330. Plaintiff's Complaint is silent as to Dr. Perera's knowledge of Plaintiff's prescription or of his alleged condition related to the Lipitor, and the Complaint failed to identify any specific acts from which the Court could reasonably infer that Dr. Perera knew of the alleged serious condition and disregarded it, or that the doctor prevented or otherwise hindered Plaintiff's receipt of medical treatment in connection with the alleged condition.

Therefore, due to the myriad pleading deficiencies present in Plaintiff's Complaint, Dr. Perera's instant Motion to Dismiss should be granted.

## POINT II

### PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DR. PERERA SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF ALSO FAILS TO STATE A CLAIM UNDER THE NEW JERSEY STATE CONSTITUTION

While Plaintiff's Complaint seeks relief under 42 U.S.C. § 1983, it also alleges violations pursuant to the New Jersey State Constitution. However, the alleged facts upon which Plaintiff bases his State law claim are identical to the basis for his Federal claim, namely, that he was improperly "monitored" by Dr. Perera, and thus also warrant dismissal.

It is fundamental that all "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act." Martin v. Unknown U.S. Marshals, 965 F. Supp.2d 502, 548 (D.N.J. 2013) aff'd sub nom., Estate of Martin v. U.S. Marshals Serv. Agents, 649 F. App'x 239 (3d Cir. 2016) (emphasis added). It is also well-established that "the New Jersey Civil Rights Act is interpreted analogously to 42 U.S.C. § 1983." Pitman v. Ottehberg, 2013 WL 6909905 at *8 (D.N.J. 2013) (quoting Martin, 965 F. Supp.2d at 548 (D.N.J. 2013). "Where a party fails to identify 'any specific right or theory of liability grounded in the New Jersey Civil Rights Act or New Jersey Constitution that is different from [the plaintiff's] claims under §1983,' courts will review claims pled under the NJCRA consistent with its analysis of the same issues under §1983." Shabazz v. New Brunswick Police Dep't, 2014 WL 2931602 at *9 (D.N.J. 2014) (quoting Martin, 965 F. Supp.2d at 548). New Jersey courts rely upon the cases decided under §1983 because the NJCRA was modeled after §1983. Rezem Family Associates, L.P. v. Borough of Millstone, 423 N.J. Super. 103, 114-15, certif. den., 208 N.J. 366 (2011).

While Plaintiff alleges that Dr. Perera violated his rights under the New Jersey Constitution, he fails to make any reference to the New Jersey Civil Rights Act. Moreover, even if he did, the analysis set forth in Point I above regarding the factual insufficiencies fatal to Plaintiff's claim under § 1983, are equally applicable to any allegations grounded in the New Jersey Civil Rights Act, so any such claim must also be dismissed with prejudice as to Dr. Perera.

8

## POINT III

## THE DISMISSAL OF THE AMENDED COMPLAINT AGAINST DR. PERERA EXTINGUISHES ANY CROSS-CLAIMS

Any cross-claims against Dr. Perera must be dismissed as the dismissal of Plaintiff's Amended Complaint also extinguishes any cross-claims. First, common-law indemnification is only available against a tortfeasor who is primarily liable for a plaintiff's injury. See Enright v. Lubow, 202 N.J. Super. 58, 85 (App. Div. 1985) ("The right of indemnity. . . is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.") That is not the case here, where, based on the reasons set forth above, the allegations against Dr. Perera must be dismissed as they fail to state a claim under the law. As such, there is no basis for finding Dr. Perera liable for Plaintiff's alleged injuries. Moreover, if Dr. Perera is not liable to Plaintiff, she cannot be a joint tortfeasor and is, accordingly, not liable for contribution. Only where there is a common obligation to a person injured by tortious conduct will there be a right of contribution. When a plaintiff may not recover against a defendant, co-defendants who are found liable may not seek contribution against that defendant. See Nora v. Livingston Twp., 171 N.J. Super. 579, 582-84 (App. Div. 1980). Finally, Plaintiff only alleges constitutional claims against Dr. Perera, not tort claims, and, thus, the legal principles of contribution and indemnification are wholly inapplicable to Dr. Perera. Accordingly, all cross-claims filed by co-defendants against Dr. Perera should be dismissed.

## **CONCLUSION**

Based on the foregoing, Dr. Sharmalie Perera respectfully submits that her Motion to Dismiss with Prejudice should be granted.

                                      NORRIS McLAUGHLIN, P.A.
                                      Attorneys for Defendant, Dr. Sharmalie Perera

Dated: April 8, 2021                   By: _/s/ Margaret Raymond-Flood_
                                                        Margaret Raymond-Flood