```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                              :
ERIC HINES,                   :
                              :
           Plaintiff,         :   Civ. No. 17-2864 (NLH) (MJS)
                              :
     v.                       :   OPINION
                              :
                              :
GARY M. LANIGAN, et al.,      :
                              :
           Defendants.        :
                              :
_____:
```

APPEARANCES:

Lauren M. Strollo, Esq.
Vasios, Kelly & Strollo, PA
2444 Morris Avenue
Union, NJ 07083

    Counsel for Defendant Scott Miller, M.D.

Joseph D Lento, Esq.
Lento Law Group, P.C.
3000 Atrium Way
Suite 200
Mt. Laurel, NJ 08054

    Counsel for Plaintiff Eric Hines

HILLMAN, District Judge

    This matter comes before the Court on Defendant Scott Miller's unopposed motion for summary judgment.  ECF No. 67. Miller argues Plaintiff failed to obtain an affidavit of merit as required by New Jersey state law.  Id.  For the reasons

stated below, the Court will grant the motion and enter judgment in favor of Defendant Miller.

I.   BACKGROUND

Plaintiff Eric Hines is presently proceeding on his third amended complaint filed on July 16, 2020. ECF No. 58 (order granting motion to amend). According to the third amended complaint, Defendant Miller, an orthopedic surgeon, performed surgery on Plaintiff's right shoulder at St. Francis Hospital in Trenton, New Jersey. ECF No. 47 at 7. "After the surgery was performed, plaintiff had severe pain in his right shoulder and could not raise his right arm over his head. . . . [A]n MRI x-ray dye was performed on plaintiff's shoulder and . . . Defendant Miller confirmed that the wrong area of the shoulder was operated on by him." Id. Plaintiff states that Miller did not conduct an MRI x-ray dye on Plaintiff's shoulder before the surgery. Id. Plaintiff asserts this was negligence by Miller. "Plaintiff refused to allow Defendant Scott Miller to perform a second operation on his shoulder because of his negligence in performing the first operation on the wrong part of his right shoulder." Id.

On October 30, 2020, Miller filed a motion for summary judgment on the grounds that Plaintiff had not provided him an affidavit of merit. ECF No. 67. He filed an answer to the

third amended complaint on November 3, 2020.[1]  ECF No. 68.  On November 16, 2020, Miller requested to withdraw the pending motion for summary judgment after conferring with Plaintiff's counsel.  ECF No. 72.  "We have agreed that the filing date of our Answer to the Third Amended Complaint, November 3, 2020 is the appropriate date for determining when the affidavit of merit is due."  Id.  The Court dismissed the motion at the parties' request.  ECF No. 73.

Counsel for Miller wrote to the Court on March 24, 2021, asking to reinstate the motion for summary judgment, as "[i]t has been more than 120 days since the filing date.  No affidavit of merit has been served.  We have emailed plaintiff's counsel requesting a voluntary stipulation of dismissal in favor of Dr. Miller, but have not yet received a reply."  ECF No. 78.  The motion was reinstated.  Plaintiff did not file any opposition to the motion.

II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law."

---

[1] The answer included a crossclaim against other defendants who are not part of the present summary judgment motion.  ECF No. 68.

Fed. R. Civ. P. 56(a). Where, as in the instant case, a summary judgment motion is unopposed, Rule 56(e)(3) still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (interpreting prior version of Rule 56).

A "genuine" dispute of "material" fact exists where a reasonable fact finder's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts, however, fail to preclude the entry of summary judgment. Id. Further, in an unopposed motion, a movant who files a proper Local Civil Rule 56.1 statement of undisputed material facts receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion. See L. Civ. R. 56.1 (providing that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion").

Accordingly, where a properly filed and supported summary judgment motion is unopposed, it would be an exceptional case where the court concludes that summary judgment should nonetheless be denied or withheld, although the Court has

4

discretion to do so if unsatisfied that the law and facts point to judgment as a matter of law.

III. DISCUSSION

New Jersey's affidavit of merit statute requires, in relevant part, that a plaintiff bringing a professional malpractice or negligence claim

> provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices....

N.J.S.A. § 2A:53A-27. "The submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." Meehan v. Antonellis, 141 A.3d 1162, 1169 (N.J. 2016) (internal citations omitted).

