```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
ERIC HINES,                     :
                                :
          Plaintiff,            :   Civ. No. 17-2864 (NLH) (MJS)
                                :
     v.                         :   OPINION
                                :
                                :
GARY M. LANIGAN, et al.,        :
                                :
          Defendants.           :
                                :
_____ :
```

APPEARANCES:

Joseph D Lento, Esq.
Lento Law Group, P.C.
3000 Atrium Way
Suite 200
Mt. Laurel, NJ 08054

    Counsel for Plaintiff Eric Hines

Margaret M. Raymond-Flood, Esq.
James Mazewski, Esq.
Norris McLaughlin, P.A.
400 Crossing Boulevard, 8th Floor
PO Box 5933
Bridgewater, NJ 08807

    Counsel for Defendant Sharmalie Perera

HILLMAN, District Judge

    This matter comes before the Court on Defendant Sharmalie Perera's unopposed motion to dismiss Plaintiff Eric Hines' third amended complaint. ECF No. 80. For the reasons stated below,

the Court will grant the motion and dismiss all claims against Defendant Perera.

I.   BACKGROUND

Plaintiff Eric Hines is presently proceeding on his third amended complaint filed on July 16, 2020. ECF No. 58 (order granting motion to amend). According to the third amended complaint, Plaintiff was being housed in East Jersey State Prison ("EJSP") in June 2015. ECF No. 47 at 13. Plaintiff's therapist asked if he took Lipitor, to which Plaintiff answered yes. Id. "A blood test was conducted, which confirmed that there had been severe muscle break down. [Defendant] Alnochawati discontinued the Lipitor immediately." Id. Plaintiff asserts that Defendant Perera "failed to monitor Plaintiff's condition." Id. at 14. "This subjected Plaintiff to cruel and unusual punishment, and constituted deliberate indifference to Plaintiff's serious medical needs, and negligence, and violated Plaintiff's Eighth Amendment right of the United States Constitution, and Article I, paragraph 12 of the New Jersey Constitution." Id.

Defendant Perera now moves to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(6). ECF No. 80. Plaintiff did not file any opposition to the motion.

2

II.   STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly

3

favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

III. DISCUSSION

Plaintiff alleges Defendant Perera was deliberately indifferent to his serious medical needs and was negligent. To state an Eighth Amendment Claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (alteration in original)).

Construing the complaint liberally,[1] Plaintiff asserts that Lipitor caused "severe muscle break down" and that Defendant Perera "failed to monitor Plaintiff's condition," thereby preventing the breakdown. ECF No. 47 at 14. Even assuming for purposes of the motion to dismiss that Plaintiff has alleged a serious medical need, he has not provided any facts from which a factfinder could reasonably infer that Defendant Perera was deliberately indifferent to that need.

---

[1] Plaintiff was proceeding pro se at the time he submitted his third amended complaint. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

4

"Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000)). The Third Circuit has found deliberate indifference when "(1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." Pearson, 850 F.3d at 538.

Plaintiff has not provided any facts whatsoever about Defendant Perera and her treatment of Plaintiff, or lack thereof. Indeed, the third amended complaint contains no reference to Defendant Perera other than the conclusory allegation that she "failed to monitor" Plaintiff's condition. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court shall dismiss the state and federal constitutional claims under Rule 12(b)(6).[2]

---

[2] "The New Jersey Civil Rights Act (hereinafter "NJCRA") was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New

5

Plaintiff also has not provided enough facts to state a negligence claim. Under New Jersey law, "[t]he fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." Robinson v. Vivirito, 86 A.3d 119, 124 (N.J. 2014). Without any facts regarding Defendant Perera's role in the prison or in Plaintiff's medical treatment, the Court cannot reasonably infer she neglected a duty towards Plaintiff.

"[D]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). The Court cannot conclude that any of these circumstances apply on the limited record before the Court. The dismissal will be without prejudice.

Finally, Defendant Perera asserts that all counterclaims against her should be dismissed. The Court agrees as it is dismissing all the claims against her in the third amended complaint. In his answer to the third amended complaint, Defendant Scott Miller filed a crossclaim against the other

---

Jersey Constitutions.... is district has repeatedly interpreted NJCRA analogously to § 1983." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases).

defendants.  ECF No. 68.  The Court granted Defendant Miller's motion for summary judgment and issued an Order to Show Cause why his crossclaims should not be dismissed.  ECF Nos. 83, 84.  Defendant Miller responded that he did not object to the dismissal of his crossclaims.  ECF No. 85.  Therefore, the Court will dismiss the crossclaims against Defendant Perera.

IV. CONCLUSION

For the reasons set forth above, the Court will grant the motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  The Court shall dismiss all claims and crossclaims against Defendant Perera.

An appropriate Order follows.


Dated: November 5, 2021          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.