UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ERIC HINES,

            Plaintiff,

       v.

GARY LANIGAN, et al.,

            Defendants.

Civil No. 17-2864 (NLH/MJS)

<u>AMENDED SCHEDULING ORDER</u>

This Order confirms the directives given to counsel at the status conference on September 12, 2022; and the Court noting the following appearances at the conference: Solomon Radner, Esquire appearing for plaintiff; Marvin Freeman, Esquire appearing on behalf of the defendants; and for good cause shown:

It is this **12th** day of **September, 2022,** hereby **ORDERED:**

1.   Plaintiff shall serve any written discovery requests by **September 26, 2022.**

2.   Plaintiff shall respond to defendants' written discovery requests by **September 30, 2022.**

3.   Pretrial factual discovery will expire on **December 1, 2022.**  All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, before the expiration of pretrial factual discovery.

4.   Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention.  <u>See</u> Local Civil Rule 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.  Should such informal effort fail to resolve the dispute:

1

    a. The party seeking the discovery shall submit, via ECF, a letter not to exceed ten (10) double-spaced pages, that sets forth: (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet and confer to resolve the dispute; and (4) any appropriate legal argument.

    b. The party opposing the request may submit within seven (7) calendar days, a letter, via ECF, in response that shall not exceed ten (10) double-spaced pages setting forth any factual considerations and legal argument. <u>Failure to respond within seven days of the filing of the initial letter will be deemed a waiver of any objection to the discovery requests(s).</u>

    c. No further submissions regarding the dispute may be submitted without leave of the Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute.  The parties should promptly bring any unresolved issue to the Court's attention and should not wait until the close of discovery to address a dispute.

No discovery motion or motions for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth above without prior leave of the Court.

    5.   All depositions are to be conducted in accordance with the procedures set forth in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

    6.   All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendants no later than **January 2, 2023.**  All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiff no later than **January 30, 2023.**  Each such report should be accompanied by the <u>curriculum</u> <u>vitae</u> of the proposed expert witness.  No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been

timely followed. Depositions of proposed expert witnesses shall be concluded by **March 2, 2023.**

For purposes of this scheduling order, if applicable, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

7. In all cases pending before the Honorable Noel L. Hillman, Judge Hillman shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in Fed. R. Civ. P. 32(a)(4). All requests to use videotaped trial testimony in a case pending before Judge Hillman shall be presented in a filed motion.

8. In accordance with the applicable Federal and Local Rules of Civil Procedure, Dispositive motions shall be filed with the Clerk of the Court no later than **April 17, 2023 if there will be expert discovery and by January 16, 2023 if no expert discovery will be served.** This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

9. The Court will conduct a telephone status conference on **November 28, 2022 at 10:00 a.m.** All counsel shall dial **1-888-808-6929, Access Code: 2170922#** to connect to the call. Any discovery dispute shall be brought to the Court's attention in a timely fashion and no later than seven days prior to the scheduled conference.[1] All outstanding discovery issues not raised shall be

---

[1] The parties should follow the letter application procedure set forth in this Order in the event of any unresolved discovery disputes and should not wait until the close of discovery to bring any issues to the Court's attention. Unless good cause exists, the party seeking discovery shall raise any issue sufficiently in advance of this conference so that the

deemed waived.

     10.  Any application for an extension of time beyond the deadlines set herein shall be made in writing to the Court and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application.  The schedule set herein will not be extended unless good cause is shown.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

     11.  All directives from the Court's June 21, 2022 Order not impacted by this Order remain in effect.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                        s/ Matthew J. Skahill
                                        MATTHEW J. SKAHILL
                                        United States Magistrate Judge

cc:  Honorable Noel L. Hillman
     United States District Judge

---

responding party may submit a letter at least seven days prior to the conference.