UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEW JERSEY CAMDEN
VICINAGE

ERIC HINES,

               Plaintiff,

      v.

GARY LANIGAN,
MARCUS HICKS aka MARCUS O. HOCKS,
E. MARIN aka SCO MARVIN,
WILLIE BONDS aka MS. BONDS,
SCO WATERS,
CO PERRY,
SGT. J. VALLIE,
CO PETIT,
CO T. JACKSON,
CO MORATELLI,
CO L. SMITH,
CO GOFFRED,
CO MCNEAR,
CO HORSEY,
NEW JERSEY DEPT OF CORRECTIONS.

               Defendants.

HON. NOEL L. HILLMAN,
U.S.D.J

Civil Action No.
1:17-cv-02864-NLH-JS

PLAINTIFF'S FOURTH
AMENDED COMPLAINT

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

NOW COMES Plaintiff Eric Hines, by and through counsel, and alleges as his Fourth Amended Complaint, as follows:

## INTRODUCTION

1. Eric Hines is an inmate in the New Jersey Dept of Corrections. Mr. Hines has

spent time in a number of different facilities. The allegations contained in this action took place while he was housed at East Jersey State Prison in 2015, and while housed at Southwood State Prison between August 2016 and August 2021.

2. The defendants named herein are:

    a. Gary Lanigan – Commissioner

    b. Marcus Hicks or "Marcus O. Hocks" – Commissioner

    c. E. Marin or "SCO Marvin" – Ad. Seg. Corrections Officer

    d. Willie Bonds or "Ms. Bonds" – Administrator

    e. SCO Waters

    f. CO Perry

    g. Sgt. J. Vallie

    h. CO Petit

    i. CO T. Jackson

    j. CO Moratelli

    k. CO L. Smith

    l. CO Goffred

    m. CO McNear

    n. Sgt. Horsey

    o. New Jersey Dept of Corrections – for ADA claims only

3.  Unless expressly stated for a particular cause of action that a defendant is being named in his/her official capacity, all claims are against all defendants in their individual capacities.

4.  All complained-of actions and inactions that form the basis of this action were done by the defendants recklessly, deliberately, purposely, purposefully, intentionally, wantonly, sadistically, and with deliberate indifference and reckless disregard for Plaintiff's rights.

## Count 1 – Violations of American with Disabilities Act
### Plaintiff vs Lanigan, Hicks/Hocks, Bonds in their OFFICIAL capacities, and the NJDOC

5.  Plaintiff incorporates by reference all prior allegations.

6.  Mr. Hines has severe disabilities requiring the use of a catheter, wheelchair, and diapers.

7.  On June 7, 2015, Mr. Hines was placed in a non-ADA-compliant cell in East Jersey State Prison for four days. On day 4, Mr. Hines fell and injured shoulder which required surgery by Dr. Miller. That cell had no shower chair, no railings on the bed, no railings for the toilet, and no wheelchair accessible sink, all in violation of the ADA.

8.  Mr. Hines was placed in an ADA compliant cell in about August 2016 for a few days and then taken to a medical unit for a few days, after which he was then moved to a non-compliant cell in D Building from October 2016 through

August 2021, while in Southwood State Prison. That cell also had no shower chair, no railings on the bed, no railings for the toilet, and no wheelchair accessible sink, all in violation of the ADA.

9. Plaintiff Hines is disabled within the meaning of the ADA; these Defendants own, lease, or operate a place of public accommodation to wit the prison facilities; and Plaintiff Hines was denied public accommodation by the Defendants due to his disability, as is described herein.

## <u>Count 2- Deliberate Indifference in Violation of the 8th Amendment, pursuant to 42 USC 1983</u>
### <u>*Plaintiff vs Lanigan, Hicks, and Bonds*</u>

10. Plaintiff incorporates by reference all prior allegations .

11. These defendants placed Plaintiff in a cell that was infested with spiders, frogs, mice, and crickets in 2016, 2017, 2018. Finally, in 2018 Mr. Hines was moved to another cell, albeit a non-ADA-compliant cell. Until then, he was forced to live with these rodents and in such conditions, in uninhabitable conditions, while being subjected to bites regularly.

12. These defendants put Mr. Hines in this particular cell knowing he would be subjected to these conditions.

13. In so doing, these defendants demonstrated a conscious or reckless disregard to Plaintiff Hines' safety, well-being, and rights.

