MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street,
P.O. Box 112
Trenton, New Jersey 08625-0112

Attorney for Defendants: New Jersey Department of Corrections, Gary Lanigan, Marcus Hicks aka Marcus O. Hocks, E. Marin aka SCO Marvin, Willie Bonds aka MS Bonds, SCO Waters, Sgt. J. Vallie, CO T. Jackson, CO Moratelli, CO L. Smith, CO Goffred, CO McNear, CO Horsey.

By:  Marvin L. Freeman
     Deputy Attorney General
     NJ ID: 045441995
     (609)376-2998
     marvin.freeman@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERIC HINES,<br><br>         Plaintiff,<br><br>    v.<br><br>GARY M. LANIGAN, ET ALS.,<br><br>         Defendants. | HON. NOEL L. HILLMAN, U.S.D.J<br><br>Civil Action No.<br>1:17-cv-02864-NLH-MJS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

To:  CLERK OF THE COURT

     Solomon M. Radner
     Radner Law Group PLLC
     17515 West Nine Mile Rd., Ste 1050
     Southfield, MI 48075
     *Attorney for Plaintiff*

     New Jersey Department of Corrections, Gary Lanigan, Marcus Hicks aka Marcus O. Hocks, E. Marin aka SCO Marvin, Willie Bonds

aka MS Bonds, SCO Waters, Sgt. J. Vallie, CO T. Jackson, CO Moratelli, CO L. Smith, CO Goffred, CO McNear, CO Horsey, hereinafter referred to as ("Answering Defendants"), by way and through the undersigned counsel, hereby respond to the allegations, as directed to them, set forth in Plaintiff's Fourth Amended Complaint and by way of Answer to the same state:

## INTRODUCTION

1. Answering Defendants admit that Plaintiff, Eric Hines, is an inmate in the New Jersey Department of Corrections and was incarcerated at different facilities. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Admitted that Gary Lanigan and Marcus Hicks have served as Commissioner of the Department of Corrections and that individuals identified in subparagraphs a through n of paragraph 2 are named herein as Defendants.

3. Answering Defendants make no response to paragraph 3 because it contains only legal conclusions, not allegations of fact.

4. Answering Defendants deny paragraph 4, except that they make no response to the legal conclusions stated therein.

### Count 1 - Violations of American with Disabilities Act
*Plaintiff vs Lanigan, Hicks/Hocks, Bonds in their OFFICIAL capacities, and the NJDOC*

5. Answering Defendants Lanigan, Hicks, Bonds and NJDOC

repeat their responses to the allegations in the prior paragraphs of the Complaint.

6. Answering Defendants Lanigan, Hicks, Bonds and NJDOC lack knowledge or information sufficient to form a belief as to the allegations of paragraph 6. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

7. Answering Defendants Lanigan, Hicks, Bonds and NJDOC deny paragraph 7, except that these Answering Defendants make no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

8. Answering Defendants Lanigan, Hicks, Bonds and NJDOC deny paragraph 8, except that these Answering Defendants make no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

9. Answering Defendants Lanigan, Hicks, Bonds and NJDOC deny paragraph 9, except that these Answering Defendants make no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

### Count 2 - Deliberate Indifference in Violation of the 8th Amendment, pursuant to 42 USC 1983
### *Plaintiff vs Lanigan, Hicks, and Bonds*

10. Answering Defendants Lanigan, Hicks and Bonds repeat their responses to the allegations in the prior paragraphs of the Complaint, as directed to them.

11. Answering Defendants Lanigan, Hicks and Bonds deny paragraph 11. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

12. Answering Defendants Lanigan, Hicks and Bonds deny paragraph 12. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

13. Answering Defendants Lanigan, Hicks and Bonds deny paragraph 13, except that these Answering Defendants make no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

### Count 3 - Deliberate Indifference in Violation of the 8th Amendment, pursuant to 42 USC 1983
### *Plaintiff vs SCO Waters*

14. Answering Defendant SCO Waters repeats her responses to the allegations in the prior paragraphs of the Complaint, as directed to her.

15. Answering Defendant Waters denies paragraph 15. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

16. Answering Defendant Waters denies paragraph 16, except that she admits that Plaintiff filed a PREA complaint. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

17. Answering Defendant Waters denies paragraph 17, except that this Answering Defendant makes no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

**Count 4: First Amendment Retaliation, pursuant to 42 USC 1983**
*Plaintiff vs Perry, Vallie, Petit, Marin, Jackson, Moratelli, L. Smith, and McNear*

18. Answering Defendants Valle, Marin, Jackson, Moratelli, L. Smith and McNear repeat their responses to the allegations in the prior paragraphs of the Complaint as directed to them. Defendants Perry and Petit provide no response because they were not served.

19. Answering Defendants make no response to paragraph 19, as the allegations in this paragraph are not directed to them.

20. Answering Defendant Valle denies paragraph 20. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

21. Answering Defendants make no response to paragraph 21, as the allegations in this paragraph are not directed to them.

22. Answering Defendant Marin denies paragraph 22. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

23. Answering Defendant Jackson denies paragraph 23. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

24. Answering Defendants Valle, Marin, Jackson, Moratelli, L. Smith and McNear deny paragraph 24. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them. Defendants Perry and Petit make no response because they were not served.

25. Answering Defendant Moratelli denies paragraph 25. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

26. Answering Defendant L. Smith denies paragraph 26. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them.

27. Answering Defendant McNear denies paragraph 27. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them (the Count is not asserted against Defendant Horsey).

28. Answering Defendants Valle, Marin, Jackson, Moratelli,

L. Smith and McNear deny paragraph 28, except that these Answering Defendants make no response to the legal conclusions stated in this paragraph. The remaining Answering Defendants make no response, as the allegations in this paragraph are not directed to them. Defendants Perry and Petit make no response because they were not served.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Fourth Amended Complaint be dismissed with prejudice in the entirety and that they be awarded the costs and fees of this action.

**SEPARATE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

At all times relevant hereto, Answering Defendants have acted in good faith and without fraud or malice.

**SECOND AFFIRMATIVE DEFENSE**

Answering Defendants are immune from suit based on the doctrine of Sovereign Immunity and the Eleventh Amendment of the United States Constitution.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendants are officials of an agency of the State of New Jersey and at all relevant times were performing acts within the scope of their official duties in good faith without fraud or malice, and are immune from any liability sought to be imposed upon them based on the doctrine of Qualified Immunity.

## FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and/or limited by the provisions of the Prison Litigation Reform Act.

## SIX AFFIRMATIVE DEFENSE

The complaint fails to state claims upon which relief can be granted.

## JURY DEMAND

Answering Defendants demand a trial by jury for all issues so triable

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Marvin L. Freeman, Deputy Attorney General, is hereby designated as trial counsel in this matter.

                    MATTHEW J. PLATKIN
                    ATTORNEY GENERAL OF NEW JERSEY
                    Attorney for Defendants

By: *s/Marvin L. Freeman*
     Marvin L. Freeman
     Deputy Attorney General

Date: April 14, 2023

**CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES**

The undersigned counsel hereby certifies, in accordance with L.Civ.R. 11.2, that the matters in controversy in this action are not the subject of any other pending or contemplated action in any court or arbitration proceeding known to Defendant at this time, nor is any non-party known to Defendants at this time who should be jointed in this action, or who is subject to joinder.

*s/ Marvin L. Freeman*
Marvin L. Freeman
Deputy Attorney General

Date: April 14, 2023