As Plaintiff has not filed opposition to Miller's motion, the Court considers Miller's statement of material facts to be undisputed. ECF No. 67 at 3; L. Civ. R. 56.1. Under New Jersey law, an affidavit of merit must be filed within 60 days of a defendant's answer to the complaint. N.J.S.A. § 2A:53A-27. A one-time, 60-day extension is also taken into consideration. Id.; Costa v. Cty. of Burlington, 566 F. Supp. 2d 360, 362 (D.N.J. 2008) ("The New Jersey Supreme Court has held that a

5

plaintiff is not required to file a motion for an extension of time for 'good cause' within the original 60-day period in order to gain an additional 60 days within which to file the required affidavit of merit." (Emphasis omitted)). The parties agreed that the date Miller filed his answer to the third amended complaint, November 3, 2020, is the triggering date for an affidavit of merit. ECF No. 72. Therefore, an affidavit of merit, if required, was due 120 days later on March 3, 2021. Plaintiff has not filed an affidavit of merit as to Miller. Therefore, the Court must dismiss the third amended complaint's negligence claim against Miller if the statute applies.

In determining whether the affidavit of merit statute applies to a particular claim, courts must consider three elements:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

Couri v. Gardner, 801 A.2d 1134, 1137-38, (N.J. 2002) (quoting N.J.S.A. § 2A:53A-27) (alteration in original). Plaintiff's claim that Miller negligently treated his shoulder satisfies these requirements because Plaintiff would have to show that Miller deviated from orthopedic standards to succeed on his

6

claim. Therefore, the affidavit of merit statute applies to Plaintiff's claim against Miller.

Although Plaintiff has not filed any opposition to Miller's summary judgment motion, the Court must consider whether an exception to the statute applies before concluding that Miller is entitled to judgment as a matter of law. "The four limited exceptions are: (i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief." Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 305 (3d Cir. 2012). Based on the record before the Court, only the common knowledge exception may be applicable.

In "exceptionally rare cases . . . , an expert is not needed to demonstrate that a defendant professional breached some duty of care 'where the carelessness of the defendant is readily apparent to anyone of average intelligence.'" Cowley v. Virtua Health Sys., 230 A.3d 265, 274 (N.J. 2020) (quoting Rosenberg v. Cahill, 492 A.2d 371, 374 (1985)). "The common knowledge exception is construed narrowly 'to avoid noncompliance with the statute.'" Id. at 275 (quoting Hubbard ex rel. Hubbard v. Reed, 774 A.2d 495, 501 (N.J. 2001)). By way of example, courts have applied the exception to cases in which

7

the wrong tooth was extracted, Hubbard, 774 A.2d at 500-01, or in which a pharmacist filled a prescription with the wrong drug, Bender v. Walgreen E. Co., 945 A.2d 120, 123 (N.J. Sup. Ct. App. Div. 2008).  See also Est. of Allen v. Cumberland County, 262 F. Supp. 3d 112, 116 (D.N.J. 2017) (citing cases).

Plaintiff alleges that Miller performed surgery on Plaintiff's right shoulder without conducting an "MRI x-ray dye" beforehand.  ECF No. 47 at 7.  After the surgery, Plaintiff had severe pain in his right shoulder and could not raise his arm over his head.  After performing an "MRI x-ray dye . . . Defendant Miller confirmed that the wrong area of the shoulder was operated on by him."  Id.  The Court concludes these are not claims that fall within the exceptionally rare instances "where a person of reasonable intelligence can use common knowledge to determine that there was a deviation from a standard of care." Cowley, 230 A.3d at 269.

If Miller had operated on the wrong shoulder, i.e., on the left shoulder instead of Plaintiff's injured right shoulder, the average person would not need an expert to determine whether there had been a breach of the duty of care.  See Hubbard, 774 A.2d at 500-01 (holding common knowledge exception applied to claim that wrong tooth had been extracted).  However, Plaintiff's allegation that Miller operated on the "wrong area" of his injured shoulder requires testimony from an appropriate

8

professional about the proper treatment of shoulder injuries. Likewise, the professional would need to opine on the necessity of performing an "MRI x-ray dye" before surgery. Proper practices before and during intricate shoulder surgery are not within the common knowledge of the average person.

The Court having concluded on the undisputed record that New Jersey's affidavit of merit statute applies to Plaintiff's claim and that the common knowledge exception does not apply, the Court finds that Miller is entitled to judgement as a matter of law. The Court will grant the summary judgment motion.

IV. CONCLUSION

For the reasons set forth above, the Court will grant summary judgment. Judgment shall be entered in favor of Miller on Plaintiff's third amended complaint.

An appropriate Order follows.

Dated: October 26, 2021     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.