**Count 3: Deliberate Indifference in Violation of the 8th Amendment, pursuant to 42 USC 1983**
***Plaintiff vs SCO Waters***

14. Plaintiff incorporates by reference all prior allegations .

15. On Oct. 17, 2016, Defendant Waters intentionally pulled out Mr. Hines' catheter and grabbed his penis, didn't allow Mr. Hines to put on a diaper, and interfered with Mr. Hines' prescribed medications.

16. Additionally, Mr. Hines filed a PREA complaint, and was subjected to retaliation as a result.

17. In so doing, these defendants demonstrated a conscious or reckless disregard to Plaintiff Hines' safety, well-being, and rights.

**Count 4: First Amendment Retaliation, pursuant to 42 USC 1983**
***Plaintiff vs Perry, Vallie, Petit, Marin, Jackson, Moratelli, L. Smith, and McNear***

18. Plaintiff incorporates by reference all prior allegations .

19. On Oct. 21, 2016 Defendant Perry, who was the PREA investigator for the aforementioned Waters incident, refused to investigate the incident. Instead, he threatened Mr. Hines to stop filing PREA, and even threatened Hines' life.

20. On Nov. 8, 2016, Defendant Sgt. J. Vallie told Mr. Hines that he hopes they beat the shit out of him for "ratting on officers."

21. On Nov. 16, 2016, Defendant Petit interviewed Plaintiff and told hm he is crazy for filing a PREA on an officer and then walked out of the interview. Petit came back to him and said Waters would be suspended and he should dismiss the

PREA but he said no, so Petit said we will beat your fuckin ass. 11/16/16.

22. On or about July 7, 2019, Defendant **Marin** continued to call Mr. Hines a rat and announced to other inmates that Hines raped 6 and 7 year old kids and offered free food to anyone who "fucked up" Hines. Defendant Marin then let inmates steal Hines' property. Referring to an inmate as a "rat" is what may be called in the vernacular, a "big no-no" in prison and could easily get someone killed.

23. On or about November 20, 2016 through about November 16, 2020, Defendant T. **Jackson**, who was a property officer, and told Hines he would let his property get stolen because of the PREA on an officer. This happened on four separate occasions between 11/20/16 – 11/20/19.

24. On or about Jan. 30, 2019, Defendant **Moratelli** wrote on Mr. Hines' cell door that Hines weas a rat, as direct retaliation and in refence to Hines' PREA complaint; 1/30/2019.

25. On or about Feb. 9, 2019, Defendant Moratelli retrieved the keys to Mr. Hines' cell from Officer L. **Smith** and opened Hines' door and said that L. Smith and Officer **Goffred** told Moratelli that Hines filed a PREA and further said "nigger you're fucking with our jobs now, we're going to hang your ass."

26. On or about April 27,2019, Defendant L. Smith called Mr. Hines for legal mail and when Mr. Hines walked by, Defendant L. Smith put Hines in a choke hold

and whispered that he would break Hines' neck.

27. On or about September 28, 2019, Defendant **McNear** said "this is what we do to rats" and rammed Mr. Hines' wheelchair into the wall; Defendant Sgt **Horsey** watched and laughed and said he didn't see anything.

28. As it pertains to this count, Plaintiff engaged in constitutionally protected conduct, to wit filing grievances and/or lawsuits and/or PREA grievances. These defendants engaged in the adverse actions described herein. Plaintiff Hines' protected conduct was a but-for reason that these defendants engaged in the herein described adverse actions, and such adverse actions would deter a m an of ordinary firmness from engaging in such protected activity.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

Respectfully Submitted,

/s/ Solomon M. Radner
Solomon M. Radner
Radner Law Group PLLC
Attorney for Plaintiff
17515 West Nine Mile Rd, Ste 1050
Southfield, MI 48075
877-723-6375
Solomon@radnerlawgroup.com

Dated: March 31, 2023

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on ____3/31/23____ the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

By _____ Overnight Courier _____ Fax _____ E-mailed

_____ Hand Delivered _____ U.S. Mail ___X__ E-filed

_____ Certified Mail _____ Scanned _____ Other

Signature: _/s/_ Solomon M Radner_____

8